**KARISH & BJORUGM, PC**
A. ERIC BJORGUM (State Bar No. 198392)
Eric.bjorgum@kb-ip.com
MARC KARISH (State Bar No. 205440)
Marc.karish@kb-ip.com
119 E. Union Street, Suite B
Pasadena, CA 91103
Telephone:  (213) 785-8070
Facsimile:   (213) 995-5010

Attorneys for Plaintiff
MG PREMIUM LTD.

## UNITED STATES DISTRICT COURT
## IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MG PREMIUM LTD, a limited liability company organized under the laws of the Republic of Cyprus,<br><br>            Plaintiff,<br><br>      vs.<br><br>JOHN DOES 1-20, d/b/a GOODPORN.TO<br><br>            Defendants. | Case No.  2:21-cv-8533<br><br>**COMPLAINT FOR:**<br>**1.  COPYRIGHT INFRINGEMENT**<br>**2.  INDUCEMENT OF COPYRIGHT INFRINGEMENT**<br>**3.  VICARIOUS AND CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MG Premium Ltd (hereinafter referred to as "Plaintiff" or "MG Premium") by and through its counsel of record files this Complaint against

Defendants John Does 1-20, d/b/a Goodporn.to (collectively hereinafter referred to as "Defendant" or "Defendants").

## PRELIMINARY STATEMENT

1.     MG Premium is among the world's leading providers of premium adult entertainment content. By this lawsuit, MG Premium seeks to protect thousands of its copyrighted audiovisual works from blatant infringement by Defendants.

2.     The conduct that gives rise to this lawsuit is egregious and willful. Defendants own and operate websites engaged in the business of copying and distributing infringing audiovisual works. Under the guise of acting as a distributor of "user-generated content," Defendants in fact are directly and knowingly involved in the trafficking of tens of thousands of pirated works – including thousands of works owned by MG Premium. Moreover, though Defendants are not "service providers" and not engaged in the storage of content at the direction of users, so that they are not entitled to any of the safe-harbors afforded under Section 512 of the Digital Millennium Copyright Act ("DMCA") (17 U.S.C. § 512), Defendants do not even attempt to comply with their obligations under the DMCA. Instead, Defendants systematically refuse to comply with proper and compliant DMCA takedown notices.

3.     Defendants' actions are causing serious harm to MG Premium and its business. Defendants' infringing conduct must stop immediately. Because Defendants have not complied with demands to cease and desist, MG Premium is now constrained to come before this Court seeking injunctive and monetary relief.

## JURISDICTION AND VENUE

4.     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*. based on the following four factors: (1) irreparable harm; (2) the inadequacy of monetary damages for the

infringement; (3) whether the balance of hardships weighs in the copyright holder's favor; and (4) whether the public interest would be served by a permanent injunction.

5.    This Court has subject matter jurisdiction over MG Premium's claims for copyright infringement and violation of the Digital Millennium Copyright Act pursuant to 28 U.S.C. §§ 1331 and 1338.

6.    Defendant John Does 1-20 are currently unknown individual(s) and/or entity(ies) that own and operate two websites, one located at the uniform resource locator ("URL") https://GoodPorn.to (the "GoodPorn Website").

7.    The GoodPorn Website is operated for the purpose of willful, large scale copyright infringement

8.    Defendants knowingly and purposefully market to and target the entire United States, including residents of this District, through the GoodPorn Website.

9.    Based on a September, 2021 website analysis prepared by Similarweb.com, an industry trusted website analytics company, (the "SimilarWeb Report"), for the three-month period ending August 2021, the GoodPorn Website averaged approximately 5.75 million monthly visitors. Of these visitors, those from the United States made up the largest market, at 23.73%, with the next largest market being visitors from India, at 10.6%.

10.    The SimilarWeb Report further shows that for the three-month period ending August 2021, Internet traffic driven to the GoodPorn Website from social media platforms came predominantly from United States entities, such as Youtube, LLC, a California-based company, which accounted for 44.94% of such traffic. Further, Facebook, Inc., a California-based company, accounted for 7.42% of such traffic, and Reddit, Inc., another California-based company, accounted for 33.10% of such traffic.

