1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**KARISH & BJORGUM, PC**
A. Eric Bjorgum (State Bar No. 198392)
Email: eric.bjorgum@kb-ip.com
Marc Karish (State Bar No. 205440)
Email: marc.karish@kb-ip.com
119 E. Union St., Suite B
Pasadena, California 91103
Telephone: (213) 785-8070
Facsimile: (213) 995-5010

**Attorneys for Plaintiff MG PREMIUM LTD.**


**UNITED STATES DISTRICT COURT
IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA**


MG PREMIUM LTD, a limited liability company organized under the laws of the Republic of Cyprus,

Plaintiff,

vs.

DOES 1-20, d/b/a GOODPORN.TO

Defendants.

**Case No.:  2:21-cv-08533-MCS-KK**

**EX PARTE MOTION OF PLAINTIFF MG PREMIUM LTD. FOR EARLY DISCOVERY**

**(DECLARATION OF JASON TUCKER; PROPOSED ORDER FILED CONCURRENTLY)**

Judge:  Hon. Mark C. Scarsi
Courtroom:  7C
First Street Courthouse
350 W. First Street
Los Angeles, California 90012

Plaintiff, MG Premium Ltd (hereinafter "MG Premium" or the "Plaintiff") files this Motion for Early Discovery (hereinafter this "Motion") in the above-captioned case through its counsel, Karish & Bjorgum, PC. Plaintiff seeks leave of this Court to discover the identities of all owners and operators of Goodporn.to, the web sites infringing MG Premium's copyrighted works.  This information is essential to prosecuting the Complaint filed by Plaintiff in this case (DKT. No. 1).  To effectuate this goal, Plaintiff seeks a Court order allowing it to serve discovery demands on Cloudflare, Inc. and Tonic Corporation dba Tonic.to, for identifying information of their customers, the Defendants in this case.

## I.      INTRODUCTION

Plaintiff MG Premium seeks the identities of the John Doe Defendants, the owners and operators of Goodporn.to.  Step one in identifying them is to serve discovery requests upon the website hosting companies and internet service providers associated with the named web site and delivery of the content on the named web site.  MG Premium seeks leave of Court to serve subpoenas on these online service companies and other third parties in advance of this case's Rule 26(f) conference, in order to discover the true identity of the Defendants in order to serve them with process in this case.

## II.     FACTUAL BACKGROUND

Plaintiff MG Premium is a private limited liability company organized under the laws of the Republic of Cyprus and owns and operates one of the largest portfolios of premium adult oriented audiovisual content in the world.  MG Premium conducts business in the United States, and markets to an audience throughout the United States.  To protect its content and business conducted in the

United States, MG Premium registered copyrights in its content with the U.S. Copyright Office.  (Complaint, ¶¶ 21 – 22 and Exh. A, Dkt. No. 1.)

The named Defendants, Does 1-20, are unknown persons and/or entities operating Goodporn.to.  Goodporn.to is video streaming web site targeting United States viewers, inducing them to view illegally displayed copyright protected materials, including copyrights owned by MG Premium. Goodporn.to averages over 5.75 million hits per month, with the largest percentage being United States viewers.  (Complaint, ¶ 9, Dkt. No. 1.)

In addition to inducing Internet users to view infringing content, Goodporn.to prompts users to upload content to the web site.  (Complaint, ¶¶ 27-28, Dkt. No. 1; see Declaration of Jason Tucker In Support of Motion for Early Discovery ("Decl. J. Tucker"), ¶ 14, filed herewith.)

Goodporn.to is not an Internet Service Provider for the purposes of the Digital Millennium Copyright Act ("DMCA") and has no DMCA safe harbor protections.  (Complaint, ¶ 38, Dkt. No. 1.)

While the copyright infringement on Goodporn.to is obvious and blatant, the owners and operators of the web site have gone to great lengths to hide their identities.  For Goodporn.to, they currently use a U.S. privacy service and registrar operating as "tonic.to" and located in California, to hide their identities from standard public Internet listings.  (Decl. J. Tucker,  ¶¶ 10-11.)

However, despite hiding their identities in the United States, the owners target United States viewers by utilizing  systems and vendors in the United States.  To ensure more efficient and speedier delivery to United States viewers, Goodporn.to utilize Content Delivery Network (CDN) services from Cloudflare, Inc., located in California. (Decl. J. Tucker, ¶¶ 13 - 14, 21.)

The owners and operators of Goodporn.to also utilize Google Analytics,

1  a web analytics service offered by Google, LLC, to track and report website traffic.
2  This high-level reporting tool is used by websites such as Goodporn.to to
3  accurately track all interactions with the website. In order to use this service, the
4  owner or operator must complete a sign-up form and will login to use the service.
5  (Decl. J. Tucker, ¶ 24.)

