UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:21-cv-08533-MCS-KK | Date September 14, 2022 |
| Title *MG Premium Ltd v. John Does 1-20 d/b/a Goodporn.to* | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) ORDER DENYING MOTION TO DISMISS (ECF NO. 25)

Amrit Kumar, as Defendant John Doe d/b/a Goodporn.to, moved to dismiss Plaintiff MG Premium Ltd.'s complaint on personal jurisdiction and forum non conveniens grounds. (Mot., ECF No. 25.) Plaintiff opposed the motion. (Opp'n, ECF No. 27.) Defendant did not file a timely reply. (Initial Standing Order § 9(b), ECF No. 10 (requiring reply briefs to be filed "no later than 21 days <u>after</u> the filing of the motion").) The Court deems the motion appropriate for decision without oral argument and vacates the hearing set for September 26, 2022. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

Plaintiff filed an amended complaint on September 9, 2022, 21 days after the filing of Defendant's motion. (Amended Compl., ECF No. 30.) Because Plaintiffs' original complaint is "no longer in effect," the Court denies the motion to dismiss for lack of personal jurisdiction as moot. *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (determining that a motion to dismiss is moot when it targets a complaint that is "no longer in effect" due to the filing of an amended complaint); *see also* Fed. R. Civ. P. 15(a)(1)(B) (permitting amendment as a matter of course 21 days after service of a motion under Rule 12(b)).

The Court also denies the forum non conveniens motion to dismiss. Defendant primarily relies on a forum selection clause in an agreement between the parties to argue for dismissal. (Mot. 16–21.) Plaintiff argues that Defendant fraudulently created the contract with the forum selection clause and submitted it to the Court. (Opp'n 10–11.) Given the disputed facts, the Court cannot resolve the motion on the papers. In light of the amended complaint, the Court denies the motion without prejudice to renewal.

The Court further denies Plaintiff's request to strike the filing from the docket under the Court's inherent powers to sanction bad faith conduct. (Opp'n 10–12.) Plaintiff must move for such sanctions in an independent motion. *See* C.D. Cal. R. 6-1 ("[E]very motion shall be presented by written notice of motion."); *Smith v. Premiere Valet Servs., Inc*., No. 2:19-cv-09888-CJC-MAA, 2020 U.S. Dist. LEXIS 228465, at *42 (C.D. Cal. Aug. 4, 2020) (collecting cases for the proposition that "a request for affirmative relief is not proper when raised for the first time in an opposition").

**IT IS SO ORDERED.**