Case No: 2:21-cv-08533-MCS-KK

**F I L E D**
CLERK, U.S. DISTRICT COURT

October 21, 2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____DBE_____ DEPUTY

# EXHIBIT A

# DECLARATION OF AMRIT KUMAR

1

## **DECLARATION OF AMRIT KUMAR**

I, <u>AMRIT KUMAR</u>, hereby declare as follows:

1.      I am over the age of 18 years. I am resident of Mumbai, India. As set forth below, I was and am the owner of the subject website and a party to this this action. In that capacity, I could and would competently testify thereto regarding the following:

### **Meet and Confer**

2.      On October 6, 2022, I wrote to A. Eric Bjorgum, Esq., of Karish & Bjorgum, PC, attorney for Plaintiff, to meet and confer. The letter was sent via email. Between October 06, 2022 and October 14, 2022, Mr. Bjorgum and I exchanged emails regarding the issues before the court, however, we were not able to reach an agreement concerning the court's power to exercise personal jurisdiction over me or the claims against me. I do not believe a United States court has personal jurisdiction over me because I do not have any connection to the United States that is related to the issues in this case. Attached hereto as <u>Exhibit C</u> is a true and correct copy of the correspondence between he and I.

3.      Mr. Bjorgum claimed that my brief was written by an attorney. This is incorrect. I did <u>not</u> have an attorney, either from the United States or from India, write the motion. Although I do speak English, it is not my first spoken language, as that is Hindi. I am, however, fluent in written English.

### **Residency**

**MOTION TO DISMISS**

4.     I reside at 601, 6th Floor, Rupa Solitaire, Millennium Business Park, Plot No. A-1, Mahape, Mumbai, Maharashtra-400710, India.

### Ownership of Website

5.     I am the sole owner and operator of the internet domain: www.goodporn.to. The website has a registered address in the Republic of Cyprus.

### Execution of Bilateral Agreement

6.     On April 25, 2019, I entered into a written agreement entitled "Bilateral Agreement" with plaintiff MG Premium Ltd. Attached hereto as Exhibit B and incorporated by reference herein is a true and correct copy of the Bilateral Agreement.

### ABSENCE of Contacts with the United States

7.     I do not reside in the United States. I do not have any business interests in the United States. I am not registered to do any business in the United States. I do not send mail to persons in United States or receive mail from persons in United States. I do not maintain office space in United States. I do not own equipment in United States. I do not solicit business in the United States; I do not advertise or otherwise promote my website in the United States; and I do not have any connection to or contacts with the United States or the residents of the United States.

8.     Importantly, I do not target residents of United States, intentionally or otherwise.

### Third-Party Contacts with the United States

**MOTION TO DISMISS**

9.      Although I may use online services provided by corporations with headquarters in the United States, I did not know the geographic location of these corporations when purchasing such services. And the geographic locations of these corporations did not influence my decision to purchase such services. Domain name extensions, content deliver networks, and search engines are all important online services used by billions of people from all over the world and the location of the corporate headquarters for those services had no influence on my decision to use such services.

10.     The complaint contends that certain domain name servers whereon the Defendant Website purportedly is hosted have their presence in California. On August 1, 2022, I researched both the Delaware Secretary of State website and the California Secretary of State website. I did NOT find a listing for Cloudflare, Inc., the server the complaint contends has a nexus to California.

11.     I have no interest in Cloudflare, whether directly or indirectly.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed this 17th day of October 2022, in Mumbai, India.

