UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-08533-MCS-KK | Date | November 14, 2022 |
| Title | MG Premium Ltd. v. Does | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: DEFENDANT'S MOTION TO EXTEND DEADLINES AND OBLIGATIONS (ECF NO. 43)

Defendant Amrit Kumar moves to extend "the current trial deadlines and obligations" in this case. (Mot., ECF No. 43.) The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

Defendant's motion suffers multiple defects. First, Defendant provides no indication that he complied with the prefiling conference requirement of Local Rule 7-3. "[C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days before filing a motion. C.D. Cal. R. 7-3. "The purpose of Local Rule 7-3 is to help parties reach a resolution which eliminates the necessity for a hearing," which "further[s] judicial economy and the administration of justice." *James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem. Ins. Co.*, No. 8:16-cv-01155-JLS-E, 2016 U.S. Dist. LEXIS 189416, at *1 (C.D. Cal. Sept. 12, 2016) (internal quotation marks omitted); *accord Caldera v. J.M. Smucker Co.*, No. CV 12-4936-GHK (VBKx), 2013 U.S. Dist. LEXIS 183977, at *2 (C.D. Cal. June 3, 2013) (noting that the rule "enables the parties to brief the remaining disputes in a thoughtful, concise, and useful manner"

(internal quotation marks omitted)). As the Court advises in its standing order, the parties "should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court." (Initial Standing Order § 9(c), ECF No. 10.)

Second, Defendant failed to notice in the title page a date and time for the hearing. C.D. Cal. R. 7-4. The requirements of Local Rule 7-4 are not simply formalities. Including the date and time of a hearing provides notice to the Court and the parties, which furthers judicial economy and avoids wasting valuable time and resources. *See Romero v. Select Emp. Servs., Inc.*, No. 2:19-cv-06369-AB-AGR, 2019 WL 10068950, at *2 (C.D. Cal. Dec. 27, 2019).

Finally, the Court has not issued a scheduling order in this case, so there are currently no "trial deadlines" from which Defendant would require leave. To the extent Defendant seeks relief from appearing at the hearing noticed on November 21, 2022, the Court vacated that hearing in a prior order. (Order, ECF No. 44.)

Given these failures, the Court denies the motion. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."). To the extent Defendant seeks to extend the November 21, 2022 hearing date, his motion is denied as moot.

**IT IS SO ORDERED.**