UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | **2:21-cv-08533-MCS-KK** | Date | December 1, 2022 |
|---|---|---|---|
| Title | ***MG Premium Ltd. v. Does d/b/a/ GoodPorn.to*** | | |

| Present: The Honorable | Mark C. Scarsi, United States District Judge |
|---|---|

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS) ORDER RE: MOTION TO DISMISS (ECF NO. 36)

Defendant Amrit Kumar moves to dismiss Plaintiff MG Premium Ltd.'s first amended complaint. (Mot., ECF No. 37.) Plaintiff opposes the motion. (Opp'n, ECF No. 40.) Kumar did not file a reply. The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.

## I.    BACKGROUND

According to the first amended complaint, Plaintiff is a Cyprus-based company that holds the copyrights to thousands of adult audiovisual works. (FAC ¶¶ 1, 21, ECF No. 30.) Defendants Amrit Kumar, Lizette Lundberg, Emilie Brunn, and the Doe Defendants own and operate an adult film sharing website,[1] Goodporn.to, which allows users to upload copyrighted adult videos without authorization or license. (*Id.* ¶¶ 6–7, 29, 39.) Plaintiff has identified over 1,438

[1] Kumar claims he "is the sole owner and operator of [the] website." (Mot. 16, ECF No. 37.) At this stage, the Court assumes that Kumar is one of a handful of owners and operators of the Goodporn.to website. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (stating that factual disputes at the Rule 12(b)(2) stage "must be resolved in the plaintiff's favor").

copyrighted works available for viewing on the Goodporn.to website as of 2021, the year this lawsuit began. (*Id.* ¶ 42; FAC Ex. A, ECF No. 30-1.)

Plaintiff alleges that Defendants derive significant revenue from advertisements targeted at users in the United States, including those in this district. (FAC ¶¶ 9, 14–15, 66.) Through declarations submitted in opposition to the motion, Plaintiff presents evidence that Defendants use a U.S.-based content delivery network, Cloudflare, (Tucker Decl. ¶ 36, ECF No. 42), to deliver faster loading times for users located in the United States, (Opp'n 3). Additionally, the Goodporn.to website provides notice of compliance with 18 U.S.C. § 2257, a record-keeping requirement aimed at preventing the distribution of child pornography. (Bjorgum Decl. Ex. J, ECF No. 40-8.) Goodporn.to also purports to avail itself of the safe harbor provision of the Digital Millennium Copyright Act ("DMCA") and asserts "copyright and other intellectual property rights under [sic] United States" in its terms and conditions. (Bjorgum Decl. Ex. L, ECF No. 40-10; Bjorgum Decl. Ex. N, at 2, ECF No. 40-12.)

Defendant Amrit Kumar, an Indian resident, is the sole defendant who has appeared to date. (Mot. 3.) He moves to dismiss for want of personal jurisdiction and under the doctrine of forum non conveniens. (*Id.* at 6–27.)

## II.   LEGAL STANDARD

A defendant can move to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). The party asserting the existence of jurisdiction bears the burden of establishing it. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003). If the court does not require an evidentiary hearing, a plaintiff "need only make a prima facie showing of the jurisdictional facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (internal quotation marks omitted).

Uncontroverted allegations in the complaint must be taken as true, and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Depending on the nature and extent of a defendant's contacts, if any, with a forum state, the appropriate exercise of personal jurisdiction may be either general—that is, the party is subject to any claims in that forum—or specific— that is, the party is subject only to claims arising out of its forum-related activities. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

To establish personal jurisdiction over a defendant, a plaintiff must show both that a long-arm statute confers personal jurisdiction over an out-of-state defendant, and that the exercise of jurisdiction is consistent with federal due process requirements. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154–55 (9th Cir. 2006). Constitutional due process requires that jurisdiction be exercised over a nonresident party only if that party has "minimum contacts" with the forum, such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted); *accord Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464 (1985).

## III.   DISCUSSION

Plaintiff does not argue that the Court has general jurisdiction over Kumar. (*See generally* Opp'n.) Instead, it advances a theory of specific jurisdiction. (*Id.* at 9–20.) Additionally, Plaintiff asserts that Kumar's motion may be denied for non-compliance with Local Rule 7-3, (*id.* at 7), and that his forum non conveniens claim is baseless, (*id.* at 20–21). Plaintiff also objects to evidence Kumar proffers in support of his motion. (Evid. Obj., ECF No. 41; *see* Kumar Decl., ECF No. 38.) The Court discusses each position in turn.

