1 | **KARISH & BJORUGM, PC**
2 | A. ERIC BJORGUM (State Bar No. 198392)
  | Eric.bjorgum@kb-ip.com
3 | MARC KARISH (State Bar No. 205440)
4 | Marc.karish@kb-ip.com
  | 119 E. Union Street, Suite B
5 | Pasadena, CA 91103
6 | Telephone:  (213) 785-8070
  | Facsimile:   (213) 995-5010
7 |
8 | Attorneys for Plaintiff
  | MG PREMIUM LTD.
9 |

## UNITED STATES DISTRICT COURT
## IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MG PREMIUM LTD, a limited liability company organized under the laws of the Republic of Cyprus,<br><br>            Plaintiff,<br><br>      vs.<br><br>JOHN DOES 4-20, d/b/a GOODPORN.TO, AMRIT KUMAR, an individual; LIZETTE LUNDBERG, an individual; and EMILIE BRUNN, an individual,<br>            Defendants.<br><br>AMRIT KUMAR, an individual; LIZETTE LUNDBERG, an individual<br><br>            Counterclaimants,<br>      vs.<br> MG PREMIUM LTD, a limited liability company organized under the laws of the Republic of Cyprus,<br>            Counterdefendant. | Case No.  2:21-cv-8533<br><br>**PLAINTIFF'S SPECIAL MOTION TO STRIKE UNDER CAL. CIV. PROC.CODE § 425.16 OR, IN THE ALTERNATIVE, MOTION TO DISMISS**<br><br>Judge:   Hon. Marc Scarsi<br>Date:    March 13, 2023<br>Court:   Courtroom 7C, First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012 |

NOTICE OF MOTION AND SPECIAL MOTION TO STRIKE OR DISMISS

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on March 13, 2023, at 9:00 A.M. or as soon thereafter as the matter may be heard, in Courtroom 7C of the above-entitled court, located at the 1st Street Courthouse, 350 West First Street, Los Angeles, CA 90012, Plaintiff MG PREMIUM LTD, will, and hereby does, bring special motion to strike the Counterclaims of Counterclaimant Lizette Lundberg, or in the alternative, to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

The motion is made pursuant to Cal. Code Civ. P. § 425.16 and Fed.R.Civ.P. 12(b)(6) upon the grounds that all of the Counterclaims arise from petitioning activity protected by the United States and California Constitutions and that, alternatively, Counterclaimant has failed to state claim upon which relief can be granted.

The motion shall be based upon this notice, the memorandum of points and authorities, the proposed order and the arguments of counsel, and such other matters as may be presented to the Court at the hearing on the motion. A proposed order and the proposed factual findings and conclusions of law are lodged separately herewith in accordance with this Court's Orders.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on January 31, 2023.

Dated: February 7, 2023　　　　　　KARISH & BJORGUM, PC

By: _____

A. Eric Bjorgum
Karish & Bjorgum, PC
Attorneys for Plaintiff MG Premium Ltd.

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. FACTS ...................................................................................................................1

III. LEGAL STANDARDS .........................................................................................3

   A. California's Anti-SLAPP Statute ....................................................................3

   B. Motion to Dismiss ...........................................................................................4

IV. ARGUMENT .........................................................................................................5

   A. Counterclaimant's Malicious Prosecution Claim Should Be Stricken Under the Anti-SLAPP statute. ..........................................................................................5

     1. The Anti-SLAPP Statute Applies to the Claim for Malicious Prosecution. .............5

     2. Lundberg Cannot Demonstrate a Probability of Prevailing on the Claim Against MG Premium. ......................................................................................5

   B. The Abuse of Process Claim Should Be Stricken Under the Anti-SLAPP Statute. 6

     1. The Anti-SLAPP Statute Applies to The Abuse of Process Claim. .......................7

     2. Lundberg Cannot Show a Probability of Success on the Merits of the Abuse of Process Claim ....................................................................................................7

   C. The Defamation Claim Should Be Stricken .....................................................9

     1. The Anti-SLAPP Statue Applies to The Defamation Claim ................................10

     2. Lundberg Cannot Plead a Claim for Defamation ................................................10

   D. The Anti-SLAPP Motion Should Be Granted and Fees Awarded ..................11

   E. Alternatively, The Court Should Grant Counterdefendant's Motion To Dismiss. ...................................................................................................................11

