**KARISH & BJORUGM, PC**
A. ERIC BJORGUM (State Bar No. 198392)
Eric.bjorgum@kb-ip.com
MARC KARISH (State Bar No. 205440)
Marc.karish@kb-ip.com
119 E. Union Street, Suite B
Pasadena, CA 91103
Telephone: (213) 785-8070
Facsimile: (213) 995-5010

Attorneys for Plaintiff
MG PREMIUM LTD.

UNITED STATES DISTRICT COURT
IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MG PREMIUM LTD., a limited liability company organized under the laws of the Republic of Cyprus,<br><br>  Plaintiff,<br><br>  vs.<br><br>JOHN DOES 4-20, d/b/a GOODPORN.TO, AMRIT KUMAR, an individual; LIZETTE LUNDBERG, an individual; and EMILIE BRUNN, an individual,<br><br>  Defendants. | Case No.  2:21-cv-08533-MCS-KK<br><br>**COUNTER-DEFENDANT MG PREMIUM LTD.'S ANSWER TO DEFENDANT/COUNTERCLAIMANT KUMAR'S COUNTERCLAIMS**<br><br>Judge: Hon. Mark C. Scarsi<br>Courtroom: First Street Courthouse, 350 W. 1st Street, Courtroom 7C, 7th Floor, Los Angeles, California 90012 |
| AMRIT KUMAR, an individual; LIZETTE LUNDBERG, an individual<br><br>  Counterclaimants,<br>  vs.<br>MG PREMIUM LTD., a limited liability company organized under the laws of the Republic of Cyprus,<br>  Counter-Defendant. | |

Plaintiff/Counter-Defendant, MG Premium Ltd. ("Plaintiff/Counter-Defendant" or "MG PREMIUM") by and through its attorneys, Karish & Bjorgum P.C., hereby submits the within Answer to the Amended Counterclaim of Defendant/Counterclaimant Amrit Kumar ("Defendant/Counterclaimant" or "Kumar") (Dkt. No. 63), filed on January 26, 2023, in accordance with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Central District of California, as follows:

## COUNTERCLAIM

1. Answering paragraph 1 of the Counterclaim, Plaintiff/Counter-Defendant denies the allegations of this paragraph of the Counterclaim.

## PARTIES

2. Answering paragraph 2 of the Counterclaim, Plaintiff/Counter-Defendant is without sufficient information to admit or deny the allegations and on that basis denies the allegations in this paragraph of the Counterclaim.

3. Answering paragraph 3 of the Counterclaim, Plaintiff/Counter-Defendant admits the allegations of this paragraph of the Counterclaim.

## JURISDICTION AND VENUE

4. Answering paragraph 4 of the Counterclaim, Plaintiff/Counter-Defendant admits the allegations of this paragraph of the Counterclaim.

5. Answering paragraph 5 of the Counterclaim, Plaintiff/Counter-Defendant admits the allegations of this paragraph of the Counterclaim.

## AS AND FOR COUNTER PLAINTIFF'S FIRST CAUSE OF ACTION
### (Unfair Business Practices – 15 USC §45)

6. Answering paragraph 6 of the Counterclaim, Plaintiff/Counter-Defendant incorporates its responses to paragraphs 1-5 of the Counterclaim as though fully set forth herein.

7. Answering paragraph 7 of the Counterclaim, Plaintiff/Counter-

Defendant submits that paragraph 7 of the Counterclaim is a statement of law for which no response is required. However, should a response be required, Plaintiff/Counterclaim Defendant denies the allegations in this paragraph and denies that Section 5(a) of the FTC Act applies to this case.

8.  Answering paragraph 8 of the Counterclaim, Plaintiff/Counter-Defendant submits that paragraph 8 of the Counterclaim is a statement of law for which no response is required. However, should a response be required, Plaintiff/Counterclaim Defendant denies the allegations in this paragraph and denies that the allegations in this paragraph apply to this case.

9.  Answering paragraph 9 of the Counterclaim, Plaintiff/Counter-Defendant denies the allegations of this paragraph of the Counterclaim.

10. Answering paragraph 10 of the Counterclaim, Plaintiff/Counter-Defendant denies the allegations of this paragraph of the Counterclaim.

11. Answering paragraph 11 of the Counterclaim, Plaintiff/Counter-Defendant denies the allegations of this paragraph of the Counterclaim.

12. Answering paragraph 12 of the Counterclaim, Plaintiff/Counter-Defendant denies the allegations of this paragraph of the Counterclaim.

13. Answering paragraph 13 of the Counterclaim, Plaintiff/Counter-Defendant denies the allegations of this paragraph of the Counterclaim.

**AS AND FOR COUNTER PLAINTIFF'S SECOND CAUSE OF ACTION**

**(Breach of Contract)**

14. Answering paragraph 14 of the Counterclaim, Plaintiff/Counter-Defendant incorporates its responses to paragraphs 1-11 of the Counterclaim as though fully set forth herein.

15. Answering paragraph 15 of the Counterclaim, Plaintiff/Counter-Defendant submits that paragraph 15 of the Counterclaim is a statement of law for which no response is required. However, should a response be required,

Plaintiff/Counterclaim Defendant is without sufficient information to admit or deny the allegations of this paragraph of the Counterclaim and on that basis denies them.

