UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:21-cv-08533-MCS-KK | Date April 10, 2023 |
| Title *MG Premium Ltd. v. Does d/b/a Goodporn.to et al.* | |

Present: The Honorable Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION TO STRIKE OR, IN THE ALTERNATIVE, MOTION TO DISMISS (ECF NO. 64)

Plaintiff and Counterclaim Defendant MG Premium Ltd. moves to strike Defendant and Counterclaimant Lizette Lundberg's counterclaims or, in the alternative, moves to dismiss her counterclaims for failing to state a claim. (Mot., ECF No. 64.) Lundberg did not file a response to the motion. C.D. Cal. R. 7-9. The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

**I.   BACKGROUND**

According to the first amended complaint, MG Premium is a Cyprus-based company that holds the copyrights to thousands of adult audiovisual works. (FAC ¶¶ 1, 21, ECF No. 30.) Defendants Amrit Kumar, Lizette Lundberg, Emilie Brunn, and the Doe Defendants own and operate an adult film sharing website, Goodporn.to, which allows users to upload copyrighted adult videos without authorization or license. (*Id.* ¶¶ 6–7, 29, 39.) MG Premium has identified over 1,438 copyrighted works available for viewing on the Goodporn.to website as of 2021, the year this lawsuit began. (*Id.* ¶ 42; FAC Ex. A, ECF No. 30-1.)

In response to the first amended complaint, Lundberg filed an answer denying the allegations and asserting three state law counterclaims: malicious prosecution, abuse of legal process, and defamation. (Ans. 3, ECF No. 60.) In support of her counterclaims, Lundberg alleges that MG Premium "knew or should have known" that its claims against her are baseless. (*Id.*) Lundberg further alleges that MG Premium's agent, Jason Tucker, hired her "to create false evidence and wrongdoing to accuse the other defendants." (*Id.*)

## II.   LEGAL STANDARD

California Code of Civil Procedure section 425.16 permits a special motion to strike a strategic lawsuit against public participation ("SLAPP"). Such a motion allows courts to dismiss, at an early stage, unmeritorious litigation that challenges various kinds of protected speech. *See* Cal. Civ. Proc. Code § 425.16(b)(1); *Kashian v. Harriman*, 98 Cal. App. 4th 892, 905 (2002). Federal courts give full effect to the anti-SLAPP statute. *See United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 973 (9th Cir. 1999).

Anti-SLAPP motions are subject to a two-step analysis with shifting burdens. First, the movant must make a threshold showing that the challenged claim arises from an "act . . . in furtherance of [the movant's] right of petition or free speech" within the meaning of California Civil Procedure Code section 425.16(e). *Sarver v. Chartier*, 813 F.3d 891, 901 (9th Cir. 2016) (internal quotation marks omitted). If the movant satisfies this threshold showing, the burden shifts to the claimant to establish a reasonable probability of prevailing by demonstrating that the challenged claim is "both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Id.* (internal quotation marks omitted). If the motion "challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018).

## III.   DISCUSSION

The Court deems Lundberg's failure to oppose the motion as her consent to granting the motion. C.D. Cal. R. 7-12; *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.");

*Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Lundberg's counterclaims are stricken on this basis.

And as discussed below, Lundberg's counterclaims are stricken under California's anti-SLAPP statute.

A. **Arising from Protected Activity**

As a threshold matter, California's anti-SLAPP statute applies to each of Lundberg's state law counterclaims. *See Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010); (Ans. 3 (asserting malicious prosecution, abuse of legal process, and defamation)). As to malicious prosecution, "[t]he plain language of the anti-SLAPP statute dictates that every claim of malicious prosecution is a cause of action arising from protected activity" subject to section 425.16. *Daniels v. Robbins*, 182 Cal. App. 4th 204, 215 (2010). "[A]buse of process is also subject to the [anti-SLAPP] statute since it arises from the exercise of the right of petition." *Siam v. Kizilbash*, 130 Cal. App. 4th 1563, 1570 (2005). And "although not every defamation case is subject to the anti-SLAPP statute," *Laker v. Bd. of Trustees of Cal. State Univ.*, 32 Cal. App. 5th 745, 768 (2019), Lundberg's defamation claim arises from MG Premium knowingly "proceed[ing] to name [Lundberg] as a defendant without proper cause" and Tucker's prelitigation conduct, (Ans. 3), which brings her defamation counterclaim within the reach of section 425.16. Accordingly, the Court applies California's anti-SLAPP statute to each of Lundberg's counterclaims.

B. **Probability of Prevailing on the Merits**

1. Malicious Prosecution

To state a claim for malicious prosecution under California law, a plaintiff must plead that the prior proceeding was: (1) pursued to a legal termination favorable to the plaintiff, (2) brought without probable cause, and (3) initiated with malice. *Villa v. Cole*, 4 Cal. App. 4th 1327, 1335 (1992). Even accepting each of her allegations as true, Lundberg does not allege any prior litigation that could present facts satisfying any of the material elements for malicious prosecution. (Ans. 3.) Rather, her claim for malicious prosecution arises solely from the instant litigation, which has yet to conclude. Accordingly, Lundberg cannot succeed on the merits, even if she had opposed the motion or alleged further facts.

