**KARISH & BJORGUM, PC**
A. ERIC BJORGUM (State Bar No. 198392)
Eric.bjorgum@kb-ip.com
MARC KARISH (State Bar No. 205440)
Marc.karish@kb-ip.com
119 E. Union Street, Suite B
Pasadena, CA 91103
Telephone: (213) 785-8070
Facsimile: (213) 995-5010

Attorneys for Plaintiff and Counterdefendant
MG PREMIUM LTD.

# UNITED STATES DISTRICT COURT
# IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MG PREMIUM LTD., a limited liability company organized under the laws of the Republic of Cyprus,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOES 4-20, d/b/a GOODPORN.TO, AMRIT KUMAR, an individual; LIZETTE LUNDBERG, an individual; and EMILIE BRUNN, an individual,<br>Defendants. | Case No.  2:21-cv-08533-MCS-KK<br><br>**PLAINTIFF AND COUNTER-DEFENDANT MG PREMIUM LTD.'S REPLY IN SUPPORT OF MOTION TO COMPEL AND FOR SANCTIONS**<br><br>**Date:**  N/A [See Dkt. No. 90]<br>**Judge:** Hon. Kenly Kiya Kato<br>**Courtroom:** Riverside, Courtroom 3 or 4, 3rd Floor |
| AMRIT KUMAR, an individual; LIZETTE LUNDBERG, an individual<br><br>Counterclaimants,<br>vs.<br>MG PREMIUM LTD., a limited liability company organized under the laws of the Republic of Cyprus,<br>Counter-Defendant. | **Trial Date:**  December 5, 2023<br>**Pretrial Conference:** November 27, 2023<br>**Discovery Cutoff:**  July 17, 2023 |

## I.     **INTRODUCTION**

The Defendants and Counterclaimants in this matter are phantoms.  They have never spoken with Plaintiff's counsel or done anything other than stall progress on this case.  Their tactics complicate Plaintiff's task of proving a case because it must do so without any meaningful interaction with the opponents.  In essence, Plaintiff is constrained to gather admissions through Defendants' refusal to participate.

Defendants are led by Amrit Kumar ("Kumar"), who is doing his best  to make a mockery of the United States copyright registration system and the Courts that enforce that system.  Plaintiff MG Premium Ltd. ("MG Premium") does everything by the rules: it has invested in registering tens of thousands of works; it regularly serves DMCA notices and DMCA subpoenas; occasionally, it files suit against the pirate websites that steal its work and monetize that pirated work by selling advertising.   In this case, Kumar concocted the theory that all of Plaintiff's copyrighted works are somehow owned by him because he bought them for $25 million in cryptocurrency.  He claims to be in India and has strung this case along for almost two years while in pro per, but will not participate at all in the litigation – even though he brings counterclaims.

Plaintiff's counsel has never spoken with Kumar because he will not call or provide a phone number.  Recently, in response to a Court Order to provide valid contact information, one of his Co-Defendants filed a "motion to remain anonymous." Generally, Kumar's email meeting-and-conferring consists of a plea for more time to meet and confer.  Defendant   While Kumar's pirated pages are up, he is esteimated to be making at least 10 to $20,000 a month in profit.

Worse, the pages are of a low quality and display exploitative ads.  They are certainly not indicative of the money and time spent by Plaintiff to create this material, to register this material, and to seek redress the United States court system.

Plaintiff has spent months setting up this motion, attempting to obtain

1

deposition dates, sending a detailed meet and confer letter and prepare a proper Joint Stipulation under the Local Rules.  All of this was done to obtain basic compliance with the requirements that Kumar sit for deposition and provide proper initial disclosures. If he won't comply, then he should be barred from introducing evidence on the topics Plaintiff needs to make its summary judgment motion.

Kumar's Opposition says a lot, but it doesn't say that he will sit for deposition or provide compliant disclosures. The Court should not reward this behavior but should rather enter the proposed order submitted with these papers.

## II.   ISSUES IDENTIFIED IN THE MOTION AND  ARE BEFORE THE COURT

### A. ISSUE NO. 1: WHETHER DEFENDANT AND COUNTERCLAIMANT AMRIT KUMAR WRONGFULLY FAILED TO APPEAR AT DEPOSITION AND SHOULD BE SANCTIONED

In the Motion, MG Premium laid out the factual history regarding its communications with Kumar and the scheduling of his deposition and his failure to attend his deposition not once, but twice. Dkt. No. 81-1 ("Mot.") at 4-8. MG Premium then laid out the legal standards relating to the scheduling of the deposition of a party, when and how a party may resist their deposition, when sanctions for failure to attend a deposition can be imposed, and what those sanctions can comprise. (Mot. at 8-10.) Finally, MG Premium explained its attempts to resolve this dispute and analyzed the facts of the instant case in light of the applicable law. (Mot. at 10-14.) As part of the Motion, Defendant Kumar offered nothing in support of his failure to attend either of his scheduled depositions.

In his Opposition to the Motion, Kumar failed to address any of the factual and legal arguments offered by MG Premium. For example, Kumar's Opposition argues that he "did respond to [Plaintiff's] request for deposition" and that he "expressed

1   [his] concerns about the timing of the deposition and requested a postponement until

2   after the discovery process had begun." (Opp. at 8). However, the improper and non-

3   sensical excuses that Kumar offered to refuse to attend his deposition are not in

4   dispute. Rather, the dispute is whether the law allowed him to refuse to attend a

5   scheduled deposition because he had "concerns about the timing and lack of

6   information about the plaintiff's company structure." (Opp. at 14.) It does not. The

7   law cited by the Plaintiff does not permit, or even fathom, that Kumar could

8   unilaterally refuse to attend a deposition on this basis and Kumar fails to cite any legal

9   support for his  assertions to the contrary.

