UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-8533-MCS (KKx)** | Date: | June 8, 2023 |
|---|---|---|---|
| Title: | **_MG Premium Ltd v. John Does 1-20 d/b/a Goodporn.to_** | | |

Present: The Honorable    KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| RACHEL MAURICE | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:     (In Chambers) Order Granting in Part and Denying in Part Plaintiff's Motion to Compel [Dkt. 81]**

On April 20, 2023, plaintiff MG Premium Ltd ("Plaintiff") filed a Motion seeking (1) to compel defendant Amrit Kumar ("defendant Kumar") to appear for his deposition and serve supplemental initial disclosures; (2) evidentiary sanctions; and (3) monetary sanctions ("Motion"). ECF Docket No. ("Dkt.") 81.  For the reasons set forth below, the Motion to compel defendant Kumar to attend his deposition is GRANTED, the Motion to compel supplemental initial disclosures is DENIED without prejudice, the request for evidentiary sanctions is DENIED without prejudice, and the request for monetary sanctions is GRANTED IN PART and DENIED IN PART.

# I.
# BACKGROUND

On October 28, 2021, Plaintiff filed a Complaint alleging defendants Does 1-20 d/b/a Goodporn.to infringed Plaintiff's copyrights in various "adult-oriented audiovisual content."  See dkt. 1.  Plaintiff "operates websites on which it displays its content and also licenses its content for valuable consideration, including for display on various third party adult entertainment websites."  Id. at 5.  Plaintiff registered copyrights in its content with the U.S. Copyright Office.  Id.  Plaintiff alleges Goodporn.to is a video streaming website targeting United States viewers, inducing them to view illegally displayed copyright protected materials, including copyrights owned by Plaintiff.  Id. at 6.  Plaintiff alleges the website allows any user, regardless of age or location, the ability to download Plaintiff's copyrighted adult entertainment content without authorization or license.  Id.

On September 9, 2022, Plaintiff filed a First Amended Complaint ("FAC") against defendants Kumar, Lizette Lundberg, Emilie Brunn, and John Does 4-20, d/b/a Goodporn.to (collectively, "Defendants").  Dkt. 30.  The FAC sets forth causes of action for (1) copyright infringement, (2) inducement of copyright infringement, (3) vicarious and contributory copyright infringement, and (4) declaratory judgment regarding ownership and non-infringement.  Id.

On January 3, 2023, defendant Kumar, proceeding pro se, filed an Answer to the FAC.  Dkt. 58.  On January 26, 2023, defendant Kumar filed an Amended Answer to the FAC.  Dkt. 63.

On January 30, 2023, Plaintiff's counsel e-mailed defendant Kumar requesting defendant Kumar's availability for deposition.  Dkt. 81-2, Declaration of A. Eric Bjorgum ("Bjorgum Decl."), ¶ 6, Ex. A.  Defendant Kumar did not respond.  Id.

On February 7, 2023, Plaintiff's counsel e-mailed defendant Kumar requesting defendant Kumar's availability for deposition during the week of February 21, 2023.  Id., ¶ 7, Ex. B.  Defendant Kumar did not respond.  Therefore, later that same day, Plaintiff served a Notice of Deposition on defendant Kumar via e-mail for defendant Kumar's deposition to occur via video on February 21, 2023 at 6:30 p.m. PST.  Id., ¶ 8, Ex. C.

On February 13, 2023, defendant Kumar responded to Plaintiff's counsel's February 7, 2023 e-mail stating he "must respectfully decline the invitation to attend a deposition at this time" and failing to provide dates when he would be available for remote deposition.  Id., ¶ 9, Ex. D.  That same day, Plaintiff's counsel responded via e-mail explaining that defendant Kumar could not simply refuse to go forward with the deposition and indicating Plaintiff intended to go forward with the deposition as noticed in its February 7, 2023 Notice of Deposition.  Id., ¶ 10.

On February 16, 2023, Plaintiff's counsel e-mailed defendant Kumar to confirm whether he would appear for the February 21, 2023 deposition and requested he respond by February 17, 2023.  Id., ¶ 11.  Defendant Kumar did not respond.  Id.  Therefore, Plaintiff's counsel cancelled the February 21, 2023 deposition.  Id.

On February 20, 2023, defendant Kumar responded to Plaintiff's counsel's February 16, 2023 e-mail "to express his concern about the deposition."  Id., ¶ 12, Ex. F.  That same day, Plaintiff's counsel responded indicating defendant Kumar's "concerns" were "inconsistent with the litigation process" and requesting defendant Kumar provide dates over the following week when he would be available for deposition.  Id., ¶ 12, Ex. G.  Defendant Kumar did not respond.  Id.

