1  Amrit Kumar
2  601 6th Floor, Rupa Solitare
3  Millennium Business Park, Plot No. A-1
4  Mahape, Mumbai
5  Maharashtra-400710, India
6  Email: amritkum@proton.me

**FILED**
CLERK, U.S. DISTRICT COURT
SEP 21 2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___rsm___ DEPUTY

8  Defendant pro se

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MG PREMIUM LTD, a limited liability, company organized under the laws of the Republic of Cyprus,<br><br>Plaintiff,<br><br>vs.<br><br>AMRIT KUMAR, d/b/a GOODPORN.TO,<br><br>Defendant | Case No.: 2: 21-cv-08533-MCS-KK<br><br>**DEFENDANT AMRIT KUMAR'S RESPONSE TO THE ORDER TO SHOW CAUSE** |

COMES NOW, Defendant Amrit Kumar, acting pro se in this matter, and hereby submits the following response to the Court's Order to Show Cause.

1

# I. INTRODUCTION

Defendant Amrit Kumar, a pro se defendant in the case of MG Premium Ltd v. Amrit Kumar, submits this response in accordance with the Court's instructions pertaining to the Order to Show Cause. This response outlines the steps taken by Defendant Kumar to comply with the Court's orders, and addresses the perceived misunderstandings that led to the alleged non-compliance. The aim of this document is to provide the Court with a comprehensive overview of Defendant Kumar's actions, intentions, and ongoing commitment to fulfilling his responsibilities as a defendant in these proceedings. Defendant Kumar respectfully requests the Court's understanding and consideration in this matter.

# II. COMPLIANCE WITH COURT ORDER FOR VIDEO CONFERENCE TESTING

**A. Appointment of Representative for Video Conference Testing in Light of Modified Court Orders**

In line with the original court order issued on August 15, 2023 (Docket No. 164), all parties involved in the case were mandated to attend a settlement conference in person. Recognizing the profound inconvenience and burdensome implications this presented, particularly for Defendant Kumar, an ex parte motion was filed seeking either cancellation or modification of this order.

Defendant Kumar resides in India and traveling to the United States for the conference would necessitate obtaining a visa. The process of acquiring a visa can be fraught with difficulties, uncertainties, and can often be a time-consuming task. Moreover, the significant costs associated with travel, securing accommodations,

hiring a translator to overcome language barriers, and other related expenses, were deemed to be burdensome.

Beyond the logistical challenges, Defendant Kumar also expressed reservations about the likely effectiveness of the conference. Given the unsuccessful attempts at settlement negotiations with the plaintiff in the past, where he perceived the plaintiff's stance as unreasonable, he cast doubt on the potential fruitfulness of the conference.

In response to this ex parte motion, the Court issued a new order on August 25, 2023 (Docket No. 176), granting a partial approval to Defendant Kumar's request. While the request for outright cancellation of the conference or for it to be conducted via written submissions was denied, the Court allowed for the settlement conference to be conducted remotely.

The new order stipulated that the settlement conference was to continue as scheduled on September 15, 2023. It also set forth the requirement for all parties to establish contact with the court chamber for the arrangement of a hardware test for the video conference not later than August 31, and the test itself was to occur no later than September 8.

In a bid to comply diligently with these modified requirements, and to preempt potential technical difficulties with the video conference platform, Defendant Kumar decided to procure the services of a representative based within the United States, Jennifer Ride. This strategic decision was geared towards ensuring a smooth, efficient connection with the Court's video conference platform and to minimize the challenges posed by language barriers.

**B. Execution of Video Conference Testing**

At the onset, Defendant Kumar established contact with the Court's chambers to suggest a suitable time for the hardware test, based on the Court's

stipulated time frame of 9:00 AM PST to 4:00 PM PST. He also informed the court chamber that he might hire a representative or an attorney for the settlement. These email exchanges with Ms. Maurice from the court chamber are attached as Exhibit A.