11.    Defendants utilize domain name servers for the GoodPorn Website that are located in California and owned by Cloudflare, Inc., a corporation incorporated under the laws of the State of Delaware.

12.    The GoodPorn Website displays geo-targeted pop-up advertisement to U.S. users, meaning the operators of the website can determine the general locale of each user and displays advertisements targeted to those locales.

13.    Defendants' use of U.S. vendors for domain name servers, geo-targeted ads and other services illustrate that Defendants are expressly aiming their website and business at the United States market.

14.    Upon information and belief, the Defendants all transact business in this Judicial District by way of their interactive website and through their interactivity with United States and California residents who have been offered the infringing and unlawful content at issue herein, and who have themselves engaged in acts of direct infringement in this District and State. This Court has personal jurisdiction over the Defendants, who have engaged in business activities in and directed to this District and have committed tortious acts within this District or directed at this District. Defendants are subject to service of process pursuant to the California's "Long Arm Statute" (Cal. Code Civ. Proc § 410.10), and Fed.R.Civ.P. 4(e).

15.    Further, on information and belief, Defendants are not based in the United States, and any alien defendant is subject to jurisdiction in any federal district in the United States. See 28 U.S.C. 1391 ("An alien may be sued in any district.") See also Fed. R. Civ. P. 4(k)(2).

16.    This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 17 U.S.C. § 101 et seq., 28 U.S.C. §1331 and 28 U.S.C. §1338.

17.    Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) and/or (c).

18.    This Court has personal jurisdiction pursuant to 28 U.S.C. §§ 1391(b), (c) and/or (d) and 28 U.S.C. § 1400(a).

**PARTIES**

19.    MG Premium is, and at all relevant times was, a private limited liability company organized under the laws of the Republic of Cyprus, and has its head office at 195-197 Old Nicosia-Limassol Road, Block 1 Dali Industrial Zone, Cyprus 2540. MG Premium is the holder of the copyrights associated with many well-known brands of adult content, including "Reality Kings", "Brazzers", MOFOS", "Babes.com", and "Twistys" among others.

20.    MG Premium owns and operates one of the largest portfolios of premium adult-oriented audiovisual content in the world. MG Premium routinely registers copyrights in its contents with the U.S. Copyright Office.

21.    A schedule of the MG Premium copyrighted works at issue in this case thus far, which have been registered with the U.S. Copyright Office, is attached hereto as Exhibit A (the "Subject Works").

22.    MG Premium operates websites on which it displays its content and also licenses its content for valuable consideration, including for display on various third party adult entertainment websites.

23.    MG Premium has never authorized or given consent to Defendants to use their copyrighted works in the manner displayed or exploited by Defendants and as complained therein.

24.    Upon information and belief, Defendants own and operate the GoodPorn Website.

25.    Upon information and belief, the GoodPorn Website is based and operated outside the United States, with the full intention of broadcasting,

distributing, or making available content in the United States and earning money from the United States market. It is currently unknown where the owners and operators are located.

26.     Defendants Does 1 through 20 are the owners, operators, shareholders, officers, executives, agents and affiliates of the GoodPorn Website. MG Premium is unaware of the true names or capacities of Does 1 through 20. MG Premium is informed and believes, and on that basis alleges, that Does 1 through 20 either (a) directly performed the acts alleged herein, (b) were acting as the agents, principals, alter egos, employees, or representatives of the owners and operators of the GoodPorn Website, and/or (c) otherwise participated in the acts alleged herein with the owners and operators of the GoodPorn Website. Accordingly, Does 1 through 20 each are liable for all the acts alleged herein because they were the cause in fact and proximate cause of all injuries suffered by MG Premium as alleged herein. MG Premium will amend the complaint to state the true names of Does 1 through 20 when their identities are discovered.

## FACTS

27.     The GoodPorn Website is a pirate website, displaying copyrighted adult entertainment content without authorization or license. The GoodPorn Website is operated so that purported Internet users desiring to post videos on the GoodPorn Website must upload videos to the GoodPorn Website.