6      The vendors for Goodporn.to, including Cloudflare, Inc.; Tonic.to; and
7  Google, LLC. have been contacted by Plaintiff's representative and have either
8  ignored requests for information or previously instructed that information will only
9  be produced upon subpoena.  (Decl. J. Tucker, ¶¶ 2 - 3.)

10

11  **III.    LEGAL STANDARD**

12      Federal Rules allow for discovery prior to a Rule 26(f) conference upon a
13  showing of good cause. *See Dell Inc. v. BelgiumDomains, LLC*, 2007 U.S. Dist.
14  LEXIS 98676, 18 (S.D. Fla. 2007); *see also* Ayyash *v. Bank Al-Madina*, 233
15  F.R.D. 325, 327 (S.D.N.Y. 2005) (granting ex parte expedited discovery from
16  third parties where plaintiff showed good cause); *Semitool, Inc. v. Tokyo*
17  *Electronic America, Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002) (applying a
18  good cause standard to plaintiff's request for expedited discovery); *and Pod-*
19  *Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liab. Co.*, 204 F.R.D. 675, 676 (D.
20  Colo. 2002) (applying a good cause standard to plaintiff's request for expedited
21  discovery).

22      More specifically, courts have recognized that, "[s]ervice of process can pose
23  a special dilemma for plaintiffs in cases like this in which the tortious activity
24  occurred entirely on-line." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573,
25  577 (N.D. Cal. 1999).  Accordingly, courts have developed the following factors
26  to consider when granting motions for expedited discovery to identify anonymous

Internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the court can determine that defendant is a real person or entity who could be sued in federal court; (2) the extent and nature of previous steps taken by the plaintiff to identify the Doe defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss. *Id.* at 578-80.

Finally, Courts in this District have granted nearly identical motions and allowed such discovery in the past. (*See, e.g., Hydentra HLP Int. Ltd. v. Jojobaa.net, et al.*, CACD Case No. 2:15-cv-03904-DSF, Dkt. No. 30; *Hydentra HLP Int. Ltd. v. Adultpornvideoxx.com*, CACD Case. No. 2:15-cv-3950-JAK, Dkt. No. 24.)

**IV.    IV.  ARGUMENT**

**A.    Plaintiff Is Entitled to Early Discovery.**

Here, each of the relevant factors resolves in favor of granting Plaintiff's requested relief. First, Plaintiff has sufficiently identified Defendants to ensure that they can be sued in federal court.  Plaintiff has observed and documented infringement of its registered works to indicate that the infringement is by individuals and/or entities capable of being sued.  To this end, Plaintiff's consultant made screen grabs of infringing works on the infringing website, i.e., goodporn.to. (Decl. of J. Tucker, ¶ 20.)  Plaintiff's consultant then searched publicly available databases seeking owner and/or operator information including domaintools.com, Tonic Company Lookup, Verisign, WHOIS, and other subscription-based services. (Decl. J. Tucker, ¶ 32.) They were all blocked by the privacy service the domain operator has put in place. (*Id.*) The requested discovery is necessary for Plaintiff to determine the true name and address of these individuals or entities who own and operate the infringing web site and performed the infringing acts.

Second, there are no other practical measures Plaintiff could take to identify

the Doe Defendants.  Plaintiff is aware of no available information that would identify the infringing users, other than information maintained by the domain privacy service, registrar service and other service providers.  Due to the nature of on-line transactions which in this case includes in certain instances of the crypto currency Bitcoin, Plaintiff has no way of determining Defendants' identities except through immediate discovery.  (Decl. J. Tucker, ¶ 30.)

Third, Plaintiff has asserted *prima facie* claims for copyright infringement, inducing infringement, contributory infringement, and vicarious infringement in its Complaint,  sufficient to withstand a motion to dismiss.  Specifically, Plaintiff has alleged that (i) it owns and has registered the copyright in the work at issue; and (ii) the Defendants made unauthorized reproductions of those works and distributed them without Plaintiff's authorization.  These allegations state a claim for copyright infringement. (Complaint, ¶ 40, Exhs. A, B, Dkt. No. 1.)  Similarly, the Defendants knew of their infringement, and were conscious of their uploading of Plaintiff's copyrighted work, refused to take down Plaintiff's copyrighted work, and substantially participated in others' infringement of the Plaintiff's copyrighted work, which would have been impossible without Defendants' uploading and sharing of the relevant motion pictures. (Complaint, ¶ 43; Decl. J. Tucker, ¶¶ 24, 25, 29.)