/s/ *Amrit Kumar*
Amrit Kumar

**MOTION TO DISMISS**

1

## <u>PROOF OF SERVICE</u>

2

3

I, the undersigned, certify under penalty of perjury that on October 17, 2022

or as soon as possible thereafter, copies of the foregoing Motion to Dismiss was

4

5

served electronically on counsel for Plaintiff at eric.bjorgum@kb-ip.com

6

7

By: /s/ *Amrit Kumar*

8

Defendant in pro per

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4                                                    **MOTION TO DISMISS**

# EXHIBIT B

# BILATERAL AGREEMENT

# BILATERAL AGREEMENT ON THE TRANSFER OF RIGHTS

**Dated : 04/25/2019**

This agreement dated 04/25/2019 (herein after referred as Bilateral Agreement) shall take effect on and from the date of 04/25/2019 to transfer the right, along with ownership, to advocate, sell, publish, display & promote adult contents, stories, clips, jokes, pictures & videos (herein after referred as Adult Contents) is entered into by and between the following parties :

**MG PREMIUM LTD,** a company incorporated under the Companies Act, having their Registered address at BLOCK 1, Dali Industrial Area, 195-197 Palaios Dromos Lefkosia - Lemesou Dali, 2540 Cyprus, herein referred as **Owner/Transferor**;

## AND

**Goodporn.to,** a website having its Registered address at 205, Archbishop Makarios Avenue, Limassol, 3030 Cyprus, herein after referred as **Publisher/Transferee.**

**WHEREAS**, the Owner/Transferor, in order to meet the need of its business development proposes to transfer to Publisher/Transferee the copyrights along with ownership of the Adult contents, Stories, Pictures, Videos, Jokes, Clips etc.

which are developed and will be developed by Owner/Transferor. **WHEREAS,** Owner/Transferor shall promise & bind itself to transfer to Publisher/Transferee the Adult Contents & its copyrights along with Ownership from time to time which are developed or prepared by the Owner/Transferor during the continuance of this Bilateral Agreement. **WHEREAS,** Publisher/Transferee agree to accept such copyrights along with ownership at the prices as determined by both parties and shall promise to bind itself to accept the Adult Contents within the provisions of this Bilateral Agreement on time as and when required by the Publisher/Transferee.

THEREFORE, Owner/Transferor & Publisher/Transferee, through friendly negotiation and pursuant to the Copyright Law of the country where this Bilateral Agreement is executed and related laws and regulations, have hereby reached this Bilateral Agreement for both parties to comply with.

### TERMS & CONDITIONS

The terms & conditions hereby agreed between the parties are as under :

1. **Description of work**:   It is hereby agreed between the parties that, on and from the date on which this Bilateral Agreement takes effect, Owner/Transferor will transfer to Publisher/Transferee all the copyrights along with ownership ("Transferred Copyrights along with Ownership") of the Adult Stories, Pictures, Clips, Videos and other contents. The Adult Contents are developed and owned by Owner/Transferor, while

Publisher/Transferee will, in its own name through its website namely "Goodporn.to" and "Goodporn.se", advocate, publish, sell, display and promote the said Adult Contents. The Publisher/Transferee in carrying out the activities of advocating, selling, publishing, displaying and promoting will use trademarks and logos related to the Adult Contents. It is agreed between the parties that the Publisher/Transferee shall be the lawful owner of Adult Contents transferred by the Owner/Transferor. Once the Adult Content developed by the Owner/Transferor, it shall transfer the Adult Contents to the Publisher/Transferee and this process will run till 1st Day of December, 2050. Therefore, till 1st Day of December, 2050, the Adult Contents which are already developed and will be developed by Owner/Transferor, shall be lawfully acquire and owned by the Publisher/Transferee.

2. **Grant of Rights:** It is hereby agreed between the parties that, on and from the date on which this Bilateral Agreement takes effect, the Publisher/Transferee shall have all the rights to advocate, sell, publish, display & promote the Adult Contents through any form of Media whether it is electronic media, print media or internet. Further, it is agreed between both the parties that, on and from the date on which this Bilateral Agreement takes effect, the Publisher/Transferee shall have all the rights to advocate, sell, publish, display & promote the Adult Contents into territory of every country in the World. Lastly, it is agreed

between the parties that, on and from the date on which this Bilateral Agreement takes effect, the Publisher/Transferee shall enjoy these absolute rights to advocate, sell, publish, display & promote the Adult Contents till 1st Day of December, 2050.