As an initial matter, while Plaintiff asserts that Kumar hired an attorney to write his moving papers, (Opp'n 2, 19), the Court accepts as true Kumar's declaration that he has not retained counsel, (Kumar Decl. ¶ 3, ECF No. 38). Thus, the Court liberally construes this motion as a pro se filing. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

### A.     Evidentiary Objection

Kumar proffers a purported bilateral agreement between himself and Plaintiff, which provides that Plaintiff "will transfer . . . all the copyrights along with ownership . . . of the Adult Stories, Pictures, Clips, Videos, and other contents" to Kumar. (Kumar Decl. Ex. B, at 8.)[2] Plaintiff objects to this evidence and proffers the declaration of Feras Antoon, alleged counter-signatory of the bilateral agreement, to refute its veracity. (Evid. Obj. ¶ 1; Antoon Decl., ECF No. 40-14.) The Court need

---

[2] Pinpoint citations of the Kumar declaration refer to the page numbers generated in the CM/ECF header.

not rely on the bilateral agreement to resolve Kumar's motion. Plaintiff's objection is overruled.

### B.    Forum Non Conveniens

Based in part on the disputed bilateral agreement, Kumar again moves to dismiss Plaintiff's first amended complaint under the doctrine of forum non conveniens. (Mot. 23–27.) This motion is identical to the one the Court rejected in a prior order. (*Compare id.*, *with* Aug. 19, 2022 Mot. 16–21, ECF No. 25; Prior Order 2, ECF No. 32.) The Court again "denies the forum non conveniens motion to dismiss." (Prior Order 2.)

### C.    Local Rule 7-3

Plaintiff argues that Kumar's refusal to meet and confer before filing his latest motion renders his motion procedurally defective. (Opp'n 7); C.D. Cal. Rs. 7-3, 7-4. Kumar has provided a statement of compliance with Local Rule 7-3. (Kumar Decl. ¶ 2.) While such statement might be insufficient when represented by counsel, courts have a duty to ensure that pro se litigants, like Kumar, do not lose their rights to a merits-based decision due to "ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The Court declines to deny the motion for failure to comply with Local Rule 7-3. Notwithstanding, given the concerns Plaintiff raises with the meet and confer process preceding this motion despite several prior warnings by the Court about the prefiling conference process, the Court warns Kumar that the Court will deny any further motions that fail to comply with the letter and spirit of Local Rule 7-3.

### D.    Specific Jurisdiction

Plaintiff asserts personal jurisdiction under Rule 4(k)(2). (FAC ¶¶ 16, 18; Opp'n 10.) Rule 4(k)(2), often dubbed the "federal long-arm statute," *Pebble Beach*, 453 F.3d at 1159, permits a court to exercise personal jurisdiction where "a claim . . . arises under federal law" if "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction" and if "exercising jurisdiction is consistent with the United States Constitution and laws," Fed. R. Civ. P. 4(k)(2). A copyright infringement action arises under federal law. 28 U.S.C. § 1338(a). Whenever a plaintiff contends that no state court of general jurisdiction can exercise jurisdiction over a defendant, the defendant must contest that assertion. *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 461–62 (9th Cir. 2007). Kumar has not pointed

to any state court that could exercise jurisdiction, (*see generally* Mot.), so the only disputed Rule 4(k)(2) requirement is whether the exercise of jurisdiction comports with due process.

> The Ninth Circuit employs a three-prong test to analyze due process:
>> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (citation omitted). However, when evaluating due process under Rule 4(k)(2), courts "consider contacts with the nation as a whole" rather than with the forum state. *Holland Am. Line Inc.*, 485 F.3d at 462. "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Pebble Beach*, 453 F.3d at 1155 (internal quotation marks omitted).

The plaintiff bears the burden of satisfying the first two prongs of the test. *Id.* The first prong may be satisfied with facts sufficient to show "either purposeful availment or purposeful direction, which, though often clustered together under a shared umbrella, 'are, in fact, two distinct concepts.'" *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting *Pebble Beach*, 453 F.3d at 1155). Courts in the Ninth Circuit "generally apply the purposeful availment test when the underlying claims arise from a contract, and the purposeful direction test when they arise from alleged tortious conduct." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017). Where, as here, Copyright Act claims are at issue, courts apply the "purposeful direction" test. *Will Co., Ltd. v. Lee*, 47 F.4th 917, 922 (9th Cir. 2022).