1. The Conduct Alleged in Support of Abuse of Process and Defamation Claims Is Privileged .................................................................................................................. 12

2. Even If Not Privileged, The Alleged Conduct Fails to State a Claim ....................... 12

V. CONCLUSION ................................................................................................. 13

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) .......... 4

*Babb v. Superior Court*, 3 Cal. 3d 841, 846, 92 Cal. Rptr. 179, 181, 479 P.2d 379, 381 (1971) ................................................................................................................. 7

*Baker v. Littman, supra*, 138 Cal.App.2d 510, 514; 2 Witkin, Summary of Cal. Law (1960) Torts, § 97, p. 1268) ................................................................................ 6

*Bell AtL Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ................................................................................................................. 4

*Contemporary Services Corp. v. Staff Pro Inc.*, 152 Cal.App.4th 1043, 1056 (2007) .... 5

*Daniels v. Robbins*, 182 Cal.App.4th 204, 215 (2010) ...................................................... 6

*Dean v. Kaiser Found. Health Plan, Inc.* 562 .F.Supp.3d 928 (C.D. Cal. 2022.) ........... 4

*Equilon*, 29 Cal.4th at 67 ................................................................................................. 6

*Gregory v. McDonnell Douglas Corp.*, 17 Cal. 3d 596, 600, 131 Cal. Rptr. 641, 552 P.2d 425 (1976) ................................................................................................. 10

*Hustler Magazine v. Falwell*, 485 U.S. 46, 50, 108 S. Ct. 876, 99 L. Ed. 2d 41 (1988) ................................................................................................................. 10

*Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1259, 217 Cal. Rptr. 3d 234 (2017) 10, 11, 13

*Jarrow Formulas, Inc. v. LaMarche*, 31 Cal.4th 728, 734-735 (2003) ........................... 6

*JSJ Ltd. P'ship v. Mehrban*, 205 Cal. App. 4th 1512, 1522, 141 Cal. Rptr. 3d 338 (2012) ............................................................................................................. 8, 9

*Kashian v. Harriman*, 98 Cal. App. 4th 892, 905, 120 Cal. Rptr. 2d 576 (2002) ....... 3, 4

*Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). ...................................... 5

*Mattel, Inc. v. Luce Forward Hamilton & Scripps*, 99 Cal.App.4th 1179, 1188 (2002) 5

*Milkovich v. Lorain J. Co.*, 497 U.S. 1, 20, 110 S. Ct. 2695, 111 L. Ed. 2d 1 (1990) .. 10

*Mosafer Inc. v. Broidy*, 2022 U.S. Dist. LEXIS 21001, at *28-29 (C.D. Cal. Feb. 4, 2022) ................................................................................................................. 8

*Muller v. Muller* (1962) 206 Cal. App. 2d 731, 733, 23 Cal. Rptr. 900 .................... 9, 12

*Navellier v. Sletten*, 29 Cal. 4th 82, 88 (2002) ................................................................ 6

*Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017) ................................................... 5

*Rubin v. Green*, 4 Cal. 4th 1187, 1193-94, 17 Cal. Rptr. 2d 828, 847 P.2d 1044 (1993) 9

*Rusheen v. Cohen,* 37 Cal. 4th 1048, 1057, 39 Cal. Rptr. 3d 516, 128 P.3d 713 (2006) ............................................................................................................................... 7, 8

*Sarver v. Chartier*, 813 F.3d 891, 901 (9th Cir. 2016) ................................................... 4

*Sheldon Appel Co. v. Albert & Oliker*, Cal.3d 863, 871 (1989) ..................................... 5

*Simmons v. Allstate Insurance Co.*, 92 Cal.App.4th 1068, 1073 (2001) ......................... 6

*Sosa v. Directv.* 437 F.3d 923, 936 (9th Cir. 2006) ........................................................ 9

*United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 973 (9th Cir. 1999) ..................................................................................................... 3, 4

*Warren v. Wasserman, Comden & Casselman*, 220 Cal. App. 3d 1297, 1300–1301, 271 Cal. Rptr. 579 (1990) ................................................................................................ 9