16. Answering paragraph 16 of the Counterclaim, Plaintiff/Counter-Defendant denies the allegations of this paragraph of the Counterclaim.

17. Answering paragraph 17 of the Counterclaim, Plaintiff/Counter-Defendant denies the allegations of this paragraph of the Counterclaim.

18. Answering paragraph 18 of the Counterclaim, Plaintiff/Counter-Defendant admits that Counterclaimant served a DMCA notice and that Plaintiff/Counter-Defendant filed the instant lawsuit. Except as expressly admitted, Plaintiff/Counter-Defendant denies the allegations of this paragraph of the Counterclaim.

19. Answering paragraph 19 of the Counterclaim, Plaintiff/Counter-Defendant denies the allegations of this paragraph of the Counterclaim.

20. Answering paragraph 20 of the Counterclaim, Plaintiff/Counter-Defendant denies the allegations of this paragraph of the Counterclaim.

21. Answering paragraph 21 of the Counterclaim, Plaintiff/Counter-Defendant denies the allegations of this paragraph of the Counterclaim.

22. Answering paragraph 22 of the Counterclaim, Plaintiff/Counter-Defendant denies the allegations of this paragraph of the Counterclaim.

23. Answering paragraph 23 of the Counterclaim, Plaintiff/Counter-Defendant denies the allegations of this paragraph of the Counterclaim.

## AFFIRMATIVE DEFENSES

By asserting the affirmative defenses alleged here, Plaintiff/Counter-Defendant does not contend that it necessarily bears the burden of proof or persuasion for the issues raised therein. Moreover, Plaintiff/Counter-Defendant has insufficient knowledge upon which to form a belief as to whether additional defenses are available at the present time, and it reserves the right to amend its

Answer to add, delete, or modify defenses based on legal theories which may or will be divulged through clarification of the Counterclaims, through discovery, through change or clarification of the governing law, or through further legal analysis of Defendant/Counterclaimant position in this litigation.  For its affirmative defenses in this action, Plaintiff/Counter-Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.     The causes of action in the Defendant/Counterclaimant's Counterclaim fail to state a claim upon which relief can be granted.  There is no private right of action under 15 U.S.C. § 45.  Also, Counterclaimant's breach of contract claim has no allegation that counterclaimant paid Plaintiff for the works in question.  Finally, Counterclaimant fails to allege that Counter-Defendant was a party to any contract.

### SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

2.     Defendant/Counterclaimant's claims are barred, in whole or in part, by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE
### (Laches)

3.     Defendant/Counterclaimant's claims are barred, in whole or in part, by laches.

### FOURTH AFFIRMATIVE DEFENSE
### (Preemption)

4.     Defendant/Counterclaimant's claims are preempted, in whole or part, by the Copyright Act.

### FIFTH AFFIRMATIVE DEFENSE
### (Privilege)

6. Defendant/Counterclaimant's first claim is barred by privilege and the *Noerr-Pennington* doctrine because the claim is based on protected activity.

### SIXTH AFFIRMATIVE DEFENSE
### (No Statutory Damages or Attorney's Fees)

6. Defendant/Counterclaimant's claims are not entitled to statutory damages or attorney's fees.

### SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel / Detrimental Reliance / Waiver)

7. Defendant/Counterclaimant's claims fail because, if any contract existed, Counterclaimant never sought to enforce it, and Counter-Defendant detrimentally relied upon that non-enforcement.

### EIGHTH AFFIRMATIVE DEFENSE
### (Illegality / Contrary to Public Policy)

8. Defendant/Counterclaimant's claims fail because, if any contract existed, it was contrary to public policy or illegal for failure to follow the disclosure and documentary requirements for the adult-entertainment industry.

### NINTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

9. Defendant/Counterclaimant's claims fail because they fall outside the applicable statue of limitation(s).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff/Counter-Defendant asks the Court to enter judgment in its favor and to grant the following relief:

A. Dismissing with prejudice the entirety of the Counterclaims;

B. Denying all remedies and relief sought in the Counterclaims;

C. Finding that Defendant/Counterclaimant shall take nothing by his Counterclaims;

D. Awarding Plaintiff/Counter-Defendant its costs, attorneys' fees and expenses incurred herein; and

E. Granting such other and further relief as the Court may deem just and proper.

Respectfully submitted:

Dated: February 14, 2023      KARISH & BJORGUM, PC


By: */s/ A. Eric Bjorgum*                .

A. Eric Bjorgum
Karish & Bjorgum, PC
Attorneys for Plaintiff MG Premium Ltd.

**JURY DEMAND**

Plaintiff/Counter-Defendant demands trial by jury, on all issues so triable, under Fed. R. Civ. P. 38.

Respectfully submitted:

Dated: February 14, 2023

KARISH & BJORGUM, PC

By: */s/ A. Eric Bjorgum*                              .

A. Eric Bjorgum
Karish & Bjorgum, PC
Attorneys for Plaintiff MG Premium Ltd.