      2.      <u>Abuse of Process</u>

To state an abuse of process claim, a plaintiff must plead "that the defendant (1) contemplated an ulterior motive in using the process, and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057 (2006). However, "communications with some relation to judicial proceedings are absolutely immune from tort liability by the litigation privilege." *Id.* at 1057 (cleaned up); *see* Cal. Civ. Code § 47(b) (establishing litigation privilege). The litigation privilege "bars all tort causes of action except a claim of malicious prosecution." *Flatley v. Mauro*, 39 Cal. 4th 299, 322 (2006) (internal quotation marks omitted); *see also Rusheen*, 37 Cal. 4th at 1063 ("[D]espite . . . concern for the potential abolishment of the common law tort of abuse of process, modern public policy seeks to encourage free access to the courts and finality of judgments by limiting derivative tort claims arising out of litigation-related misconduct . . . ." (citation omitted)). The litigation privilege may be considered at the second step of an anti-SLAPP motion as "a substantive defense plaintiff must overcome to demonstrate a probability of prevailing." *JSJ Ltd. P'ship v. Mehrban*, 205 Cal. App. 4th 1512, 1522 (2012) (internal quotation marks omitted).

To the extent Lundberg asserts abuse of process due to MG Premium bringing this action "without proper cause," (Ans. 3), this counterclaim is barred by the litigation privilege as a communication made during a judicial proceeding, Cal. Civ. Code § 47(b). None of the section 47(b) exceptions apply on the face of the pleading, and Lundberg has failed to proffer any argument that might have rendered her abuse of process counterclaim cognizable.

To the extent abuse of process is predicated on MG Premium's agent hiring Lundberg and using her "as a pawn to create false evidence and wrongdoing," (Ans. 3), her counterclaim is likely barred by the *Noerr-Pennington* doctrine, which protects prelitigation "conduct incidental to the prosecution of the suit," *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 935 (9th Cir. 2006) (internal quotation marks omitted). While the sham litigation exception to *Noerr-Pennington* could apply to allegations of intentional misrepresentations to the Court, *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 646 (9th Cir. 2009), Lundberg has failed to raise any argument satisfying her burden of persuasion, *see Sarver*, 813 F.3d at 901. Nor does Lundberg allege with any specificity which of MG Premium's representations before the Court are false, *see Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003); Fed. R. Civ. P. 9(b), even affording Lundberg's pleading the benefit of a liberal construction, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Accordingly, Lundberg does not have a probability of succeeding on the merits.

### 3. Defamation

To state a claim for defamation, a plaintiff must allege: "(1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." *Wong v. Jing*, 189 Cal. App. 4th 1354, 1369 (2010). The litigation privilege has long been held as applicable to defamation claims. *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*, 42 Cal. 3d 1157, 1163 (1986).

For reasons identical to those discussed above, Lundberg's defamation counterclaim is barred by the litigation privilege of section 47(b). Defamation arising from MG Premium's allegedly false pleading or its failure to serve the complaint fall plainly within section 47(b) but outside of any applicable exception to the litigation privilege. As to any prelitigation conduct by MG Premium's agent, his actions are protected under *Noerr-Pennington* as "incidental to the prosecution of the suit." *Sosa*, 437 F.3d at 935 (internal quotation marks omitted). And as in the Court's abuse of process analysis, the Court strikes Lundberg's defamation counterclaim for failing to raise any argument or allege sufficiently specific facts that may have satisfied the sham litigation exception to *Noerr-Pennington*. *See Sarver*, 813 F.3d at 901; *Vess*, 317 F.3d at 1105.

Therefore, Lundberg does not have a probability of prevailing on the merits of her defamation counterclaim.

### C. Attorney's Fees

Although MG Premium seeks to recover fees, (Mot. 11), it provides no facts or arguments probative of their measure. The Court orders MG Premium to move for attorney's fees under California Code of Civil Procedure section 425.16(c)(1) within 21 days. The Court expects the parties to conduct a thorough prefiling conference before the fee motion. C.D. Cal. R. 7-3. The parties may elect to resolve the issue by stipulation, which would advance the "just, speedy, and inexpensive determination" of this matter by obviating the need for further motion practice. Fed. R. Civ. P. 1.

### D. Leave to Amend

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Given the Ninth Circuit's policy of granting leave to amend "with extreme liberality," *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018) (internal quotation marks omitted), the Court grants Lundberg leave to amend. However, the Court denies leave to amend Lundberg's malicious prosecution counterclaim because the absence of any prior proceeding renders her claim entirely meritless. *Lopez*, 203 F.3d at 1129.

## IV. CONCLUSION

MG Premium's motion to strike is granted in part, and its motion in the alternative to dismiss is denied as moot. Each of Lundberg's counterclaims are stricken, but MG Premium is not entitled to attorney's fees until a probative showing of the measure of applicable fees.

Lundberg may file an amended answer and counterclaim within 14 days provided she can do so consistent with Federal Rule of Civil Procedure 11(b) and this Order. Failure to timely amend will waive the right to do so. Leave to add new counterclaims or counter-defendants must be sought be a separate, properly noticed motion.

**IT IS SO ORDERED.**