10         MG Premium was entitled to take Kumar's deposition. It bent over backwards

11   to schedule that deposition at a convenient time for everyone involved, but when

12   Kumar failed to offer any available times, MG Premium was well within its rights to

13   schedule his deposition and expect that he would attend. Kumar has yet to make any

14   good faith effort to participate in this litigation, he has no intention "to cooperate fully

15   with the Court and the plaintiff…," and his continued delay tactics should be rejected

16   and rewarded by the awarding of sanctions against him.

17

18   **B. ISSUE NO. 2: WHETHER KUMAR SHOULD BE SANCTIONED FOR**

19   **FAILING TO PROVIDE ADEQUATE INITIAL DISCLOSURES**

20         In the Motion, MG Premium laid out the facts that (i) Kumar failed to provide

21   any initial disclosures prior to the deadline set by the Court and that (ii) when he did

22   eventually provide initial disclosures, they were lacking in several ways. Mot. at 14-

23   17. MG Premium then recited the legal standard for initial disclosures and the

24   consequences for a litigant's failure to comply with those  standards. Mot. at 17-19.

25   Finally, MG Premium explained its attempts to resolve this disputed issue and

26   analyzed the facts of the instant case in light of the applicable law. Mot. at 19-21.

27   Again, as part of the Motion, Defendant Kumar offered nothing in support of his

28

1  failure to timely provide initial disclosures or his failure to provide adequate initial

2  disclosures once he finally deigned to offer any.

3        In his Opposition, Kumar offers a conclusory and confusing characterization of

4  why the initial disclosures that he (eventually) provided comply with the rules. Opp.

5  at 12-13. They do not. For example, despite the fact that Kumar has brought

6  counterclaims in this action, he has not provided MG Premium with the name and

7  contact information for anyone with information to support those counterclaims –

8  including such information for himself. Mot. at 15-16. In addition, although the

9  Motion argues that Kumar's initial disclosures are deficient for failing to "disclose

10  the location of relevant documents" and "did not have a valid computation of

11  damages," Kumar's Opposition fails to address (or even mention) these elements and

12  provides no reason to suggest that his initial disclosures include such information –

13  even though it is clearly required under the Federal Rules.

14

15  **III.    <u>APPROPRIATENESS OF THE AMOUNTS OF MONETARY</u>**

16  **<u>SANCTIONS</u>**

17        In his Opposition, Kumar ignores that the presumption of sanctions goes

18  against him and instead lays out his fantastical version of Plaintiff's counsel's work

19  history.  Ostensibly this is because, for Kumar, everything about this case is

20  humorous, including his non-existence and his imperviousness to Court orders.

21  Despite his lighthearted approach to wasting other people's time while he reaps the

22  rewards of piracy, Plaintiff would submit that, because apparently money talks for

23  Kumar, he be relieved of some ill-gotten gains.

24

25  **IV.    <u>CONCLUSION</u>**

26        Thus, Plaintiff urges the Court to reject Defendant's Opposition for failing to

27  offer any legal or factual support regarding either of the issues identified in the

28

PLAINTIFF AND COUNTERDEFENDANT MG PREMIUM LTD.'S REPLY IN SUPPORT OF
MOTION TO COMPEL AND FOR SANCTIONS

1    Motion. Accordingly, Plaintiff requests that the Court grant all of the evidentiary and

2    monetary sanctions specified in its motion and proposed order.

3

4

5    Dated: June 1, 2023                    KARISH & BJORGUM, PC

6

7

8                                           By: _____

9                                           A. Eric Bjorgum

                                            Karish & Bjorgum, PC

10                                          Attorneys for Plaintiff/Counterdefendant

11                                          MG Premium, Ltd.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF AND COUNTERDEFENDANT MG PREMIUM LTD.'S REPLY IN SUPPORT OF
MOTION TO COMPEL AND FOR SANCTIONS

**PROOF OF SERVICE**

1.    At the time of service I was over 18 years of age and **not a party to this action**.
2.    My business address is: 119 E. Union Street, Suite B, Pasadena, CA 91103
3.    On **June 1, 2023** I served the following document(s):

   1.    **PLAINTIFF MG PREMIUM LTD.'S REPLY RE ITS NOTICE OF MOTION TO COMPEL AND FOR SANCTIONS**

4.    These documents were served by email, per agreement of the parties (and a prior Court order allowing email service in this matter (DKT. NO. 22). Attached hereto as Exhibit A is a true and correct copy of my May 11, 2023 Email re service. The documents were served to the following addresses:

---

**Amrit Kumar**
**Email: amritkum@proton.me**

**Lizette Lundberg**
**Email: liz.lundberg@protonmail.ch**

**Emilie Brunn**
**Email: emilie.brunn@protonmail.com**

---

5.    The documents were served by the following means (specify):
      a.    **By personal service.**  I personally delivered the documents to the persons at the addresses listed in Item 4.  (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.  (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

      b.    **By United States mail**.  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in Item 4 and (specify one):

      (1)    **deposited** the sealed envelope with the United States Postal Service, with the postage fully prepaid.

      (2)    **placed** the envelope for collection and mailing, following our ordinary business

practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

**c.  X    By Email (by agreement and per Court Minute Order ECF No. 22).**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I further declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

Executed June 1, 2023, at Pasadena, CA.

/s *A. Eric Bjorgum*
A. Eric Bjorgum