On February 21, 2023, Plaintiff served a Notice of Deposition on defendant Kumar via e-mail for defendant Kumar's deposition to occur via video on March 2, 2023 at 6:30 p.m. PST.  Id., ¶ 13, Ex. H.

On February 22, 2023, the Court issued a Jury Trial Scheduling Order setting a fact discovery cut-off of July 17, 2023 and a Jury Trial for December 5, 2023.  Dkt. 71.

On February 27, 2023, defendant Kumar e-mailed Plaintiff's counsel "request[ing] a postponement until the discovery process begins and [he] obtain[s] basic information about [Plaintiff]."  Bjorgum Decl., Ex. J.

On March 2, 2023, Plaintiff's counsel appeared to take defendant Kumar's deposition, but defendant Kumar never appeared.  Id., ¶ 16.

On March 10, 2023, Plaintiff's counsel e-mailed defendant Kumar a meet and confer letter regarding defendant Kumar's failure to appear for his deposition and failure to serve initial disclosures.  Id., ¶ 17, Ex. K.

On March 15, 2023, defendant Kumar served his Initial Disclosures on Plaintiff.  Id., ¶ 18, Ex. L.

On March 16, 2023, defendant Kumar e-mailed Plaintiff's counsel in response to the March 10, 2023 meet and confer correspondence explaining that he had now served Initial Disclosures and repeating his request "that the deposition be postponed until after . . . [he has] had an opportunity to gather necessary information about [Plaintiff],"[1] but also stating that he has "never explicitly stated that [he] would not participate in a deposition."  Id., Ex. M.

On April 20, 2023, Plaintiff filed the instant Motion.  Dkt. 81.  On May 5, 2023, the Court issued a briefing schedule on the Motion requiring proof of service of the Motion on defendant Kumar.  Dkt. 90.  On May 11, 2023, Plaintiff filed a proof of service demonstrating the Motion and May 5, 2023 briefing schedule order had been served on defendant Kumar.  Dkt. 93.  On May 26, 2023, defendant Kumar filed an Opposition to the Motion.  Dkt. 98.  On June 1, 2023, Plaintiff filed a Reply in support of the Motion.  Dkt. 102.  The matter thus stands submitted.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) ("Rule 26") provides that parties may obtain discovery regarding

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1).  Relevant information "need not be admissible in evidence to be discoverable."  Id.  A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking

---

[1] Pursuant to Federal Rule of Civil Procedure 26(d)(3), absent agreement of the parties or order of the Court, "methods of discovery may be used in any sequence" and "discovery by one party does not require any other party to delay its discovery."  FED. R. CIV. P. 26(d)(3); Bella+Canvas, LLC v. Fountain Set Ltd., No. 2:21-CV-00758-ODW (MAA), 2022 WL 3697358, at *18 (C.D. Cal. June 29, 2022).  Therefore, defendant Kumar's apparent attempt to delay his deposition until after he has an opportunity to conduct his own discovery is not permitted.

discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fᴇᴅ. R. Cɪᴠ. P. 26(b)(2)(C).

**III.**
**DISCUSSION**

**A.     PLAINTIFF'S MOTION TO COMPEL DEFENDANT KUMAR'S DEPOSITION IS GRANTED**

### 1.     Applicable Law

Federal Rule of Civil Procedure 30 governs depositions by oral examination.  See Fᴇᴅ. R. Cɪᴠ. P. 30.  Rule 30(a)(1) provides that, subject to certain limitations, "[a] party may, by oral questions, depose any person, including a party, without leave of court . . . ."  Fᴇᴅ. R. Cɪᴠ. P. 30(a)(1).  A party's failure to appear at that party's deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."  Fᴇᴅ. R. Cɪᴠ. P. 37(d)(2); Paige v. Consumer Programs, Inc., 248 F.R.D. 272, 275 (C.D. Cal. 2008).

### 2.     Analysis

On March 2, 2023, defendant Kumar failed to appear for his properly noticed deposition. Bjorgum Decl., ¶¶ 13, 16, Ex. H.  Defendant Kumar did not file any motion for a protective order before failing to appear and he was not otherwise excused from appearing at his properly noticed deposition.  See Fᴇᴅ. R. Cɪᴠ. P. 37(d)(2); Paige, 248 F.R.D. at 275.  Accordingly, Plaintiff's Motion to compel defendant Kumar's deposition is GRANTED.

**B.     PLAINTIFF'S MOTION TO COMPEL DEFENDANT KUMAR TO SERVE SUPPLEMENTAL INITIAL DISCLOSURES IS DENIED WITHOUT PREJUDICE**

### 1.     Applicable Law

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A),

a party must, without awaiting a discovery request, provide to the other parties:
(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information-- that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
(ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
(iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on

which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

FED. R. CIV. P. 26(a)(1)(A). Such initial disclosures must be made "at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order . . . ." FED. R. CIV. P. 26(a)(1)(C). "A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures." FED. R. CIV. P. 26(a)(1)(E).