After a few email exchanges for time zone clarifications, a test time was finally agreed upon - 8:00 AM PDT on September 8, 2023.

Subsequently, Defendant Kumar's representative, Jennifer Ride, connected with the Court's video conference platform to conduct the hardware test at the pre-arranged time.

Upon the successful completion of the hardware test, Ms. Jennifer Ride provided assurance to Defendant Kumar stating, "Ok. Passed Testing. She will notify the judge, and then you will receive an email with two links to the next hearing that you will need to forward to me. It will also give the date and time of the hearing. I would say look for it this afternoon or Monday".

During the test, Ms. Ride logged in using a link provided to Defendant Kumar, which automatically displayed Defendant Kumar's information to the Court staff, thereby implicitly indicating her role as his representative during the test.

When Defendant Kumar later inquired if Ms. Ride had introduced herself to the Court as his representative, she clarified, "No because it automatically showed her your information because I logged in using your link. I'm the only person that was there today besides the secretary".

By ensuring the successful testing of the hardware for the video conference through his representative, Defendant Kumar demonstrated his commitment to comply with the Court's instructions and to facilitate a smooth execution of the upcoming video conference.

### III. SUBMISSION OF CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

**A. Interpretation of the Court's Second Order**

Upon receipt of the Court's second order issued on August 25, 2023 (Docket No. 176), Defendant Kumar interpreted this order as a comprehensive replacement of the first order initially issued on August 15, 2023 (Docket No. 164). The first order had mandated an in-person settlement conference, which posed significant challenges to Defendant Kumar for the reasons previously outlined.

The second order, as interpreted by Defendant Kumar, appeared to supersede the first one, thereby rendering the initial order moot. The significant alteration - the allowance for the settlement conference to be conducted remotely instead of in-person - led Defendant Kumar to believe that the entire dynamics of the settlement conference proceedings had been reshaped. Consequently, he viewed the second order as a complete replacement of the first, rather than a modification of the location of the settlement conference.

This interpretation led him to the understanding that the instructions set forth in the first order, including the submission of a Confidential Settlement Conference Statement, were no longer applicable given the newly issued order.

Defendant Kumar now acknowledges that this interpretation may have been incorrect and that the second order was intended to modify the specific aspect of the location of the settlement conference, rather than replacing the entirety of the initial order.

He deeply regrets any misunderstanding that arose from this interpretation and sincerely apologizes for any inconvenience this may have caused the Court or other parties involved in the proceedings.

### B. Submission of Confidential Settlement Conference Statement

In light of the interpretation of the Court's second order (Docket No. 176, dated 08/25/23) as a comprehensive replacement of the first, Defendant Kumar operated under the belief that the requirement for the submission of a Confidential Settlement Conference Statement, as stipulated in the first order, was no longer applicable. Hence, the initial failure to complete this step from the first order.

However, upon realizing the potential misinterpretation of the Court's orders, Defendant Kumar sought to rectify the oversight as soon as possible. In an earnest effort to comply with the Court's directives and to ensure the continuation of proceedings without further delay or misunderstanding, Defendant Kumar submitted his Confidential Settlement Conference Statement.

This document, which is essential for the process of the settlement conference, was submitted to the Court Clerk via email at kk_chambers@cacd.uscourts.gov on September 21, 2023. With this action, Defendant Kumar demonstrated his commitment to meeting the requirements of the Court

## IV. CONCLUSION

In conclusion, Defendant Amrit Kumar wishes to express his sincere apologies for any misunderstanding or inconvenience that may have arisen from his interpretations of the Court's orders. He recognizes the seriousness of the situation and wants to affirm his commitment to comply with the Court's directives and actively participate in the proceedings.

Defendant Kumar took several steps to comply with the Court's orders, including the hiring of a representative to navigate the technical requirements of a remote settlement conference. He also made efforts to rectify perceived

misunderstandings as soon as they were identified, demonstrating his respect for the court's process and his intention to participate in good faith.