28.      In order to gain access to the touted "highly interactive" website functions, users of the GoodPorn Website must sign up for an account. Other Internet users can simply watch videos on the GoodPorn Website for free without an account.

29.     The site allows any user, regardless of age or location, the ability to download multiple versions of each video, including high definition full versions of Plaintiff's infringing content.

30.     The site has created studio specific channels including for Plaintiffs works. The site markets on its frontpage that users can, "Watch or download thousands of porn videos absolutely free from channel/networks such as **Brazzers, Realitykings** and **Fakehub**, You can find more on **channels** section." (Emphasis in original.) Brazzers and Reality Kings are owned by Plaintiff.

31.     The sign-up process for the GoodPorn Website requires entry of a username, password, email address, and agreement to Terms of Use and Privacy Policy

32.     The entry of an email address during the GoodPorn Website sign-up process does *not* result in an email verification for the user.

33.     Once a GoodPorn Website user has signed up, the user can, among other things, post videos for display on the site.

34.     The GoodPorn Website monetizes unlawful copyright infringement via advertising banners visible on the site. Advertising was and is the sole manner in which Defendants make money on the GoodPorn Website.

35.     In addition to static banner advertisement, upon viewing videos on the GoodPorn Website, the user will be periodically shown pop-up advertisement. A "pop-up" advertisement is an ad that seemingly randomly appears on the user's screen.

36.     The pop-up advertisements on the GoodPorn Website are geo-targeted, meaning the operators of the GoodPorn Website have means to determine the general locale of each user and displays advertisements consistent and/or specific to the locale.

37.     Videos on the GoodPorn Website may be shared on other sites, in addition to the user being provided with direct links for posting on or to any social media site including, but not limited to, Facebook, Twitter, Google or via Email to

anyone. Such functionality makes it impossible to know how often and where an unlicensed copyrighted video has been posted and displayed illegally as a direct result of Defendants unlawful display.

38.     The GoodPorn Website fails to fulfill the requisite conditions precedent to qualify for the safe harbor provisions of the DMCA. Specifically, the GoodPorn Website does not have an appointed registered DMCA Agent. Further, Defendants fail to honor take-down notices sent to the GoodPorn Website and have failed to implement a reasonable repeat infringer policy.

39.     MG Premium's agents routinely police websites to identify infringement of MG Premium's copyrighted works. In the course of doing so, MG Premium's agents discovered that many MG Premium's copyrighted works were being made available, in full, to the public on the GoodPorn Website for free and without license or authorization from MG Premium.

40.     For instance, it was discovered that between November, 2020 and September, 2021, the GoodPorn Website displayed 1,438 of Plaintiff's copyright registered works on over 1,438 separate and distinct URLs - each a part of the GoodPorn Website. These copyrighted works are listed in Exhibit A hereto, with the GoodPorn.com infringing URLs listed in Exhibit B. Defendants have no authority or license to display or distribute any portion of Plaintiff's copyrighted works in the manner displayed or exploited by Defendants and as complained therein.

41.     For a substantial portion of the unauthorized videos, MG Premium sent a series of takedown notices to the GoodPorn Website, pursuant to 17 U.S.C. § 512(c). Collectively, MG Premium has sent up to nine takedown notices referencing thousands of infringing URLs to the GoodPorn Website.

42.     Of the users that posted MG Premium's copyrighted works on GoodPorn.com, based upon the number of take-down notices sent, many ought to be

classified as repeat infringers under any reasonable repeat infringement policy. Defendants do not have a stated repeat infringer policy, and none of the users were terminated by Defendants.

43.     Upon information and belief, Defendants have actual knowledge and clear notice of the infringement of Plaintiff's titles. The infringement is clear and obvious even to the most naïve observer. Plaintiff's copyrighted works are indexed, displayed and distributed on the GoodPorn Website through Defendants and the Doe Defendants acting in concert. Plaintiff's and other major producers' trademarks are used to index infringing material along with obfuscation of watermarks and other identifiers which is evidence of knowledge and intent.