When outlining the above factors, the court in *Columbia Ins.* noted that in cases where injured parties are likely to find themselves chasing unidentified tortfeasors across cyberspace, the traditional enforcement of strict compliance with service requirements should be tempered by the need to provide injured parties with a forum in which they may seek redress for grievances. *Columbia Ins.*, 185 F.R.D. at 579.  An analysis of the factors clearly demonstrates Plaintiff's legitimate interest in identifying the name and address of the individuals who infringed upon its

1  copyrighted works.

2  In addition to the three factors discussed above, courts have indicated that a
3  plaintiff requesting early discovery for identification of defendants should justify
4  specific requests and explain how such requests "will lead to identifying
5  information about defendant that would make service of process possible." *See*
6  *Columbia Ins.,* 185 F.R.D. at 580; *see also Gillespie v. Civiletti*, 629 F. 2d 637, 642
7  (9th Cir. 1980).

8  Here, it must be remembered that the infringement and other wrongful acts at
9  issue in this action occurred online.  The key instrumentality of the infringement is
10  the Goodporn.to website.  The owners and operators of these website are both
11  hiding their identifies and using multiple businesses in the United States to carry
12  out copyright infringement, including: domain privacy services, domain
13  registrars, advertising companies, and website hosting services.  (J. Tucker Decl.,
14  ¶ 33.) These services will most likely have these persons' or entities' names,
15  addresses, billing information, and likely other information that will make it
16  possible to reliably identify the proper party in this case.  As these Defendants may
17  have taken steps to hide their true identities from these Internet vendors, further
18  follow-up discovery may be necessary.

19  Plaintiff requests that subpoenas be served on Cloudflare, Inc.; Tonic
20  Corporation; and Google, LLC.  These subpoenas would seek billing information
21  and other information including, but not limited to, log files and login history
22  sufficient to identify the owners of Goodporn.to. (Tucker Decl., ¶ 34.)  Therefore,
23  the Plaintiff requests that the Court issue an Order allowing Plaintiff to serve
24  subpoenas on these relevant Internet vendors and discovered ISPs, wherein
25  Plaintiff shall request the specific subscriber information necessary to confirm the
26  identity of the ISP subscriber in order to fully translate the identity of the

1   Defendants.

2

3   **B.     Order Sought**

4   Plaintiff requests that the Court issue the requisite Order allowing Plaintiff

5   to serve Fed.R.Civ.P. 45 subpoenas on Cloudflare, Inc.; Tonic Corporation; and

6   Google, LLC, as to all information pertinent to the identity of the owners,

7   operators, and principals operating the Goodporn.to website, domain name, and

8   relevant accounts for each.  This should include, but should not be limited to,

9   names, addresses, billing address, email exchanges or other correspondence with

10  the relevant party, and all IP address login information for the Goodporn.to

11  domain name accounts.

12  Plaintiff will only use this information to prosecute the claims made in its

13  Complaint. Without this information Plaintiff cannot pursue its lawsuit to protect

14  its copyrighted works.

15  Plaintiff additionally requests permission to engage in limited discovery by

16  issuing interrogatories and/or deposing the individuals identified by the first round

17  of discovery requests, or the second round (requests sent to the ISPs), in order to

18  determine whether or not the Internet subscriber is a proper defendant in this

19  action.

20  This motion is presented on an ex parte basis, because Plaintiff does not

21  know who to serve with a Notice of Motion, and because there is a high risk that

22  once the Defendants are informed of the fact that the Plaintiff seeks their

23  information, they are likely to take further steps to hide their identities and/or to

24  fraudulently transfer assets.

25  Finally, because 47 U.S.C. § 551 (The Cable Privacy Act) prohibits cable

26  operators from disclosing personally identifiable information concerning

7

1 │ subscribers without the prior written or electronic consent of the subscriber or a

2 │ court order, and because some ISPs are also cable operators, Plaintiff requests that

3 │ the Court's Order state clearly that the Court has contemplated the Cable Privacy

4 │ Act, and that the order specifically complies with the Act's requirements. *See* 47

5 │ U.S.C. § 551.

6 │ **V.    CONCLUSION**

7 │      For the foregoing reasons, Plaintiff requests that this Ex Parte Motion for

8 │ Early Discovery be granted in its entirety.

9 │

10 │ **Dated**:  December 13, 2021          **KARISH & BJORGUM, PC**

11 │

12 │

13 │                                        _____

14 │                                        A. Eric Bjorgum, State Bar No. 198392

15 │                                        119 E. Union St., Suite B
   │                                        Pasadena, CA 91103

16 │                                        Telephone: (213) 785-8070
   │                                        Facsimile: (213) 995-5010

17 │                                        Email: Eric.bjorgum@kb-ip.com

18 │
   │                                        Attorneys for Plaintiff MG Premium Ltd.

19 │

20 │

21 │

22 │

23 │

24 │

25 │

26 │