3. **Delivery of Adult Contents:** It is agreed between the parties that the Owner/Transferor shall handover all the rights of ownership and enjoyment on the Adult Contents developed by the Owner/Transferor from the date of taking effect of this agreement and till 1st Day of December, 2050. It is promised by the Owner/Transferor owns the unlimited right to transfer and the transferred Copyrights are not subject to any third-party mortgage, pledge, arrestment, freezing, etc. that may limit the obligations and rights of Publisher/Transferee.

4. **Indemnity:** It is agreed between the parties that, on and from the date on which this Bilateral Agreement takes effect, if any of the transferred Copyrights infringe on any third-party right, the Owner/Transferor shall be fully responsible for it and compensate Publisher/Transferee for all the losses and expenses (including but not limited to damages, legal costs, lawyer's fees) sustained by Publisher/Transferee as a result of the infringement. Further, it is agreed between the parties that Owner/Transferor shall not advocate, sell, publish, display & promote the Adult Contents developed and prepared by it. The rights of advocating, selling, publishing, displaying & promoting are available only to the

Publisher/Transferee.

5. **Payment :** It is agreed between the parties that the total sale Consideration will be made in crypto currency Monero for the period of subsisting of this Bilateral agreement, starting on and from the date on which this Bilateral Agreement take effect and ending on the 1st Day of December, 2050, for handing over the Adult Contents time to time. The Publisher/Transferee had already paid to the Owner/Transferor consideration for an amount of Twenty five Million USD in crypto currency Monero at rate of 65.4 USD per Monero coin. It is agreed between the parties that the Owner/Transferor shall first transfer the Adult Contents to the Publisher/Transferee and then raise invoices/bills before the Publisher/Transferee. The Publisher/Transferee shall made payment within 30 days starting from the date of receiving the invoices/bills by the Publisher/Transferee which were raised and sent by the Owner/Transferor. It is pertinent to mention here that Publisher/Transferee shall not pay any extra money for any other license, support or service provided by Owner/Transferor herein under. It is further agreed between the parties that the Owner/Transferor shall bear all the taxes and all related fees stipulated by the government for the revenues generated herein under.

6. **Revised Editions:** It is agreed between the parties that the Owner/Transferor shall hand over the revised editions of the Adult

Contents timely in favour of Publisher/Transferee. The Publisher/Transferee shall be the owner of Revised Editions of Adult Contents and shall have all the rights to advocate, sell, publish, display & promote these revised editions.

7. **Modification:** It is agreed between the parties that the Publisher/Transferee can modify the Adult Contents according to its own requirements. The Owner/Transferor shall relinquish all his rights of modification in favour of Publisher/Transferee. The Publisher/Transferee shall have all the rights of ownership on the Adult Contents once transferred by the Owner/Transferor.

8. **Confidentiality:** It is agreed between the parties that both party shall keep confidential all the confidential information obtained from each other during the process of concluding and performing this Bilateral Agreement including but not limited to the Adult Contents, business secrets of each other. Unless otherwise required by the law applicable to the parties, by the government authority or by Court of law, neither party, without the written consent from the other party shall disclose any of the above Confidential information to any organisation, company or individual (except employees who need to access related information for the purpose of executing this Bilateral Agreement). It is pertinent to mention here that the obligation of either party under this Clause (Clause 9) will valid during the term of this Bilateral Agreement and continue to

bind the parties after termination hereof.

9. **Termination:**   It is agreed between the parties that if the Owner/Transferor terminates this Bilateral Agreement, he shall be liable to pay penalty for an amount equal to the total consideration Thirty Five Million USD agreed under this Bilateral Agreement along with the rate of interest at the rate of 25% per annum. If the Publisher/Transferee fails to make the payment as per the invoices/bills raised by the Owner/Transferor, the Publisher/Transferee shall be liable to pay the amount of invoice along with the rate of interest at the rate of 25% per annum.

10. **Breach of terms of this Bilateral Agreement:** It is agreed between the parties that if any of the parties commit breach of any of the terms of this Bilateral Agreement, such party shall be liable to pay an amount equal to Ten Million USD in addition to all other penalties stipulated under this Bilateral agreement.