### 1.    Kumar Purposefully Directed His Conduct at the United States

"Where allegedly tortious conduct takes place *outside* the forum and has effects inside the forum," *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020), courts apply the "effects test," which requires proof that defendant

"(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods, Inc. v. Acercrem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017) (internal quotation marks omitted). This test looks "to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)). "[M]ere injury to a forum resident is not a sufficient connection to the forum," and "an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State." *Id.* (quoting *Walden*, 571 U.S. at 290). Consideration of the act is limited to whether an "external manifestation of the actor's will" is reflected, and "does not include any of [the act's] results, even the most direct, immediate, and intended." *Schwarzenegger*, 374 F.3d at 806 (internal quotation marks omitted). With respect to the "express aiming" prong of the effects test, "something more" is required than a "foreign act with foreseeable effects in the forum state." *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 675 (9th Cir. 2012) (internal quotation marks omitted).

Kumar does not contest that his conduct is intentional. Indeed, the Ninth Circuit has held that even the passive operation of a website or the purchasing of a domain name are intentional acts. *AMA Multimedia*, 970 F.3d at 1209. Rather, the gravamen of Kumar's purposeful direction argument is that his operation of the Goodporn.to website is not intentionally directed at the United States and thus does not foreseeably cause harm therein.[3] (*See* Opp'n 8–16.)

      a.    *Expressly Aimed at the United States*

When weighing the "expressly aimed" factor in similar contexts, the Ninth Circuit has required that a foreign website operator appeal to and profit from an audience in the forum. *See Will Co.*, 47 F.4th at 922–23; *AMA Multimedia*, 970 F.3d at 1210. The party asserting jurisdiction must present evidence of subjective intent. *See Will Co.*, 47 F.4th at 923–24.

---

[3] Kumar appears to use the terms "availment" and "direction" interchangeably, but clearly, those concepts are distinct. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010). Applying a liberal construction, the Court understands Kumar's motion as addressing the "purposeful direction" test for specific jurisdiction.

In *AMA Multimedia*, the plaintiff failed to meet its burden despite presenting evidence of:

> (1) [the defendant's] use of geo-targeted advertisements and the purported corresponding U.S. revenue, (2) [the website's] U.S. viewer-base, which comprises 19.21% of the site's total visitors, (3) [the website's] Terms of Service . . . , and (4) the use of the U.S.-based [domain name server].

970 F.3d at 1210.

But in *Will Co.*, the plaintiff satisfied its burden by showing analogous facts while also presenting two key pieces of evidence. First, the plaintiff showed that using a domestic content delivery network ("CDN") increases revenue by decreasing page loading times, or latency, for U.S.-based viewers. 47 F.4th at 924–25. Second, the defendants' website included notices of compliance with 18 U.S.C. § 2257 and the DMCA. *Id.* at 925. These facts constituted the "something more" required to establish a subjective intent to appeal to and profit from the U.S. market, which was missing in *AMA Multimedia*. *Id.* at 924.

Plaintiff has likewise carried its burden. For one, Kumar operates the Goodporn.to website almost identically to the *Will Co.* defendant and enjoys similar American web traffic. Both defendants use U.S.-based CDNs and purchased domestic domain name hosting services. (Tucker Decl. ¶ 36; Bjorgum Decl. Ex. K, ECF No. 40-9); *Will Co.*, 47 F.4th at 920. Both websites attracted over 1.3 million U.S.-based views in the relevant period. (Tucker Decl. ¶ 34); *Will Co.*, 47 F.4th at 927. While in *Will Co.*, 1.3 million views constituted just 4.6% of the website's total viewership, 47 F.4th at 927, here, 1.3 million hits constitute over 20% of Goodporn.to's web traffic, (Tucker Decl. ¶ 34). Additionally, both the *Will Co.* website and Goodporn.to use geotargeted advertisements. (Bjorgum Decl. Ex. I, ECF No. 40-7); *Will Co.*, 47 F.4th at 920–21. And as in *Will Co.*, Kumar's website also purports to avail itself of the DMCA's safe harbor provision and provides notice of compliance with the record-keeping requirements of § 2257. (Bjorgum Decl. Ex. J; Bjorgum Decl. Ex. L); *Will Co.*, 47 F.4th at 920. Thus, as in *Will Co.*, Kumar has expressly aimed his conduct at the United States.