*Younger v. Solomon*, 38 Cal.App.3d 289, 297, 113 Cal.Rptr. 113 ............................ 9, 12

**Other Authorities**

Cal. Civ. Code § 47 ........................................................................................................ 12

Cal. Civ. Code § 47(b) ................................................................................................. 8, 9

Cal. Civ. Code § 425.16(b)(1) ..................................................................................... 3, 4

Cal. Civ. Code § 425.16 (c) .......................................................................................... 11

Cal. Civ. Code § 425.16(e)(1) .................................................................................. 7, 10

## I. INTRODUCTION

The Court should grant this special motion to strike because the Counterclaims of Defendant Lizette Lundberg ("Lundberg") are based purely on the fact that she was sued in this same case. Lundberg brings counterclaims for abuse of process, malicious prosecution and defamation, all centered on a barebones pleading with three central allegations: she was not properly served; the case against her is groundless; and Plaintiff's agent hired her so that she would submit copyright claims that were false to be used against her in this litigation.

None of these counterclaims would exist were it not for this litigation. As this Court knows, the only claim that can be brought on the basis of filing a lawsuit is malicious prosecution, and malicious prosecution is tightly circumscribed to only apply to cases where there has been a favorable termination in the underlying action. This is to avoid the exact situation here: satellite litigation based on an underlying case that has not yet terminated.

Malicious prosecution is such a heavily scrutinized claim that it per se meets the first step of the anti-SLAPP test. And here, without a final judgment, Lundberg can never show a likelihood of success because there is no termination. Similarly, the abuse of process and defamation claims are based on protected conduct that could only be brought as a malicious prosecution claim, and that claim will not lie here.

Finally, if the Court is not inclined to grant the anti-SLAPP motion, it should grant Plaintiff's motion to dismiss because each of the counterclaims lacks a key element.

## II. FACTS

MG Premium Ltd. ("MG Premium") is among the world's leading providers of premium adult entertainment content. (First Amended Complaint ("FAC"), ¶ 1.) By this lawsuit, MG Premium seeks to protect thousands of its copyrighted audiovisual

works from blatant infringement by Defendants. (FAC, ¶ 2.) The conduct that gives rise to this lawsuit is egregious and willful. Defendants own and operate websites engaged in illegally copying and distributing infringing audiovisual works. (FAC ¶ 3.) MG Premium owns one of the largest portfolios of premium adult-oriented audiovisual content in the world. MG Premium routinely registers copyrights in its contents with the U.S. Copyright Office. (FAC, ¶ 25.)

Without permission, Defendants display and encourage downloading of thousands of Plaintiff's protected works. Defendant Amrit Kumar, ostensibly living in India, has claimed that he has the right display the works. (Amended Answer, Dkt. No. 63.) Lizette Lundberg, the Counterclaimant and Defendant whose pleadings are at issue here, had sent a counternotice under the Digital Millennium Copyright Act ("DMCA") asserting ownership of Plaintiff's works, thus creating a controversy giving rise to a claim for a declaration of ownership by Plaintiff.

In response, Lundberg served an answer and counterclaims. The counterclaims are for malicious prosecution, abuse of process and defamation. The entirety of Lundberg's material allegations are as follows:

> 1. In addition to my request to be removed as a defendant in the above-referenced copyright lawsuit, I am also filing a counterclaim against the plaintiff for defamation, abuse of legal process, and malicious prosecution.

> 2. I am alleging that the plaintiff purposely failed to properly serve me with the complaint in order to prevent me from being able to defend myself. They knew or should have known that I was not involved in any illegal activities, yet they proceeded to name me as a defendant without

> 3. Furthermore, I claim that the plaintiff's agent, Mr. Jason Tucker, hired me to perform certain services and then used me as a pawn to create false evidence and wrong-doing to accuse the other defendants. This constitutes an abuse of legal process and malicious prosecution.
>
> 4. As a result of the plaintiff's actions, my reputation has been damaged, and I have suffered financial loss. I am seeking damages for the harm caused to my reputation and business, as well as attorney's fees incurred in defending myself against these false accusations.

(Dkt. No. 60.)