"If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." FED. R. CIV. P. 37(a)(3)(A). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." FED. R. CIV. P. 37(a)(4).

However, pursuant to Local Rule 37-2.4, "[t]he Court will not consider any discovery motion in the absence of a joint stipulation or a declaration from counsel for the moving party establishing the opposing counsel (a) failed to confer in a timely manner under L.R. 37-1 . . . ." L.R. 37-2.4.

### 2. Analysis

On March 15, 2023, defendant Kumar served Initial Disclosures. Bjorgum Decl., ¶ 18, Ex., L. Plaintiff argues the Initial Disclosures are deficient because they "lacked valid contact information for any of the Defendants/witnesses, did not disclose the location of relevant documents, and did not have a valid computation of damages." Dkt. 81-1 at 19. Plaintiff's counsel, however, has not made any attempt to meet and confer with defendant Kumar regarding the alleged deficiencies. The only meet and confer communication was the March 10, 2023 meet and confer letter sent via email addressing defendant Kumar's initial failure to serve any initial disclosures. See Bjorgum Decl., ¶ 17, Ex. K. Accordingly, Plaintiff's counsel's declaration does not establish that defendant Kumar failed to confer in a timely manner regarding the alleged deficiencies of defendant Kumar's Initial Disclosures. Therefore, the Court declines to consider Plaintiff's Motion to compel supplemental initial disclosures. See L.R. 37-2.4. Hence, Plaintiff's Motion to compel supplemental initial disclosures is DENIED without prejudice.

## C. PLAINTIFF'S REQUEST FOR EVIDENTIARY SANCTIONS IS DENIED WITHOUT PREJUDICE

### 1. Applicable Law

When a party "fails to obey an order to provide or permit discovery," Federal Rule of Civil Procedure 37(b)(2)(A)(i) permits courts to issue an order "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims." FED. R. CIV. P. 37(b)(2)(A)(i). Similarly, when a party "fails, after being served with proper notice, to appear for that person's deposition," the court may issue an order "directing that

the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims." FED. R. CIV. P. 37(d)(1)(A)(i), (3).

### 2.    Analysis

Plaintiff seeks the following evidentiary sanctions for defendant Kumar's failure to appear for his deposition: (1) an "order precluding testimony disputing the authenticity of the copyright registrations"; (2) an "order establishing that the printouts from goodporn.to (which Plaintiff provided with its initial disclosures) are true and correct copies of documents from goodporn.to, where were also available on the mirror site goodporn.se"; (3) an "order precluding any evidence supporting [defendant Kumar's] contention that the Bilateral Agreement is a legitimate contract"; (4) an "order precluding introduction of any evidence that [Plaintiff] was a party to or breached the Bilateral Agreement"; and (5) an "order staying all discovery by Defendants until these orders are complied with." Dkt. 81-1 at 16-17.

Plaintiff seeks the following evidentiary sanctions for defendant Kumar's failure to serve adequate initial disclosures: (1) "the exclusion of all evidence from any witness whose identification and contact information are not supplied"; (2) "an order precluding the introduction of any documents whose locale was not disclosed"; and (3) "an order halting further discovery by [defendant] Kumar and precluding any argument on [defendant] Kumar's counterclaim that he has been damaged until he provides an adequate damages disclosure." Id. at 25.

Here, defendant Kumar has not failed to obey an order to provide or permit discovery. Accordingly, evidentiary sanctions pursuant to Rule 37(b)(2)(A)(i) are not warranted at this time.  In addition, in light of defendant Kumar's representation that he has not "explicitly stated that [he] would not participate in a deposition," the Court finds the evidentiary sanctions requested pursuant to Rule 37(d)(1)(A)(3) are not warranted at this time.  Hence, Plaintiff's Request for evidentiary sanctions is DENIED without prejudice.

## D.    PLAINTIFF'S REQUEST FOR MONETARY SANCTIONS IS GRANTED IN PART AND DENIED IN PART

### 1.    Applicable Law

When a discovery motion is "granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(C).  In addition, when a party "fails, after being served with proper notice, to appear for that person's deposition," the court "must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3).

When an award of attorney's fees and expenses is authorized, the court must calculate the proper amount of the award to ensure it is reasonable.  Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).  Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate." Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000) (internal citations omitted).  The moving party has the burden to produce evidence that the rates and hours worked are reasonable.  See Intel Corp. v. Terabyte Int'l, 6 F.3d 614, 623 (9th Cir. 1983).