In the spirit of full transparency, Defendant Kumar has provided a detailed explanation of his actions and his understanding of the Court's orders. He has also outlined the measures he has taken to comply with the Court's directives, including the submission of the Confidential Settlement Conference Statement to the Court Clerk.

Defendant Kumar respectfully requests the Court's understanding and consideration regarding the issues raised in the Order to Show Cause. He hopes that this response provides a clear picture of his actions and intentions throughout this process.

Respectfully submitted,

Amrit Kumar

Pro Se Defendant

## DECLARATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing responses are true and correct to the best of my knowledge and belief.

Dated: September 21, 2023

/s/ Amrit Kumar

AMRIT KUMAR

601 6th Floor, Rupa Solitare

Millennium Business Park, Plot No. A-1

Mahape, Mumbai

Maharashtra-400710, India

Email: amritkum@proton.me

## CERTIFICATE OF SERVICE

I hereby certify that on 09/21/2023, copies of the foregoing document have been sent to all the parties at the following addresses:

KARISH & BJORUGM, PC
A. ERIC BJORGUM
Eric.bjorgum@kb-ip.com
MARC KARISH
Marc.karish@kb-ip.com
119 E. Union Street, Suite B
Pasadena, CA 91103

Emilie Brunn
Emilie.brunn@protonmail.com

Lizette Lundberg
Liz.lundberg@protonmail.ch

Dated: September 21, 2023

/s/ Amrit Kumar

AMRIT KUMAR

601 6th Floor, Rupa Solitare

Millennium Business Park, Plot No. A-1

Mahape, Mumbai

Defendant Amrit Kumar's Response to the Order to Show Cause

Maharashtra-400710, India

Email: amritkum@proton.me

# Exhibit A

Email 1

From: Amrit Kumar <amritkum@proton.me>

To: KKChambers <kk_chambers@cacd.uscourts.gov>, Eric Bjorgum <eric.bjorgum@kb-ip.com>, Marc Karish <marc.karish@kb-ip.com>, Liz.lundberg <Liz.lundberg@protonmail.ch>, Emilie.brunn <Emilie.brunn@protonmail.com>

Subject: Proposed Time for Hardware Test and Clarification on Time Zone

Dear Ms. Maurice,

I am writing in accordance with the court's order that the parties should arrange a time for testing their hardware no later than August 31st, 4:00 PM PST, and that the test itself should occur before September 8th, 4:00 PM PST.

I propose we conduct this test on Friday, September 7th, at 9:00 AM PST. I would, however, like to bring up a point of clarification regarding the time zone. As we are currently in the period of daylight saving time, the time in California should technically be Pacific Daylight Time (PDT), not Pacific Standard Time (PST). Could you please confirm whether the court indeed meant PST, or if this was perhaps an oversight?

It is important to note that the US PST time zone is 13:30 hours behind the IST time zone. This makes 9:00 AM PST equivalent to 10:30 PM IST, which is rather late in India. Despite the inconvenience, I am committed to ensuring the test goes smoothly, given the past technical issues during video conferences.

As a precautionary measure, I am considering hiring a representative or an attorney to represent me for the test and the subsequent settlement conference. This would help mitigate any challenges arising from the timezone difference, language barriers, and potential technical difficulties.

However, hiring an attorney as a foreign individual presents its own set of challenges. My previous attempts to hire legal representation were undermined by the plaintiff, a concern I wish to bring to the court's attention again. I would like to ensure that there is no interference from the plaintiff in my pursuit of legal representation.

I look forward to your response and confirmation of the test date.