44.     By virtue of the conduct alleged herein, Defendants knowingly promote, participate in, facilitate, assist, enable, materially contribute to, encourage, and induce copyright infringement, and thereby have infringed, secondarily infringed, and induced infringement by others, the copyrights in Plaintiffs' copyrighted work.

45.     Defendants, either jointly, severally, actually, constructively, and with or without direct concert with one another, deprived Plaintiffs of the lawful monetary rewards that accompany its rights in the copyrighted works.  Defendants disregard for copyright and trademark laws threaten Plaintiff's business.

46.     Defendants intentionally, knowingly, negligently, or through willful blindness avoided reasonable precautions to deter rampant copyright infringement on their website.

47.     Defendants' acts and omissions allow them to profit from their infringement while imposing the burden of monitoring Defendants' website onto copyright holders, without sufficient means to prevent continued and unabated infringement.

48.    On information and belief, each of the infringed works was registered with the U.S. Copyright Office before the alleged infringement began.

49.    On information and belief, Defendants have the right and ability to supervise the conduct of one or all of each other's infringing activities and have a direct financial interest in one or all of each other's infringing activities.

50.    On information and belief, Defendants had knowledge of the infringing conduct of one or all of each other and materially contributed to, induced or caused the infringing activity of one or all of each other.

### FIRST CAUSE OF ACTION
**Copyright Infringement – 17 U.S.C. §§ 101 *et. seq.***
**Against All Defendants**

51.    MG Premium repeats, re-alleges, and incorporates by reference each preceding allegation set forth herein.

52.    MG Premium served DMCA takedown notices for the Subject Works. Defendants systematically failed to take any action to remove content identified in Plaintiff's DMCA notices.

53.    MG Premium is the owner of valid and registered copyrights in the Subject Works.

54.    MG Premium registered or applied for registration of copyright with the United States Copyright Office.

55.    Defendants have infringed, and are continuing to infringe, MG Premium's copyrights by reproducing, adapting, distributing, and/or publicly displaying and authorizing others to reproduce, adapt, distribute, and/or publicly display copyrighted portions and elements of the Subject Works, and/or the Subject Works in their entireties, without authorization, in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

56.     Defendants did not have authority or license to copy and/or display the Subject Works.

57.     MG Premium has never authorized or given consent to Defendants to use the Subject Works in the manner displayed and exploited by Defendants.

58.     Defendants knew or reasonably should have known they did not have permission to exploit the Subject Works on the GoodPorn Website and further knew or should have known their acts constituted copyright infringement.

59.     Defendants' acts of infringement are willful, in disregard of, and with indifference to the manner displayed and exploited by Defendants.

60.     Defendants engaged in intentional, knowing, negligent, or willfully blind conduct sufficient to demonstrate they engaged actively in the improper collection and distribution of Plaintiffs' copyrighted works.

61.     The quantity and quality of copyright files available to users increased the attractiveness of Defendants' service to its customers, increased its users base, and increased its ad sales revenue.

62.     On information and belief, Defendants actively uploaded pirated copyrighted files and/or embedded code, enabling users of the GoodPorn Website and to view copyrighted videos and images for free.

63.     Defendants controlled the illegally copied files originally owned by MG Premium and determined which files remained for further display and distribution.

64.     Defendants never implemented or enforced a "repeat infringer" policy.

65.     Defendants either were aware, actually or constructively, should have been aware, or were willfully blind that pirated copyrighted materials comprised the most popular videos on the GoodPorn Website.

66. Defendants, through the GoodPorn Website, affirmatively and willfully accommodated Internet traffic generated by the illegal acts.

67. Defendants' conduct was willful within the meaning of 17 U.S.C. § 101, *et seq*. At a minimum, Defendants acted with willful blindness and reckless disregard of MG Premium's registered copyrights.

68. Because of their wrongful conduct, Defendants are liable to MG Premium for copyright infringement. See 17 U.S.C. §501. Plaintiff suffers and will continue to suffer substantial losses, including, but not limited to, damage to its business reputation and goodwill.

69. The law permits Plaintiff to recover damages, including their lost profits and Defendants' direct and indirect profits, according to statute. 17 U.S.C. §504. Alternatively, the law permits Plaintiff to recover statutory damages. 17 U.S.C. §504(c).