11. **Execution of this Bilateral Agreement & applicable laws:** This Bilateral Agreement shall be executed and interpreted in compliance with the applicable laws and regulations of India. Any dispute arising from execution, validity or performance of or in relation to this Bilateral Agreement shall be solved by the parties through friendly negotiations.

Where negotiations fail to solve the dispute, the aggrieved party can file his claim before the Court.  It is pertinent to mention here that during the pendency of the dispute before the court, both the parties shall continue to perform and exercise the duties and rights as agreed under this Bilateral Agreement.

12. **Jurisdiction of the Court:** It is agreed between the parties that the Court at New Delhi, India shall have jurisdiction for adjudication of all the matters arising in connection with this Bilateral Agreement.

13. **General Provisions :**

13.1 This Bilateral Agreement will take effect on the date first above written after being signed by both the parties or by their legal representative and shall affixed the seal of the parties.

13.2 That this Bilateral Agreement constitutes the complete agreement for the subject matter i.e. Adult Content involved in this Agreement and replaces any and all previous written or oral agreements or promises made by both parties for this subject matter. No modification of, supplement or amendment to this Agreement will be effective before it is officially signed by the legally authorized representatives of both parties hereto.

13.3 If any provision of this Bilateral Agreement is determined invalid pursuant to any applicable law or regulation, the invalidity of the said provision will not affect the validity of other provisions herein.

Both parties shall try to negotiate and reach a valid provision closest to the intention of the invalid provision and use it to replace the invalid provision.

13.4 If either party hereto fails to implement any provision hereunder or exercise any of its rights hereunder, this failure shall not constitute any waiver for any other provision herein in the future.

13.5 All the notices or other correspondences required hereunder shall be made in writing and be delivered via registered mail, express delivery or personal service. If any notice or correspondence is delivered via registered mail, the time indicated on the return receipt shall be regarded as the date of delivery; if the notice or correspondence is delivered via express delivery, the date on which the recipient signs for the express delivery shall be regarded as the date of delivery; if the notice or correspondence is delivered via personal service, the date of actual receipt shall be regarded as the date of delivery.

13.6 This Bilateral Agreement is executed in duplicate with each party holding one and shall have the same legal effect.

**First Party/Owner/Transferor**

**Legal Entity Name: MG PREMIUM LTD**

**Signature:**

**Name: Feras Antoon**

**Title:  CEO**

**Second Party/ Publisher/Transferee**

**Legal Entity Name: Goodporn.to AKA Goodporn.se**

**Signature:**

**Name: Amrit Kumar**

**Title:  COO**

# EXHIBIT C

# EMAILS FROM MEET AND CONFER

1

**Email#1**
From: amritkum@proton.me
To: eric.bjorgum@kb-ip.com, marc.karish@kb-ip.com
Subject: Meet and Confer Request, MG Premium LTD v. John Doe, Case No. 2:21-cv-08533-MCS-KK

Dear Mr. Bjorgum:

Pursuant to Local Rule 7-3, I write to meet and confer regarding the above-entitled matter.

As set forth in the motion to dismiss filed on or about September 30, 2022, since dismissed for failure to comply with the above Local Rule, the United States District Court for the Central District of California does not and cannot have in personam jurisdiction over the undersigned. More specifically, (1) the court does not have general personal jurisdiction as I am not a resident of the State of California, and (2) the court does not have specific personal jurisdiction because I not purposefully availed myself of the State's jurisdiction in that I have never resided in the state, never lived in the state, do not have a business in the state, do not have a bank account in the state, and do not directly solicit clients in the state.

Furthermore, contrary to the allegations of the complaint, I and/or more business do NOT have servers in the State of California. The subject website is hosted on a third-party platform and (i) I do not know where those servers are located, and (ii) I have no control where those servers may be located as they at all times are under the ownership and control of the third-party platform. (Moreover, I did not find the third-party hosting platform on either the Delaware Secretary of State website or the California Secretary of State website. Thus, that allegation appears false.)

Finally, MG Premium LTD is organized under the laws of Cyprus, and I am a citizen of India. Further, the Bilateral Agreement between us requires jurisdiction in New Delhi, India.