b.    *Causing Harm that the Defendant Knows Is Likely to Be Suffered in the United States*

A defendant causes harm in a particular forum when the "bad acts" that form the basis of the plaintiff's complaint occur in that forum. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1231 (9th Cir. 2011). If a defendant's actions cause harm in multiple fora, jurisdiction is proper in any forum where a "sufficient" amount of harm occurs, even if that amounts to only a small percentage of the overall harm caused. *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006) (en banc) ("We take this opportunity to clarify our law and to state that the 'brunt' of the harm need not be suffered in the forum state. If a jurisdictionally sufficient amount of harm is suffered in the forum . . . it does not matter that even more harm might have been suffered in another [forum]."). Here, 1.3 million U.S.-based visits comprising 20% of Kumar's overall web traffic within the relevant period is undoubtedly substantial. *Will Co.*, 47 F.4th at 927.

Therefore, Kumar purposefully directed his conduct at the United States.

2.    <u>The Claim Arises Out of Kumar's Forum-Related Conduct</u>

The second condition for specific jurisdiction is that the claim asserted arises out of the defendant's forum-related conduct. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998). Here, courts determine whether the plaintiff "would not have been injured but for" the defendant's forum-directed conduct. *Id.* (internal quotation marks omitted).

Kumar's conduct satisfies this requirement. Kumar's use of a U.S.-based CDN, his purported compliance with § 2257 and the DMCA, geotargeted advertisements, and his website's significant U.S.-based web traffic all show conduct directed at the U.S. But for Kumar operating the Goodporn.to website, Plaintiff would not have suffered the alleged infringements to their copyrights. Thus, Plaintiff's claim arises out of Kumar's forum-related activities.

3.    <u>Exercising Jurisdiction Is Reasonable</u>

To satisfy due process, the exercise of jurisdiction must be reasonable. *Id.* Jurisdiction is reasonable only if it comports with fair play and substantial justice. *Id.* (citing *Burger King*, 471 U.S. at 476). The defendant bears the burden of presenting "a compelling case" that exercising jurisdiction would be unreasonable.

*Schwarzenegger*, 374 F.3d at 802 (internal quotation marks omitted). While it is almost always inconvenient and costly to litigate in a foreign forum, the defendant must show that the inconvenience of defending the lawsuit in this forum is "so substantial as to achieve *constitutional* magnitude." *Burger King*, 471 U.S. at 484. To determine reasonableness, courts weigh seven factors:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004) (citation omitted). Courts must weigh each factor, though no single factor is dispositive. *Panavision Int'l*, 141 F.3d at 1323.

Weighing the factors, the Court finds that exercising jurisdiction over Kumar would be reasonable.

### a.   *Purposeful Interjection*

The degree of interjection is substantial. While U.S.-based users comprise only about 20% of the total visits during the relevant period, American web traffic amounts to over 1.3 million monthly visits and double the next highest country. (Tucker Decl. ¶ 34; Tucker Decl. Ex. A, at 18.)[4] Through compliance notices accessible on Goodporn.to, Kumar asserts protection of American criminal and copyright laws. (Bjorgum Decl. Ex. J; Bjorgum Decl. Ex. L.) And Kumar's use of a U.S.-based CDN appears to be a conscious choice. Thus, the first factor weighs in favor of exercising jurisdiction.

### b.   *Defendant's Burden in Litigating*

As to burden, Kumar would be required to litigate in an unfamiliar forum halfway around the world and likely will need to travel to the United States if this

---

[4] Pinpoint citations of Exhibit A of the Tucker declaration refer to the page numbers generated in the CM/ECF header.

matter went to trial. Additionally, Kumar represents that he is unable to afford American legal services. (Mot. 20.) However, Plaintiff has indicated willingness to conduct mediation and much of discovery remotely, (Opp'n 19), which would mitigate Kumar's litigation burden. While Kumar's burden is substantial, his inconvenience is not "so great as to constitute a deprivation of due process." *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995) (internal quotation marks omitted). The second factor is neutral to exercising jurisdiction.