## III. LEGAL STANDARDS

### A. California's Anti-SLAPP Statute

California Code of Civil Procedure section 425.16 permits a special motion to strike a strategic lawsuit against public participation ("SLAPP"). Such a motion allows courts to dismiss at an early stage unmeritorious litigation that challenges various kinds of protected speech. See Cal. Civ. Proc. Code § 425.16(b)(1); *Kashian v. Harriman*, 98 Cal. App. 4th 892, 905, 120 Cal. Rptr. 2d 576 (2002). Federal courts give full effect to the anti-SLAPP statute. *See United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 973 (9th Cir. 1999).

Anti-SLAPP motions are subject to a two-step analysis with shifting burdens. First, the movant must make a threshold showing that the challenged claim arises from an "act . . . in furtherance of [the movant's] right of petition or free speech" within the meaning of California Civil Procedure Code section 425.16(e). *Sarver v. Chartier*, 813 F.3d 891, 901 (9th Cir. 2016) (internal quotation marks omitted). If the movant

satisfies this threshold showing, the burden shifts to the claimant to establish a reasonable probability of prevailing by demonstrating that the challenged claim is "both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Id.* (internal quotation marks omitted). *See Dean v. Kaiser Found. Health Plan, Inc.*, 562 F.Supp.3d 928 (C.D. Cal. 2022.)

### B. Motion to Dismiss

If the anti-SLAPP motion is denied, the Court can still consider a motion to dismiss. Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell AtL Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

This inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

IV. **ARGUMENT**

A. **Counterclaimant's Malicious Prosecution Claim Should Be Stricken Under the Anti-SLAPP statute.**

The anti-SLAPP motion should be granted as to the claim for malicious prosecution because the anti-SLAPP statute applies *per se* to all claims for malicious prosecution, and Counterclaimant cannot overcome that showing because there has been no favorable termination of this action. To prevail on her cause of action for malicious prosecution, Lundberg must demonstrate: "(1) a favorable determination on the merits of the underlying action, (2) which was brought without probable cause, and (3) which was initiated with malice." *Contemporary Services Corp. v. Staff Pro Inc.*, 152 Cal.App.4th 1043, 1056 (2007) (citing *Sheldon Appel Co. v. Albert & Oliker*, Cal.3d 863, 871 (1989).

1. **The Anti-SLAPP Statute Applies to the Claim for Malicious Prosecution.**

In California, it is well established that a cause of action for malicious prosecution is subject to anti-SLAPP. *Mattel, Inc. v. Luce Forward Hamilton & Scripps*, 99 Cal.App.4th 1179, 1188 (2002). In fact, "[t]he plain language of the anti-SLAPP statute dictates that every claim of malicious prosecution is a cause of action arising from protected activity because every such claim necessarily depends upon written and oral statements in a prior judicial proceeding." *Daniels v. Robbins*, 182 Cal.App.4th 204, 215 (2010) (citing *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal.4th 728, 734-735 (2003). Here, because this action includes a cause of action for malicious prosecution, it is subject to anti-SLAPP, and MG Premium has met its burden on the first prong of the analysis.

2. **Lundberg Cannot Demonstrate a Probability of Prevailing on the Claim Against MG Premium.**

Because this action is subject to the anti-SLAPP statute, Lundberg carries the burden to show, and not merely allege, a probability of prevailing on each element of her claim. *Equilon*, 29 Cal.4th at 67; *Navellier v. Sletten*, 29 Cal. 4th 82, 88 (2002). Specifically, Lundberg must demonstrate that the pleadings are both legally sufficient and supported by a prima facie showing of facts sufficient to sustain a favorable judgment. *Navellier,* 29 Cal.4th at 88–89. Lundberg must make a prima facie showing with "competent admissible evidence within the personal knowledge of the declarant," similar to the evidentiary showing required on summary judgment motions. If Lundberg is unable to establish a probability of prevailing on each element of his claim, the Court must grant the motion and strike the complaint. *Simmons v. Allstate Insurance Co.*, 92 Cal.App.4th 1068, 1073 (2001).