2.      **Analysis**

Here, Plaintiff's Motion to compel defendant Kumar's deposition is granted and Plaintiff's Motion to compel defendant Kumar to serve supplemental initial disclosures is denied without prejudice. Therefore, the Court finds Plaintiff is entitled to an award of reasonable expenses incurred in bringing the Motion to the extent he prevailed on the portion of the Motion seeking to compel defendant Kumar's deposition. See FED. R. CIV. P. 37(a)(5)(C). In addition, Plaintiff is entitled to an award of reasonable expenses caused by defendant Kumar's unjustified failure to appear for his deposition on March 2, 2023. See FED. R. CIV. P. 37(d)(3).

Plaintiff seeks an award of $3,950.00 in attorney's fees and $1,127.25 in costs as reasonable expenses caused by defendant Kumar's failure to appear for his deposition. Dkt. 81-1 at 18; see also Bjorgum Decl., ¶¶ 20-23, Ex. N (invoices from Veritext for costs associated with obtaining court reporter, videographer, and transcript preparation in connection with defendant Kumar's failure to appear for his deposition on March 2, 2023).

a.      **Reasonableness of Hourly Rate**

To assist the Court in calculating the lodestar, the fee applicant must submit "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895-96 n.11 (1984). The relevant community is that in which the district court sits. See Schwarz v. Sec'y of Health & Hum. Servs., 73 F.3d 895, 906 (9th Cir. 1995).

Plaintiff's counsel, Eric Bjorgum, seeks an hourly rate of $395.00. See Bjorgum Decl., ¶ 21. As evidence that his rate on this matter is reasonable, Mr. Bjorgum attests to his experience as an intellectual property litigator. United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determination in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate."). Mr. Bjorgum graduated Boston College Law School in 1996. Bjorgum Decl., ¶ 21. Since October 2009, Mr. Bjorgum has been a founder of Karish & Bjorgum, PC, which focuses on "all aspects of intellectual property protection, as well as civil business litigation." Id. Here, in light of Mr. Bjorgum's substantial experience, and based on the Court's general knowledge of rates in the Los Angeles legal community, the Court finds the hourly rate requested is reasonable for purposes of this Order only.

b.      **Reasonableness of Time Spent**

Next, the Court "must review the time billed and assess whether it is reasonable in light of the work performed and the context of the case." Notorious B.I.G. LLC v. Yes. Snowboards, No. CV 19-1946-JAK (KSx), 2021 WL 6752168, at *6 (C.D. Cal. Dec. 22, 2021), report and recommendation adopted, 2022 WL 1909548 (C.D. Cal. June 3, 2022). The Court may reduce the fee award where the billing records contain insufficiently descriptive entries or reflect block billing or billing in large time increments. See Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007). Moreover, "a district court should exclude from the lodestar amount hours that are not reasonably expended because they are excessive, redundant, or otherwise unnecessary." Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotation marks and citation omitted).

Plaintiff's counsel states he spent "at least 10 hours noticing the two depositions, preparing for the depositions, taking the non-appearance, drafting the meet-and-confer letter, and preparing" the portion of the Motion seeking to compel defendant Kumar's deposition.  Bjorgum Decl., ¶ 23. However, time spent meeting and conferring with opposing counsel is not recoverable under Rule 37(a)(5)(A).  Notorious B.I.G. LLC, 2021 WL 6752168, at *7 (noting "Courts in this Circuit generally hold that time spent to meet and confer is not recoverable" and reducing requested fee award accordingly).  Therefore, the Court declines to award fees for the time Mr. Bjorgum spent meeting and conferring with defendant Kumar and finds a reduction of two hours is appropriate.

In summary, the Court finds Mr. Bjorgum reasonably spent eight hours noticing defendant Kumar's depositions, preparing for the deposition, taking the non-appearance, and preparing the portion of the Motion seeking to compel defendant Kumar's deposition at an hourly rate of $395.00. In addition, the Court finds costs in the amount of $1,127.25 were reasonably incurred. Accordingly, the Court finds an award of $4,287.25 in attorney's fees and costs was reasonably incurred.

## IV.
## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to compel defendant Kumar to attend his deposition is GRANTED, Plaintiff's Motion to compel supplemental initial disclosures is DENIED without prejudice, the request for evidentiary sanctions is DENIED without prejudice, and the request for monetary sanctions is GRANTED IN PART and DENIED IN PART.

Accordingly, **within seven (7) days of the date of this Order**, the parties shall meet and confer regarding mutually agreeable dates for defendant Kumar's deposition to occur **no later than June 28, 2023.**

In addition, defendant Kumar shall pay to Plaintiff the sum of $4,287.25 as reasonable expenses pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), (d)(3) **within thirty (30) days of the date of this Order.**

Defendant Kumar is expressly cautioned that failure to meet and confer telephonically as required by Local Rule and/or failure to appear in person or via video for his deposition as ordered herein will result in monetary, evidentiary, and/or terminating sanctions.

**IT IS SO ORDERED.**