Sincerely,

Amrit Kumar

---

Email 2

From: KKChambers <kk_chambers@cacd.uscourts.gov>

To: Amrit Kumar <amritkum@proton.me>, Eric Bjorgum <eric.bjorgum@kb-ip.com>, Marc Karish <marc.karish@kb-ip.com>, Liz.lundberg <Liz.lundberg@protonmail.ch>, Emilie.brunn <Emilie.brunn@protonmail.com>

Subject: RE: Proposed Time for Hardware Test and Clarification on Time Zone

Good afternoon Mr. Kumar,

I am available to run a test with you on Friday, September 7th, at 8:00 AM PDT.

Please confirm if this date and time works for you and I will send you further information.

Thank you,

Email 3

From: Amrit Kumar <amritkum@proton.me>

To: KKChambers <kk_chambers@cacd.uscourts.gov>, Eric Bjorgum <eric.bjorgum@kb-ip.com>, Marc Karish <marc.karish@kb-ip.com>, Liz.lundberg <Liz.lundberg@protonmail.ch>, Emilie.brunn <Emilie.brunn@protonmail.com>

Subject: RE: Proposed Time for Hardware Test and Clarification on Time Zone

Dear Ms. Maurice,

That time and date work for me.

Sincerely,

Amrit Kumar

---

Email 4

From: Amrit Kumar <amritkum@proton.me>

To: KKChambers <kk_chambers@cacd.uscourts.gov>, Eric Bjorgum <eric.bjorgum@kb-ip.com>, Marc Karish <marc.karish@kb-ip.com>, Liz.lundberg <Liz.lundberg@protonmail.ch>, Emilie.brunn <Emilie.brunn@protonmail.com>

Subject: RE: Proposed Time for Hardware Test and Clarification on Time Zone

Dear Ms. Maurice,

I hope this message finds you well.

I wanted to clarify a date you mentioned in your previous email. It appears there may

have been a small typographical error – you wrote Friday as the 7th of September. However, Friday will actually be the 8th of September. I thought it would be best to double-check this with you to ensure we are aligned.

Therefore, the test is scheduled for 8:00 PDT on Friday, the 8th of September.

Could you kindly provide me with the necessary information for this test when you have the opportunity?

Thank you in advance for your attention to this matter.

Sincerely,

Amrit Kumar

---

Email 5

From: KKChambers <kk_chambers@cacd.uscourts.gov>

To: Amrit Kumar <amritkum@proton.me>, Eric Bjorgum <eric.bjorgum@kb-ip.com>, Marc Karish <marc.karish@kb-ip.com>, Liz.lundberg <Liz.lundberg@protonmail.ch>, Emilie.brunn <Emilie.brunn@protonmail.com>

Subject: RE: Proposed Time for Hardware Test and Clarification on Time Zone

Good morning,

I responded to the date being requested. On your original request you proposed Friday the 7th. I should have sought clarification on that. Which date works best for you?

Thursday the 7th or Friday the 8th?

Thank you,

---

Email 6

From: Amrit Kumar <amritkum@proton.me>

To: KKChambers <kk_chambers@cacd.uscourts.gov>, Eric Bjorgum <eric.bjorgum@kb-ip.com>, Marc Karish <marc.karish@kb-ip.com>, Liz.lundberg <Liz.lundberg@protonmail.ch>, Emilie.brunn <Emilie.brunn@protonmail.com>

Subject: RE: Proposed Time for Hardware Test and Clarification on Time Zone

Dear Ms. Maurice,

Friday, the 8th of September, works best for me.

Sincerely,

Amrit Kumar

---

Email 7

From: KKChambers <kk_chambers@cacd.uscourts.gov>

To: Amrit Kumar <amritkum@proton.me>, Eric Bjorgum <eric.bjorgum@kb-ip.com>, Marc Karish <marc.karish@kb-ip.com>, Liz.lundberg <Liz.lundberg@protonmail.ch>, Emilie.brunn <Emilie.brunn@protonmail.com>

Subject: RE: Proposed Time for Hardware Test and Clarification on Time Zone

Good afternoon,

That works. I'll send you the login information shortly.

Thank you,