70. Because of Defendants' willful infringement, the law permits enhancement of the allowable statutory damages. 17 U.S.C. §504(c) (2). Attorney's fees are available pursuant to 17 U.S.C. §505.

71. The law permits Plaintiff injunctive relief. 17 U.S.C. §502. Further, the law permits a Court Order impounding all infringing materials. 17 U.S.C. §503.

72. Because of Defendants' acts and conduct, MG Premium has sustained and will continued to sustain substantial, immediate, and irreparable injury, for which there is not adequate remedy at law. Unless enjoined and restrained by the Court, Defendants will continue to infringe MG Premium's rights in the Subject Works. MG Premium is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## SECOND CAUSE OF ACTION
### Inducement of Copyright Infringement
### Against All Defendants

73.     MG Premium repeats, re-alleges, and incorporates by reference each preceding allegation set forth herein.

74.     MG Premium served DMCA takedown notices for the Subject Works. Defendants systematically failed to take any action to remove content identified in Plaintiff's DMCA notices.

75.     Defendants designed and/or distributed technology and/or devices and/or induced individuals to use this technology to promote the use of infringed and copyrighted material. As a direct and proximate result of Defendants' inducement, individuals infringed MG Premium's copyrighted works. These individuals reproduced, distributed and publicly disseminated MG Premium's copyrighted works through Defendants' website.

76.     On information and belief, Defendants have encouraged the illegal uploading and downloading of MG Premium's copyrighted works, thus inducing the unauthorized reproduction, adaptation, public display and/or distribution of copies of the MG Premium's copyrighted works, and thus to the direct infringement of MG Premium's copyrighted works.

77.     Defendants' actions constitute inducing copyright infringement of MG Premium's copyrights and exclusive rights under copyright in the MG Premium's copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

78.     The infringement of MG Premium's rights in and to each of the MG Premium's copyrighted works constituted a separate and distinct infringement.

79.     The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to MG Premium's rights.

80.     As a direct and proximate result of the infringements by Defendants of MG Premium's copyrights and exclusive rights under copyright in the MG Premium's copyrighted works, MG Premium is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b).

81.     Alternatively, MG Premium is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

82.     MG Premium is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

83.     Because of Defendants' acts and conduct, MG Premium has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by the Court, Defendants will continue to infringe MG Premium's rights in the Subject Works. MG Premium is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

### THIRD CAUSE OF ACTION
### Vicarious and/or Contributory Copyright Infringement
### Against All Defendants

84.      Plaintiff repeats, re-alleges, and incorporates by reference as though fully set forth herein, the allegations contained in the preceding paragraphs of this Complaint.

85.     MG Premium served DMCA takedown notices for the Subject Works. Defendants systematically failed to take any action to remove content identified in Plaintiff's DMCA notices.

86.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted, and

resultantly profited from the illegal reproduction, distribution, display and/or creation of derivative works based on the Subject Works as alleged herein.

87.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

88.     Plaintiff is informed and believes and on that basis alleges that Defendants, and each of them, are contributory infringers because each knew or had reason to know of the infringing activity, and that Defendants intentionally and materially contributed to the infringing activity.

89.     By reason of the Defendants', and each of their, acts of contributory and/or vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial.

90.     By reason of the Defendants' and each of their acts of contributory and/or vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer general and special damages to its business in an amount to be established at trial.

91.     Due to Defendants' acts of contributory and/or vicarious copyright infringement, Defendants, and each of them, have obtained direct and indirect profits they would otherwise not have realized but for their infringement of the Subject Works. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Works in an amount to be established at trial.