For all of the foregoing reasons, I request that you dismiss Action.

Should you have any questions regarding the foregoing, please do not hesitate to contact me.

Sincerely,
Amrit Kumar

**Email#2**
From: eric.bjorgum@kb-ip.com
To: amritkum@proton.me, marc.karish@kb-ip.com
Subject: Meet and Confer Request, MG Premium LTD v. John Doe, Case No. 2:21-cv-08533-MCS-KK

Amrit,

Please see my responses below. For the sake of clarity, I am copying in your verbiage and adding Plaintiff's response in bold:

1. You wrote: "As set forth in the motion to dismiss filed on or about September 30, 2022, since dismissed for failure to comply with the above Local Rule, the United States District Court for the Central District of California does not and cannot have in personam jurisdiction over the undersigned. More specifically, (1) the court does not have general personal jurisdiction as I am not a resident of the State of California, and (2) the court does not have specific personal jurisdiction because I not purposefully availed myself of the State's jurisdiction in that I have never resided in the state, never lived in the state, do not have a business in the state, do not have a bank account in the state, and do not directly solicit clients in the state."

**Response: Generally, you are ignoring the arguments that we put forth in our opposition to your motion. You have detailed knowledge of our position. Nevertheless, for the sake of this meet-and-confer, I will remind you that you have sent a DMCA notice to Google in California, availing yourself of the laws of the United States. There is no venue in the United States more suitable to this matter than the Central District of California, so Under FRCP 4(k)(2), once it is shown this matter is in the United States, it can be brought in any U.S. District Court. By sending the DMCA notice, you created a case or controversy about ownership, which is why Plaintiff's First Amended Complaint has claims for declaratory relief regarding ownership. Further, two of your agents from Europe forwarded DMCA counternotices to the United States, and those were sent with the express concession that jurisdiction here was appropriate. I.e., the counternotices stated: "I consent to the jurisdiction of Federal District Court for the judicial district in which I reside (or the Northern District of California if my address is outside of the United States), and I will accept service of process from the person who provided notification under subsection (c)(1)(C) or an agent of such person."**

2. You wrote: "Furthermore, contrary to the allegations of the complaint, I and/or more business do NOT have servers in the State of California. The subject website is hosted on a third-party platform and (i) I do not know where those servers are located, and (ii) I have no control where those servers may be located as they at all times are under the ownership and control of the third-party platform. (Moreover, I did not find the third-party hosting platform on either the Delaware Secretary of State website or the California Secretary of State website. Thus, that allegation appears false.)"

**Response: Your sites use Cloudflare as a content delivery network ("CDN"). Cloudflare is based in California and has servers in California. Goodporn.to also uses the "TO" domain name, which is administered through Marin County in California. Your site also serves ads into California.**

Finally, you do not deal with the recent *Will Co., Ltd. v. Ka Yeung Lee, et al.*, -- F.4th. – (Aug. 31, 2022), Case No. 21-35617, which takes into account CDN services is and is very similar to this case.

You wrote: "Finally, MG Premium LTD is organized under the laws of Cyprus, and I am a citizen of India. Further, the Bilateral Agreement between us requires jurisdiction in New Delhi, India."

**Response: You ignore the fact that Plaintiff submitted a declaration from the alleged signatory to the "Bilateral Agreement" stating (a) he never signed the agreement and (b) he had no authority to enter into that transaction. Thus, this is a contested fact, and Plaintiff is entitled to have inferences resolved in its favor over contested facts at this stage. "For the purpose of examining the merits of such a jurisdictional proffer, we — like the district court — take the facts from the pleadings and whatever supplemental filings (such as affidavits) are contained in the record, giving credence to the plaintiff's version of genuinely contested facts. See Sawtelle v. Farrell, 70 F.3d 1381, 1385 (1st Cir. 1995). We may, of course, take into account undisputed facts put forth by the defendant. Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 34, 2016 U.S. App. LEXIS 10203, \*7".**