### c.   *Sovereignty*

Exercising jurisdiction here would not impinge on the sovereignty of India or Cyprus. Kumar's relationship to the United States is substantial. The Goodporn.to website displays geotargeted advertisements and a fixed advertisement for escort services in New York. (Bjorgum Decl. Ex. I.) Kumar likely earns "substantial revenues from advertisers, email lists, data mining, and possibly paid members," with U.S.-based viewership exceeding that of any other country during the relevant period. (Tucker Decl. ¶ 15; Tucker Decl. Ex. A, at 18.) While "litigation against an alien defendant creates a higher jurisdictional barrier than litigation against a citizen from a sister state," *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1199 (9th Cir. 1988), Kumar's connections to the United States are sufficient to overcome this barrier. The third factor weighs in favor of exercising jurisdiction.

### d.   *Forum State's Interest*

The United States has an interest in adjudicating Plaintiff's claims because it has a substantial interest in providing a forum for copyright holders, like Plaintiff, to seek redress. Plaintiff has registered thousands of works, 1,439 of which were discovered on Goodporn.to in 2021. (Tucker Decl. ¶¶ 20, 26.) Kumar's alleged infringement directly implicates those copyrights. The fourth factor weighs in favor of exercising jurisdiction.

### e.   *Efficient Resolution*

Litigation in the United States is unlikely to provide the most efficient resolution of the controversy. Kumar argues that "[a]ll evidence and witnesses will be outside the United States." (Mot. 21.) Plaintiff's sole rebuttal appears to be that CDN-related evidence is based in the United States. (Opp'n 20.) While Plaintiff contends that Kumar has not provided an alternative forum, he does contend that "[t]his dispute belongs in India or Cyprus." (Mot. 21.) In any event, because the

---

majority of evidence and witnesses, including the parties themselves, are located abroad, this factor weighs against exercising jurisdiction. The Court notes, however, "that this factor is 'no longer weighed heavily given the modern advances in communication and transportation.'" *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1133 (9th Cir. 2003) (quoting *Panavision Int'l*, 141 F.3d at 1323)).

### f.   *Convenient and Effective Relief for Plaintiff*

While litigating in the United States may not be the most convenient for Plaintiff, it is likely the most effective at providing relief. Evidence and witnesses located abroad undoubtedly introduce inconvenience to Plaintiff. On the other hand, Plaintiff has registered copyrights in the United States and seeks redress for the alleged infringement of those rights. (*See generally* FAC.) However, Plaintiff has failed to provide any evidence that "it cannot receive effective relief in" India or Cyprus. *Paccar Int'l v. Com. Bank of Kuwait, S.A.K.*, 757 F.2d 1058, 1066 (9th Cir. 1985). The sixth factor, which "is not of paramount importance," *Harris Rutsky & Co.*, 328 F.3d at 1133, weighs against exercising jurisdiction.

### g.   *Alternative Forum*

Plaintiff has not met its burden of establishing that no other forum is available. *See Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1490 (9th Cir. 1993). Rather, it only contends that United States district judges "are far more equipped to apply United States copyright laws" than those in other countries. (Opp'n 20.) Plaintiff's assertion is insufficient to convince the Court that it would essentially be barred from bringing suit in India, Cyprus, or any other forum. *See Core-Vent*, 11 F.3d at 1490 ("Core–Vent has not met its burden of proving that it would be precluded from suing the doctors in Sweden."). The seventh factor weighs against exercising jurisdiction.

Based on the above, the Court concludes that the exercise of jurisdiction in this case would comport with fair play and substantial justice. *See Panavision Int'l*, 141 F.3d at 1322. The factors favoring jurisdiction are of greater importance in this analysis and thus outweigh the three factors disfavoring jurisdiction. Thus, the exercise of jurisdiction over Kumar is reasonable.

## IV.    CONCLUSION

Accordingly, the Court concludes that exercising specific personal jurisdiction over Kumar does not run afoul of due process. Dismissal based on forum non conveniens is also unwarranted. Kumar's motion is denied. Kumar shall answer the first amended complaint within 14 days. Fed. R. Civ. P. 12(a)(4)(A).

**IT IS SO ORDERED.**