The California Supreme Court has held that the favorable termination element requires "a favorable termination of the *entire* action." *Crowley*, 881 P.2d at 1093-94 (emphasis in original). Thus, a defendant such as Lundberg cannot counterclaim for malicious prosecution in the first action since there is no cause of action at that stage of the proceedings. *Babb v. Superior Court*, 3 Cal. 3d 841, 846, 92 Cal. Rptr. 179, 181, 479 P.2d 379, 381 (1971) (citing *Baker* v. *Littman,* 138 Cal.App.2d 510, 514 (1956); 2 Witkin, Summary of Cal. Law (1960) Torts, § 97, p. 1268)).

### B. The Abuse of Process Claim Should Be Stricken Under the Anti-SLAPP Statute.

The abuse of process claim should be stricken because the alleged conduct is privileged under California's litigation privilege, and Lundberg fails to allege a viable claim. To state a claim for abuse of process, Lundberg must show that MG Premium "(1) contemplated an ulterior motive in using the process, and (2) committed a willful act in the use of the process not proper in the regular conduct of the

proceedings." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057, 39 Cal. Rptr. 3d 516, 128 P.3d 713 (2006).

### 1. The Anti-SLAPP Statute Applies to The Abuse of Process Claim.

The facts relevant to the abuse of process claim are that (i) MG Premium purposely failed to "properly serve" Lundberg with the complaint "in order to prevent [Lundberg] from being able to defend myself; (ii) that MG Premium "knew or should have known" that Lundberg "was not involved in any illegal activities, yet they proceeded to name me as a defendant without proper cause" (iii) and that Plaintiff's agent "hired [Lundberg] to perform certain services and then used [Lundberg] as a pawn to create false evidence and wrong-doing to accuse the other defendants." (Dkt. No. 60.)

All of these actions are grounded in conduct before a judicial proceeding. The statute applies to acts in furtherance of the rights of free speech or petition, and it expressly states that "any written or oral statement or writing made before a . . . judicial proceeding" is an "act in furtherance of a person's right of petition or free speech." Cal. Civ. Proc. Code § 425.16(e)(1). Therefore, the anti-SLAPP statute applies, and the first prong is met.

### 2. Lundberg Cannot Show a Probability of Success on the Merits of the Abuse of Process Claim

Lundberg cannot show a probability of success on the merits because the abuse of process claims are barred by California's litigation privilege. As this Court has stated under similar circumstances in *Mosafer Inc. v. Broidy*, 2022 U.S. Dist. LEXIS 21001, at *28-29 (C.D. Cal. Feb. 4, 2022):

| | |
|---|---|
| 1 | However, "communications with some relation to judicial proceedings |
| 2 | are absolutely immune from tort liability by the litigation |
| 3 | privilege." *Id.* at 1057 (cleaned up); *see* Cal. Civ. Code § 47(b) |
| 4 | (establishing litigation privilege). The litigation privilege "bars all tort |
| 5 | causes of action except a claim of malicious prosecution." *Flatley*, 39 |
| 6 | Cal. 4th at 322 (internal quotation marks omitted); *see Rusheen*, 37 Cal. |
| 7 | 4th at 1063 ("[D]espite . . . concern for the potential abolishment of the |
| 8 | common law tort of abuse of process, modern public policy seeks to |
| 9 | encourage free access to the courts and finality of judgments by limiting |
| 10 | derivative tort claims arising out of litigation-related misconduct . . . ." |
| 11 | (citation omitted)). The litigation privilege may be considered at the |
| 12 | second step of an anti-SLAPP motion as "a substantive defense plaintiff |
| 13 | must overcome to demonstrate a probability of prevailing." *JSJ Ltd.* |
| 14 | *P'ship v. Mehrban*, 205 Cal. App. 4th 1512, 1522, 141 Cal. Rptr. 3d 338 |
| 15 | (2012) (internal quotation marks omitted). |
| 16 | Here, the abuse of process claim clearly has "some relation to judicial |
| 17 | proceedings." All of the predicate acts here (failure to properly serve, plaintiff suing |
| 18 | even though it "knew or should have known" defendant wasn't involved in illegal acts, |
| 19 | and being used as a "pawn" to create evidence) are related to judicial proceedings. |
| 20 | Moreover, even if these acts were not privileged, Lundberg has shown no |
| 21 | "willful act in the use of process not proper in the regular conduct of the proceedings." |
| 22 | She alleges that she was sued and not properly served, yet she has appeared. She |
| 23 | argues that she should not have been sued, but that cannot be a ground for abusive |
| 24 | process or every disputed case would have that counterclaim. This is similar to other |
| 25 | cases where abuse of process has not been found. For instance, in *Warren v.* |
| 26 | *Wasserman, Comden & Casselman*, 220 Cal. App. 3d 1297, 1300–1301, 271 Cal. |