92.     Plaintiff is informed and believes and thereupon alleges that Defendants, and each of them, have continued to infringe Plaintiff's copyright rights. Therefore,

Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability therefore. Further, Defendants, and each of them, willfully and intentionally misappropriated, palmed-off and/or infringed Plaintiff's Subject Works which renders Defendants, and each of them, liable for damages as described herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MG Premium Ltd prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award MG Premium relief including, but not limited to, an Order:

A.    Preliminarily and permanently enjoining Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons acting in concert or participation with any of them, or under their direction or control, from any of the following activities:

(1)    Hosting, linking to, distributing, reproducing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, communicating to the public, streaming, transmitting, or otherwise exploiting or making any use of any of MG Premium's copyrighted works, including the Subject Works, or any portion(s) thereof in any form;

(2)    Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing, whether directly or indirectly, any user or other third party (i) to host, link to, distribute, reproduce, copy, download, upload, make available for download, index, display, exhibit, communicate to the public, stream, transmit, or otherwise exploit or make any use of MG

Premium's copyrighted works, including the Subject Works, or portion(s) thereof; or (ii) to make available any of MG Premium's copyrighted works, including the Subject Works, for hosting, linking to, distributing, reproducing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, communicating to the public, streaming, transmitting, or other exploitation or use;

(3)     Using, operating, maintaining, distributing, or supporting any computer server, website, software, domain name, email address, social media account, bank account, or payment processing system in connection with the hosting, linking to, distributing, reproducing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, communicating to the public, streaming, transmitting, or other exploitation or use of any of MG Premium's copyrighted works, including the Subject Works;

(4)     Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing, whether directly or indirectly, any user or other third party to visit any website, including but not limited to any website operated by Defendants, that hosts, links to, distributes, reproduces, copies, downloads, uploads, makes available for download, indexes, displays, exhibits, communicates to the public, streams, transmits, or otherwise exploits or makes any use of MG Premium's copyrighted works, including the Subject Works, or portion(s) thereof;

(5)     Transferring or performing any function that results in the transfer of the registration of the domain name of the GoodPorn Website to any other registrant or registrar; and

(6)    Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in this Paragraph.

B.    Requiring Defendants and their officers, servants, employees, agents and any persons who are, or on notice and upon continued provision of services would be, in active concert or participation with them, including but not limited to the domain name registrars and registries administering, holding, listing, or otherwise having control over the domain name https://GoodPorn.to or any other domain name used in conjunction with Defendant's infringing activities, to transfer such domain name to MG Premium's ownership and control, including, *inter alia*, by changing the registrar of record to the registrar of MG Premium's choosing, unless MG Premium requests that such domain name be held and/or released rather than transferred.

C.    Requiring Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons or entity acting in concert or participation with any of them, or under their direction or control, including any internet search engines, web hosting and Internet service providers, domain name registrars, domain name registries and other service or software providers, within five (5) business days from the issuance of this Order:

(1)    To block or use reasonable efforts to attempt to block access by United States users of the GoodPorn Website by blocking or attempting to block access to all domains, subdomains, URLs, and/or IP Addresses that has as its sole or predominant purpose to enable to facilitate access to the GoodPorn Website;

(2)    To re-route all domains, subdomains, URLs, and/or IP Addresses that provides access to each and every URL available from each of the GoodPorn Website and their domains and subdomains.

D.    That Defendants be ordered to file with the Court and serve upon Plaintiff, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

E.    That Plaintiff be awarded statutory damages in an amount to be determined at trial for all infringing activities, or actual damages including Plaintiff's damages and lost profits, Defendants' profit;

F.    That Defendants be ordered to account to Plaintiff for all profits, gains and advantages that they have realized as a consequence of their unauthorized use of Plaintiff's copyrighted works;

G.    That Plaintiff be awarded enhanced damages and attorney's fees;

H.    That Plaintiff be awarded pre-judgment and post-judgment interest;

I.    That Plaintiff be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

J.      That such other and further preliminary and permanent relief be awarded to Plaintiff as the Court deems appropriate.

Dated: October 28, 2021          KARISH & BJORGUM, PC


                                 By:


                                 _____

                                  A. Eric Bjorgum
                                 Attorneys for Plaintiff
                                 MG Premium Ltd.

COMPLAINT

## REQUEST FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38(b), Plaintiffs hereby request a trial by jury of all issues raised by the Complaint which are properly triable to a jury.

Dated: October 28, 2021                KARISH & BJORGUM, PC


By: _____

A. Eric Bjorgum
Karish & Bjorgum, PC
Attorneys for Plaintiff MG Premium