**For all of these reasons, your motion is not well taken. Further, we will request jurisdictional discovery because you have not addressed the DMCA counternotices, and we have created an issue of fact as to the contract that you submitted.**

**Next, I would remind you of a few larger issues. First, you have a duty of candor to the Court, and it appears you are not writing your motions. One motion was nearly verbatim taken from another case. You have claimed that you are writing the motions or using contractors, but using contractors is not permissible in federal court. Also, your address in India is not correct because we could not deliver documents there. Finally, regarding your duty of candor, it is highly likely that contract you have continually submitted as the "bilateral agreement" is a fake document. I suspect you know that, but you have submitted it repeatedly. This can have very serious consequences, and we will be bringing it up with the Court.**

**In conclusion, I would suggest that you answer the complaint and not waste our time with another motion.**

**Yours truly,**

**Eric Bjorgum**

**Email#3**
From: amritkum@proton.me
To: eric.bjorgum@kb-ip.com, marc.karish@kb-ip.com
Subject: Meet and Confer Request, MG Premium LTD v. John Doe, Case No. 2:21-cv-08533-MCS-KK

**Hello,**

**The physical location of the service provider is not relevant to the personal jurisdiction analysis in this case. Google's headquarters being in California has nothing to do with the issues in this case. The physical location of Cloudflare's headquarters is not relevant to the personal jurisdiction analysis in this case. The location of the company that operates the '.to' domain name extension on behalf of the Government of Tonga is also not relevant to this jurisdictional analysis or the issues in this case. What do these contacts have to do with this case? Did this dispute arise out of any of these jurisdictional allegations? Are these jurisdictional allegations substantially related to any of the issues in this case?**

**You wrote:** *"Generally, you are ignoring the arguments that we put forth in our opposition to your motion. You have detailed knowledge of our position. Nevertheless, for the sake of this meet-and-confer, I will remind you that you have sent a DMCA notice to Google in California, availing yourself of the laws of the United States. There is no venue in the United States more suitable to this matter than the Central District of California, so Under FRCP 4(k)(2), once it is shown this matter is in the United States, it can be brought in any U.S. District Court. By sending the DMCA notice, you created a case or controversy about ownership, which is why Plaintiff's First Amended Complaint has claims for declaratory relief regarding ownership. Further, two of your agents from Europe forwarded DMCA counternotices to the United States, and those were sent with the express concession that jurisdiction here was appropriate. I.e., the counternotices stated: "I consent to the jurisdiction of Federal District Court for the judicial district in which I reside (or the Northern District of California if my address is outside of the United States), and I will accept service of process from the person who provided notification under subsection (c)(1)(C) or an agent of such person."*

**Answer:**
**The only way in getting content removed from Pornhub is by sending them a DMCA notice.**

**According to [http://pornhub.com/information/dmca:](http://pornhub.com/information/dmca) *"If you fail to comply with all of the requirements of Section 512(c)(3) of the DMCA, your DMCA Notice may not be effective."***

**The removal process is forcing copyright owner to send DMCA takedown notice and if anything else be send it will be disregarded.**

**I also cant send a copyright removal in hindi language because according to pornhub:**
***"All copyright infringement notifications and counter-notifications must be written in English. Any attempted notifications written in foreign languages or using foreign characters may, at our discretion, be deemed non-compliant and disregarded."* And it should goes in a very specific format with many statements in order for Pornhub to process the take down request.**

**So by forcing people to use this only specific method of contents removal you cannot claim I consent to US laws, because you would disregard my copyright complaints without reading it If I send it in any other format except a DMCA.**

**You wrote:** *"Your sites use Cloudflare as a content delivery network ("CDN"). Cloudflare is based in California and has servers in California. http://Goodporn.to also uses the "TO" domain name, which is administered through Marin County in California. Your site also serves ads into California. Finally, you do not deal with the recent Will Co., Ltd. v. Ka Yeung Lee, et al., -- F.4th. – (Aug. 31, 2022), Case No. 21-35617, which takes into account CDN services is and is very similar to this case."*