Rptr. 579 (1990), the Court found that improper purpose underlying maintenance of a lawsuit was insufficient for abuse of process.  In *Younger v. Solomon*, 38 Cal.App.3d 289, 297, 113 Cal.Rptr. 113 (1974), the Court found that abuse of process was not found where the claim was vexation or harassment by filing a lawsuit.  In *Muller v. Muller,* 206 Cal. App. 2d 731, 733, 23 Cal. Rptr. 90 (1962), abuse of process was not present where the only allegation was that the complaint was filed to harass and cause defendant financial loss.  *See also, JSJ Ltd. P'ship v. Mehrban,* 205 Cal. App. 4th 1512, 1523, 141 Cal. Rptr. 3d 338, 346 (2012) ("[T]he mere filing or maintenance of a lawsuit—even for an improper purpose—is not a proper basis for an abuse of process action." (internal quotation marks omitted)).

      The alleged communications from Jason Tucker are also protected.  The Ninth Circuit has recognized that pre-litigation communications are protected by the *Noerr-Pennington* doctrine. *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 934 (9th Cir. 2006) (in the litigation context, not only petitions sent directly to the court in the course of litigation, but also 'conduct incidental to the prosecution of the suit' is protected by the *Noerr-Pennington* doctrine (citation omitted)). The Court analogized to California, stating that "many states, including California, protect prelitigation communications under statutorily granted litigation privileges. *See*, *e.g.*, *Rubin v. Green*, 4 Cal. 4th 1187, 1193-94, 17 Cal. Rptr. 2d 828, 847 P.2d 1044 (1993) (discussing Cal. Civ. Code § 47(b))." Tucker's alleged communications – to the extent they even happened at all - were conduct incidental to litigation and thus immune.  Moreover, they have nothing to do with misuse of process of the Court, since no case was even filed.

      C.    **The Defamation Claim Should Be Stricken**

      The defamation claim should be stricken for the same reasons as the abuse of process claim: it falls within the anti-SLAPP statute, it is privileged, and Lundberg

cannot overcome the presumption in favor of striking. Defamation requires a claimant to plead five elements: "(1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." *Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1259, 217 Cal. Rptr. 3d 234 (2017) (internal quotation marks omitted). The false statement must concern a factual matter. *Gregory v. McDonnell Douglas Corp.*, 17 Cal. 3d 596, 600, 131 Cal. Rptr. 641, 552 P.2d 425 (1976). The First Amendment protects "statements that cannot 'reasonably [be] interpreted as stating actual facts' about an individual." *Milkovich v. Lorain J. Co.*, 497 U.S. 1, 20, 110 S. Ct. 2695, 111 L. Ed. 2d 1 (1990) (alteration in original) (quoting *Hustler Magazine v. Falwell*, 485 U.S. 46, 50, 108 S. Ct. 876, 99 L. Ed. 2d 41 (1988)).

### 1. The Anti-SLAPP Statue Applies to The Defamation Claim

Lundberg's defamation claim is also subject to the anti-SLAPP statute because it has some relation to the judicial process. Lundberg claims her "reputation has been damaged" "as a result of the plaintiff's actions." The "plaintiff's actions" that she has alleged (filing an ostensibly groundless case, improper service, creating evidence) are all communications related to litigation.

Like the abuse of process claim, all of these actions are grounded in conduct before a judicial proceeding. The statute expressly states that "any written or oral statement or writing made before a . . . judicial proceeding" is an "act in furtherance of a person's right of petition or free speech." Cal. Civ. Proc. Code § 425.16(e)(1). Therefore, this claim is within the ambit of the anti-SLAPP statute.