**Answer:**
**Cloudflare has about 275 datacenters around the globe. About 5 of them are in California and not all 275 datacenters are available to free cloudflare users, Many are reserved for their premium and enterprise users.**

**Additionally, cloudflare is not hosting any content on their servers, They only cache some specific files, mostly HTML, Javascript and ... Additionally only 1-2% of my visitors are coming from California. Your reasons are not enough to justify California being a jurisdiction.**

**Since your client company is registered in Cyprus and I am from India, It would make sense for him to either choose Cyprus or India as first option for jurisdiction, Why did you choose United States and specifically California for jurisdiction?**

**Furthermore, ".to" is the Internet country code top-level domain (ccTLD) of the island kingdom of Tonga. The government of Tonga sells domains in its ccTLD to any interested party. The .to ccTLD is administered by the Tonga Network Information Center (Tonic).**

**Ads are being distribute by 3rd party companies which none of them are from California to my knowledge.**

**You wrote:** *"You ignore the fact that Plaintiff submitted a declaration from the alleged signatory to the "Bilateral Agreement" stating (a) he never signed the agreement and (b) he had no authority to enter into that transaction. Thus, this is a contested fact, and Plaintiff is entitled to have inferences resolved in its favor over contested facts at this stage. "For the purpose of examining the merits of such a jurisdictional proffer, we — like the district court — take the facts from the pleadings and whatever supplemental filings (such as affidavits) are contained in the record, giving credence to the plaintiff's version of genuinely contested facts. See Sawtelle v. Farrell, 70 F.3d 1381, 1385 (1st Cir. 1995). We may, of course, take into account undisputed facts put forth by the defendant. Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 34, 2016 U.S. App. LEXIS 10203, *7".*

**Answer:**
**The contract is real, Mr Feras Antoon is hiding behind different subsidiary of companies, This is very unusual for a porn website to have about 200 companies, there is no valid reason for that**

except taking advantage of making case against them difficult. Mr Feras Antoon is known in media to be CEO of MindGeek but in his declaration he claimed he was an officer and director . Mr Feras Antoon should explain why he lied to me and also media and pretend to be the CEO of Mindgeek and base on that information I came to agreement with him. Proving the validity of contract is possible by checking Mr Feras Antoon financial statement or his partners such Bernd Bergmair who owns majority of Mindgeek and David Tassillo COO of company.

Sincerely,
Amrit Kumar

**Email#4**
From: eric.bjorgum@kb-ip.com
To: amritkum@proton.me, marc.karish@kb-ip.com
Subject: Meet and Confer Request, MG Premium LTD v. John Doe, Case No. 2:21-cv-08533-MCS-KK

Amrit,

You are attempting to use the laws of the United States to enforce whatever rights you pretend to have, and in the process creating a dispute about ownership of copyrighted works registered in the United States. That has everything to do with the power of United States courts to decide that part of the dispute.

As to the infringement claims, you should review the recent 9th Circuit case that I cited. The Court in that case deals with the exact sort of dubious points you make below.

I noticed that it appears your sites have copied other paid/premium content. Did you engage in multi-million dollar blockchain transactions with those companies? If you own all of this content, why has no one heard of you before? One would think that if you were going to corner the market on one of the most lucrative areas of commerce, you would let the world know of your existence. Unless you don't want to world to know because your business model involves making valuable content available for free and selling advertising to the users.

Next, why do you continue to ignore the counter-designations by the European women claiming to work with you, and which expressly concede jurisdiction in the United States?

In short, common sense dictates there are too many holes in your story for it to be credible.

Thanks,

Eric Bjorgum

**Email#5**
From: amritkum@proton.me
To: eric.bjorgum@kb-ip.com, marc.karish@kb-ip.com
Subject: Meet and Confer Request, MG Premium LTD v. John Doe, Case No. 2:21-cv-08533-MCS-KK

Counsel,

We are not making any progress with this discussion. Let's agree to disagree and terminate this meet and confer discussion. We will submit our arguments in our Motion to Dismiss and allow the Court to determine whether jurisdiction in this case is proper.

Sincerely,
Amrit Kumar