### 2. Lundberg Cannot Plead a Claim for Defamation

Once again, like in the abuse of process claim, there can be no claim other than malicious prosecution that is grounded in communication related to judicial

proceedings. The litigation privilege is an "absolute privilege" and "bars all tort causes of action [related to judicial proceedings] except a claim of malicious prosecution." *Flatley v. Mauro*, 39 Cal. 4th 299, 322 (2006) (internal quotation marks omitted). The predicate acts here are related to judicial proceedings because the alleged defamation comes from Plaintiff's "actions," which all have to do with filing a lawsuit.

Moreover, even if not privileged, Lundberg's claims fail because she identifies no statement. Defamation requires five elements: "(1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." *Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1259, 217 Cal. Rptr. 3d 234 (2017). Lundberg simply says that Plaintiff's actions have damaged her reputation. Thus, there is no statement or publication – a lawsuit in general is not a "statement" about Lundberg; she has identified no specific allegation. Nor would such a statement be unprivileged, for the reasons discussed above. Nor has she clearly identified any reputational harm.

### D. The Anti-SLAPP Motion Should Be Granted and Fees Awarded

As shown above, the anti-SLAPP motion should be granted. Counterclaimant Lundberg's barebones claims all derive from a core of litigation-related conduct. They are all privileged, and, even if not, the allegations are insufficient to overcome the showing of the first prong of the anti-SLAPP statute. Fees should be awarded. Cal. Code Civ. P. § 425.16 (c) provides that ("(1) Except as provided in paragraph (2), in any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorney's fees and costs."

### E. Alternatively, The Court Should Grant Counterdefendant's Motion To Dismiss.

If the anti-SLAPP motion is denied, the Court should grant Counterdefendant's Motion to Dismiss.

### 1. The Conduct Alleged in Support of Abuse of Process and Defamation Claims Is Privileged

As shown above, the conduct allegedly supporting the abuse of process and defamation claims is privileged. Cal. Civ. Code § 47 provides that "A privileged publication or broadcast is one made: (b) In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure." The alleged conduct for all three of Lundberg's claims is related to the fact that Plaintiff filed a lawsuit. Thus, it is privileged, and the question ends there.

### 2. Even If Not Privileged, The Alleged Conduct Fails to State a Claim

Even if the Court decides to assess the claims, there are key problems with each claim. First, the malicious prosecution claim omits the element of favorable termination, which is impossible on this record because the underlying action is still proceeding. Again, the California Supreme Court has held that the favorable termination element requires "a favorable termination of the *entire* action." *Crowley v. Katleman*, 8 Cal. 4th 666, 685, 881 P.2d 1083, 1093-94 (1992) (emphasis in original).

Second, the abuse of process claim fails to allege any misuse of actual Court process for an improper purpose. Even allegations of vexation and harassment do not support a claim for abuse of process. *Younger*, 38 Cal.App.3d at 297; *Muller*, 206 Cal. App. 2d at 733. Counterclaimant's complaint is essentially, over and over, "I was sued."

Third, the defamation claim fails to allege multiple elements. There are no publications alleged – just **actions** regarding a lawsuit. There is no allegation that the

matter is unprivileged. Finally, there is no identification of a specific statement or how it is false and harmful. *Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1259, 217 Cal. Rptr. 3d 234 (2017) (defamation requires "(1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage.").

These claims simply are not plausible. They are all a species of suing for being sued, and malicious prosecution is the only claim available with that element. The litigation privilege "bars all tort causes of action except a claim of malicious prosecution." *Flatley*, 39 Cal. 4th at 32. But here there has been no favorable termination of the underlying case. *Crowley*, 8 Cal. 4th at 685. The claims therefore lack facial plausibility. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Counterclaimant's claims for defamation, abuse of process and malicious prosecution claims all lack facial plausibility and should be dismissed.

## V.   CONCLUSION

For the foregoing reasons, the anti-SLAPP motion, or, alternatively, the motion to dismiss, should be granted in its entirety.

Dated: February 7, 2023            KARISH & BJORGUM, PC

By: _____
 A. Eric Bjorgum
Karish & Bjorgum, PC
Attorneys for Plaintiff MG Premium