UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | 2:21-cv-08533-MCS-KK | Date | September 29, 2023 |
|---|---|---|---|
| Title | *MG Premium Ltd. v. Does d/b/a/ GoodPorn.to* | | |

| Present: The Honorable | Mark C. Scarsi, United States District Judge |
|---|---|

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER RE: MOTION FOR SUMMARY JUDGMENT (ECF NO. 137)**

Plaintiff MG Premium Ltd. moves for summary judgment on all claims in the first amended complaint and all counterclaims raised by Defendant Amrit Kumar. (Mot., ECF No. 137.) Only Kumar filed an opposition, to which MG Premium replied. (Opp'n, ECF No. 157-1; Reply 162, ECF No. 162.) The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.

## I.    BACKGROUND

According to the first amended complaint, MG Premium is a Cyprus-based company that holds the copyrights to thousands of erotic audiovisual works. (FAC ¶¶ 1, 21, ECF No. 30; SUF ¶ 1, ECF No. 147-1.) Defendants Amrit Kumar, Lizette Lundberg, and Emilie Brunn own and operate the adult film sharing websites GoodPorn.to and GoodPorn.se,[1] which allow users to upload, view, or download copyrighted adult videos without authorization or license. (FAC ¶¶ 6–7, 29, 39; SUF

---

[1] For simplicity, the Court refers to Defendants' websites as simply the goodporn.to website.

¶ 6.) MG Premium has identified thousands of its copyrighted works available for viewing on the goodporn.to website, (Tucker Decl. ¶ 16, ECF No. 137-1), and issued many takedown notices pursuant to the Digital Millennium Copyright Act ("DMCA"), (*id.* ¶¶ 17–18). Based on the unauthorized streaming, uploading, and downloading of its copyrighted works on goodporn.to, MG Premium brings four causes of action against Defendants: (1) direct copyright infringement, (2) inducement of copyright infringement, (3) vicarious and contributory copyright infringement, and (4) declaratory relief (FAC ¶¶ 56–103.)

In his answer and counterclaim, Kumar asserts that the goodporn.to website owns the copyrights to all of MG Premium's works, per a purported bilateral agreement between MG Premium and goodporn.to. (Kumar Countercls. ¶¶ 10, 16–17, ECF No. 63.) Based on this document, Kumar brings two counterclaims against MG Premium: (1) unfair business practices in violation of 15 U.S.C. § 45, and (2) breach of contract. (*Id.* ¶¶ 6–23.)

## II.    LEGAL STANDARD

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing law, the resolution of that fact might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The burden of establishing the absence of a genuine issue of material fact lies with the moving party, *see Celotex*, 477 U.S. at 322–23, and the court must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party, *Scott v. Harris*, 550 U.S. 372, 378 (2007). To meet its burden,

> [t]he moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial.

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000).

Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). There is no genuine issue for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Id.* at 587.

## III.   DISCUSSION

### A.   Local Rule 7-3

As a preliminary matter, the Court first addresses MG Premium's failure to conduct a prefiling conference pursuant to Local Rule 7-3. (Notice of Mot., at ii, ECF No. 137.) While Local Rule 7-3 is an important prerequisite to filing any motion, (*see* Order Re: Mots. 2–3, ECF No. 35), the parties' efforts at prefiling conferences have rarely, if ever, satisfied the purpose of such conferences, *see James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem. Ins. Co.*, No. 8:16-cv-01155-JLS-E, 2016 WL 9223782 at *1 (C.D. Cal. Sept. 12, 2016) ("The purpose of Local Rule 7-3 is to help parties reach a resolution which eliminates the necessity for a hearing." (internal quotation marks omitted)); *Caldera v. J.M. Smucker Co.*, No. CV 12-4936-GHK (VBKx), 2013 WL 6987905, at *1 (C.D. Cal. June 3, 2013) (noting that the rule "enables the parties to brief the remaining disputes in a thoughtful, concise, and useful manner" (internal quotation marks omitted)). Rather, the obligation to conduct prefiling conferences have devolved into "squabbling," (Order Re: Mots. 2), or failed to prevent the dozens of motions filed between May 2022 and July 2023.

In any event, Kumar filed an opposition to the motion without raising any issues of notice. While Lundberg failed to oppose the motion, Lundberg's apparent failure to offer working, non-anonymous contact information undercuts any argument that only MG Premium was at fault for the lack of a conference. (ECF Nos. 185–90.) As to Brunn, the Court exercises its discretion to consider MG Premium's motion notwithstanding MG Premium's failure to adhere to the Local Rule. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.").

The Court does, however, admonish MG Premium for filing the instant motion without a proper prefiling conference. According to the notice of motion, MG

Premium attempted to schedule a prefiling conference on the deadline to conduct any such conference, leaving little to no time for these foreign defendants to coordinate a time to meet and confer. C.D. Cal. R. 7-3 ("The conference must take place at least 7 days prior to the filing of the motion."). The Court warns MG Premium that it must conduct prefiling conferences, whether in real time or in writing, before filing any forthcoming motion. MG Premium must give its best effort to discuss the merits of the motion during those prefiling conferences and attach as an exhibit to any forthcoming motion proof of its good faith efforts to confer with Defendants. A single attempt, even if well in advance of the conference deadline, will not demonstrate good faith. The failure to adhere to any of these instructions will result in summary denial of the noncompliant motion.

## B.    Scope of MG Premium's Motion

Before reaching the merits of the motion, the Court notes a substantial lack of clarity as to the scope of MG Premium's motion. In its notice of motion, MG Premium indicates that it "bring[s] a motion for summary judgment on claims 1–4 of its First Amended Complaint," (Notice of Mot., at i), which suggests that MG Premium seeks to resolve its entire affirmative case. Yet throughout its brief, MG Premium—perhaps due to typographical or other errors—appears to limit its request for summary judgment to just one or two defendants as to some claims. (*Compare, e.g.*, Mot. 2 (introducing request for summary judgment on the ownership question "as to Kumar and Lundberg" without reference to Brunn); *id.* at 17–18 (moving for summary judgment on vicarious infringement as to Kumar only); *id.* at 18 (moving for summary judgment for contributory infringement as to all defendants but only arguing that a singular defendant committed the conduct), *with* FAC ¶¶ 56–103 (asserting each cause of action against all defendants).)

The scope of MG Premium's motion has a significant impact on the resolution of this matter. Lundberg and Brunn have not opposed the motion, so if the Court finds that MG Premium's motion covers any claims against Lundberg and Brunn, the Court would deem all factual and legal arguments against them as waived. C.D. Cal. R. 56-3; *John-Charles v. California*, 646 F.3d 1243, 1247 n.4 (9th Cir. 2011) (deeming issue waived where party "failed to develop any argument"); *City of Arcadia v. EPA*, 265 F. Supp. 2d 1142, 1154 n.16 (N.D. Cal. 2003) ("[T]he implication of this lack of response is that any opposition to this argument is waived."); *but see In re Rogstad*, 126 F.3d 1224, 1227 (9th Cir. 1997) ("We have repeatedly held that it is error to grant a motion for summary judgment simply because the opponent failed to oppose."). Certainly, the Court cannot consider

Kumar's opposition as raising any arguments on their behalf, as only he signed his brief, (Opp'n 26–27), and Kumar cannot represent his codefendants as a pro se litigant, *Simon v. Hartford Life & Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008). But if the motion is narrowed to the manner suggested in MG Premium's proposed order, at least three causes of action would remain against Lundberg and Brunn irrespective of the merits of the instant motion. (Proposed Order 2, ECF No. 148.)

Notwithstanding these ambiguities, the Court understands the instant motion as seeking summary judgment of the vicarious copyright infringement claim against Kumar only and summary judgment of all remaining claims against Kumar, Lundberg and Brunn. In MG Premium's brief, the section discussing vicarious infringement is expressly limited to Kumar, (Mot. 17), while the other sections analyze MG Premium's claims against "Defendants," (*id.* at 8, 16, 18). Because MG Premium makes no effort to discuss whether it is entitled to summary judgment of its claim for a declaratory judgment, the Court declines to consider the merits of the fourth cause of action.[2] (*Id.* at 8–20.)

## C.   Factual Disputes

The Court also addresses MG Premium's contention that Kumar has conceded the material facts for failing to dispute them in a statement of genuine disputes. (Reply 2.) Under Local Rule 56-3,

> the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the "Statement of Genuine Disputes" and (b) controverted by declaration or other written evidence filed in opposition to the motion.

C.D. Cal. R. 56-3. While Kumar has submitted evidence purportedly raising material factual disputes, (ECF Nos. 157-1 to -6), the Court deems Kumar's failure to submit the required statement of genuine disputes as conceding MG Premium's material facts as uncontroverted. The Court will, however, consider the evidence Kumar

---

[2] In any event, the Court questions the propriety of such equitable relief where MG Premium asserts damages on two of its claims. *Woodland v. Hill*, No. 2:22-cv-03930-AB-MRWx, 2022 WL 19250191, at *5 (C.D. Cal. Dec. 8, 2022) ("District courts dismiss declaratory judgment claims as unnecessary when there are adequate forms of remedy at law available." (collecting cases)).

proffers in opposition to the motion to the extent any proffered document raises a material factual dispute.

## D.   Claim 1: Direct Infringement

For a plaintiff to establish copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Infringement occurs when a defendant violates one of the exclusive rights of the copyright holder, 17 U.S.C. § 501(a), including the right to reproduce the copyrighted work, to prepare derivative works, to distribute copies to the public, and to publicly display the work, *id.* § 106.

To state a claim for direct copyright infringement, a plaintiff must also demonstrate causation (or volitional conduct). *Fox Broad. Co., Inc. v. Dish Network L.L.C.*, 747 F.3d 1060, 1067 (9th Cir. 2013) ("Infringement . . . require[s] that the defendant cause the copying."); *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017). The Ninth Circuit has stated that volitional conduct is present where the defendant "exercised control (other than by general operation of a [website]); selected any material for upload, download, transmission, or storage; or instigated any copying, storage, or distribution" of copyrighted materials. *Giganews*, 847 F.3d at 670. Automatic copying, storing, or transmission of copyrighted materials is insufficient to allege volitional conduct. *Id.* at 669–70. Volitional conduct does not require willfulness or active decision-making; rather, it "simply stands for the unremarkable proposition that proximate causation historically underlines copyright infringement liability no less than other torts." *Id.* at 666 (internal quotation marks omitted). In other words, "*direct* liability must be premised on conduct that can reasonably be described as the *direct cause* of the infringement." *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 731 (9th Cir. 2019) (internal quotation marks omitted). Where, as here, the action is against a website owner, "the distinction between active and passive participation in the alleged infringement is central to the legal analysis." *Id.* at 732 (cleaned up).

### 1.   Ownership

To establish ownership, MG Premium proffers the copyright registrations to hundreds of its works, (SUF ¶ 4 ("MG has provided over 300 copyright registrations . . . ."); *but see* Mot. 9 ("Over 700 copyright registration certificates are submitted with this motion.")), which serve as "prima facie evidence of the validity

of a copyright in a judicial proceeding commenced within five years of the copyright[s'] first publication[s,]" *Ent. Rsch. Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997) (citing, inter alia, 17 U.S.C. § 410(c)). While a significant number of these copyrighted works were published more than five years before this case was filed in 2021, (*see, e.g.*, Bjorgum Decl. Ex. A-1, at 210–28, ECF No. 142-1 (works first published in 2014)),[3] the vast majority of the proffered works were published within the five-year limitations period for prima facie validity, (*see generally* Bjorgum Decl. Ex. A-2, ECF No. 143-1; Bjorgum Decl. Ex. A-3, ECF No. 144-1). In any event, Kumar does not attack any of the registrations as failing to offer prima facie evidence of ownership. Rather, he asserts that either MG Premium has not conclusively proven that the copyright registrations correspond with the works available on the goodporn.to website or that these copyrights were transferred to him pursuant to a bilateral agreement between goodporn.to and MG Premium. (Opp'n 12–13, 18–21.)

The Court addresses both of Kumar's contentions. First, MG Premium has demonstrated a rebuttable presumption of ownership of the copyrights at issue in this case. MG Premium's retained consultant, Jason Tucker, attests to "meticulously match[ing] 1,439 of MG Premium Ltd.'s copyrighted and registered works without license or authority." (Tucker Decl. ¶ 15.) To that end, he submitted partially redacted screen captures of the copyrighted works from one of MG Premium's websites and from the goodporn.to website, along with corresponding copyright registration. (*See generally* Tucker Decl. Ex. A, ECF No. 137-2.) While Tucker's proffer is only a fraction of the purportedly thousands of "wrongfully displayed videos" available on goodporn.to, (Tucker Decl. ¶ 16), Kumar at least recognizes that each of the titles available on the registrations matches the titles of the allegedly infringing works on Kumar's website, (Opp'n 12). The Court is satisfied that MG Premium has carried its initial burden of producing competent evidence establishing its copyright ownership in the hundreds of works represented in the copyright registrations. (SUF ¶ 4); *Nissan Fire*, 210 F.3d at 1102.

Second, the Court finds that Kumar's proffer of a purported agreement and contemporaneous messages fails to raise a factual dispute on the question of ownership. Neither document bears any indicia of reliability or authenticity sufficient to cast doubt on MG Premium's ownership of the copyrights. While the bilateral agreement is allegedly countersigned by Feras Antoon as CEO of MG

---

[3] Pinpoint citations of Exhibit A-1 of the Bjorgum Declaration refer to the page numbers in the CM/ECF header.

Premium, (Opp'n Ex. A, at 39),[4] Antoon declared under penalty of perjury that he "never saw that document before August[] 2022" and "did not sign the BILATERAL AGREEMENT and could not do so because [he] was never an officer or director of MG Premium Ltd.," (Antoon Decl. ¶ 3, ECF No. 145-2 (proffered in support of opposition to Rule 12(b)(2) motion)).[5] Further, the version of the agreement proffered in opposition to the instant motion appears altered from the version first proffered in Kumar's Rule 12(b)(2) motion filed in August 2022, as MG Premium's printed name is incomplete in the most recent version. (*Compare* Opp'n Ex. A, at 39, *with* Rule 12(b)(2) Mot. Ex. B, at 50, ECF No. 50.) Kumar proffers "new concrete evidence supporting the bilateral agreement" in the form of "recently recovered old chat messages that . . . substantiate the existence and validity of the bilateral agreement." (Opp'n 2, 6.) But the evidence in substantiation is anything but substantiating. (*See* Opp'n Ex. B, ECF No. 157-2); Fed. R. Evid. 901(a). Rather than proffer screenshots of the original chats with contemporaneous time stamps or other proof of authenticity, Kumar appears to have typed out this "conversation" from whole cloth. The Court finds that neither the bilateral agreement nor the typed-out messages bear any evidentiary value to the resolution of this motion.

Because Kumar fails to offer any other argument in rebuttal of MG Premium's claim of ownership, (Opp'n 18–20), the Court finds no factual disputes preventing entry of summary judgment in favor of MG Premium on the issue of ownership.

## 2.   Copying

On the copying element, the Court finds no material factual disputes. It is indisputable, based on the partially redacted screenshots submitted in support of the Tucker's and Steven Salway's declaration, that MG Premium's registered works have been copied onto the goodporn.to website. (Tucker Decl. Ex. A; Salway Decl. Ex. A-1, ECF No. 138-1; Salway Decl. Ex. A-2, ECF No. 139-1; Salway Decl. Ex. A-3, ECF No. 140-1; Salway Decl. Ex. A-4, ECF No. 141-1.) While Kumar questions whether MG Premium's copyrighted works appear on the goodporn.to website, (Opp'n 19), the Court already rejected this assertion. Accordingly, the Court finds that MG Premium has satisfied the copying element.

---

[4] Pinpoint citations of Exhibit A of the opposition refer to the page numbers in the CM/ECF header.

[5] The Court considers this document notwithstanding the document's absence in the record submitted in support of or in opposition to summary judgment. Fed. R. Civ. P. 56(c)(3).

###### 3.   Causation

MG Premium has not, however, satisfied the causation element. MG Premium asserts in separate sections of the brief that Kumar has committed active conduct by making available the subject works. (Mot. 4, 8, 16.) Although Kumar never addresses whether he or any of the website users copied the works, (*see generally* Opp'n; 10/31/22 Bjorgum Decl. Ex. I, at 3, ECF No. 40-7 (indicating that users may upload videos to the website)),[6] MG Premium failed to argue the volitional requirement in the first instance. Rather, both MG Premium and Kumar devote the entirety of their direct infringement arguments to issues of ownership, (Mot. 8–16; Opp'n 7–15, 18), which gives the Court no facts demonstrating that Kumar is an active rather than passive operator of the goodporn.to website, *Zillow*, 918 F.3d at 732. It is insufficient to simply claim that Defendants operate the infringing website. *Giganews*, 847 F.3d at 670. And even if the Court would deem Kumar's silence on the causation issue as conceding the merit of MG Premium's direct infringement claim, *see John-Charles*, 646 F.3d at 1247 n.4; *City of Arcadia*, 265 F. Supp. 2d at 1154 n.16, MG Premium fails to offer any argument on the volitional requirement that Kumar could be deemed as having conceded. Accordingly, the Court finds that MG Premium has failed to carry its initial burden of production demonstrating the absence of a material fact dispute on the volitional requirement. *Nissan Fire*, 210 F.3d at 1102.

In sum, the Court finds that summary judgment is inappropriate on MG Premium's direct copyright infringement claim, given its failure to offer any factual or legal argument on the volitional requirement.

## E.   Claim 2: Inducement

A defendant may be held liable for copyright infringement under an inducement theory by proving four elements: "(1) the distribution of a device or product, (2) acts of infringement, (3) an object of promoting its use to infringe copyright, and (4) causation." *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1032 (9th Cir. 2013) (detailing the elements propounded in *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936–37 (2005)).

---

[6] Pinpoint citations of Exhibit I of the Bjorgum Declaration submitted on October 31, 2022 refer to the page numbers in the CM/ECF header. The Court considers this document pursuant to Federal Rule Civil Procedure 56(c)(3).

As to the first and second *Grokster* elements, Defendants operate an online video sharing platform, where users can upload, watch, or download copyrighted material, like MG Premium's. (SUF ¶¶ 3, 6–7, 16; Bjorgum Decl. Ex. K, at 62, ECF No. 145-1; 10/31/22 Bjorgum Decl. Ex. I, at 3);[7] While MG Premium has not proven volitional conduct for direct infringement by Defendants, the fact that MG Premium's copyrighted works appear on Defendants' website indicates that infringement has occurred at least by website visitors. Accordingly, the Court finds that Defendants' offer of "services available on the Internet" and the copying of MG Premium's works onto the website, whether by Defendants themselves or by goodporn.to visitors, satisfy the first two *Grokster* elements. *Fung*, 710 F.3d at 1033.

The third and fourth *Grokster* elements are also met here, where Defendants actively promote the ability to upload and download MG Premium's copyrighted works. (Bjorgum Decl. Ex. K, at 62; 10/31/22 Bjorgum Decl. Ex. I, at 3.) Taking Defendants' invitation to upload, users are able to copy MG Premium's works onto the goodporn.to website or users' personal hard drives, which satisfies the unrebutted and conceded causation element. (SUF ¶ 18.)

The Court finds no factual disputes prevent the grant of summary judgment to MG Premium. Because MG Premium can demonstrate each of the material elements of a claim for inducement of copyright infringement, MG Premium is entitled to summary judgment on its second cause of action as against Kumar, Brunn, and Lundberg.

## F.    Claim 3: Vicarious Infringement

"To prevail on a claim for vicarious infringement, a plaintiff must prove the defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." *Giganews*, 847 F.3d at 673. "[V]icarious infringement's roots lie in the agency principles of *respondeat superior*." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 802 (9th Cir. 2007).

The Court finds that summary judgment is not warranted on the vicarious copyright infringement claim because there is a factual dispute as to whether Defendants or third parties uploaded the infringing works to the goodporn.to

---

[7] Pinpoint citations of Exhibit K of the Bjorgum Declaration refer to the page numbers in the CM/ECF header.

website. While someone must have uploaded the works, it is not necessarily the case that Kumar has the right and ability to supervise those uploads, particularly where MG Premium has failed to establish that acts of infringement fall within the traditional respondeat superior framework. *Visa*, 494 F.3d at 802. Rather, the sole support for supervisory control is that Kumar advertises to website users the ability to watch and download MG Premium's content, yet MG Premium offers no basis in law or fact to prove that Kumar enjoys any right or ability to "stop or limit the directly infringing conduct, as well as the practical ability to do so." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1173 (9th Cir. 2007). Certainly, if one of Kumar's employees or agents uploaded, downloaded, or otherwise copied the infringing works, MG Premium could demonstrate the requisite supervisory control. But MG Premium offers no facts from which the Court could make such a determination for any third party. Thus, the Court denies summary judgment of MG Premium's vicarious copyright infringement claim.

## G. Claim 3: Contributory Infringement

Contributory copyright infringement "may be imposed for intentionally encouraging infringement through specific acts." *Amazon.com*, 508 F.3d at 1170. "[O]ne contributorily infringes when he (1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement." *Visa*, 494 F.3d at 795.

The Court finds no factual disputes preventing the grant of summary judgment. Kumar rests his entire opposition on the issue of ownership, which the Court has already found in MG Premium's favor. (Opp'n 21.) As to the first element, MG Premium has demonstrated knowledge of copyright infringement as to all Defendants. For one, the goodporn.to website boasts the ability to view MG Premium's copyrighted works. (Bjorgum Decl. Ex. K, at 62.) Further, throughout the course of litigation, Tucker has issued several DMCA takedown notices to Defendants, which gave them notice of the ongoing infringement taking place on their website. (Tucker Decl. 17–18.) The Court finds these undisputed facts sufficient to carry MG Premium's burden of production and persuasion on the first contributory infringement element. *Nissan Fire*, 210 F.3d at 1102.

As to the second element, the Court has already held that Defendants induced infringement under the *Grokster* factors. And as discussed above, Kumar does not meaningfully—or successfully—dispute whether MG Premium's works are copied

onto the goodporn.to website. Accordingly, the second contributory infringement element is satisfied.

Because the undisputed material facts meet the requirements of contributory infringement, the Court finds summary judgment is warranted as against Defendants.

## H.   Kumar's Counterclaims

Kumar brings two counterclaims, both of which MG Premium attacks in its summary judgment motion: unfair business practices in violation of 15 U.S.C. § 45 and breach of contract. (Kumar Countercls. ¶¶ 6–23.) Kumar's sole defense of his counterclaims rests on his assertion of ownership of the copyrighted works per the bilateral agreement. (Opp'n 21–22.) The Court addresses each counterclaim.

### 1.   Unfair Business Practices under 15 U.S.C. § 45

Notwithstanding MG Premium's failure to address a dispositive threshold issue, the Court first determines sua sponte whether there is jurisdiction to consider Kumar's first counterclaim. *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1849 (2019) (requiring federal courts to consider subject-matter jurisdiction sua sponte); *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause."). As a private litigant, Kumar "may not invoke the jurisdiction of the federal district courts by alleging that defendants engaged in business practices proscribed by [15 U.S.C. § 45(a)(1),]" which "rests initial remedy power solely in the Federal Trade Commission." *Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981). Accordingly, the Court dismisses sua sponte Kumar's unfair business practices counterclaim and denies as moot MG Premium's motion to the extent it asserts any arguments on the merits of the counterclaim.[8]

### 2.   Breach of Contract

To prove a breach of contract, a counterclaimant must show (1) the existence of a contract, (2) the counterclaimant's performance or excuse for nonperformance,

---

[8] To the extent Kumar's inability to bring a claim under § 45(a)(1) is a purely statutory issue, the Court would arrive at the same conclusion sua sponte under Rule 12(b)(6) because Kumar "cannot possibly win relief" under a statute offering no private right of action. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

(3) breach by the counterclaim defendant, and (4) damages. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). Kumar's counterclaim fails at the first element because the purported bilateral agreement offers no evidentiary value and cannot raise a factual dispute that Kumar is entitled to bring his breach of contract counterclaim to trial.[9] Thus, the Court grants summary judgment of Kumar's breach of contract counterclaim.

## IV.   CONCLUSION

The Court grants the motion in part. Summary judgment is entered as to MG Premium's claims for inducement of copyright infringement and contributory copyright infringement against all defendants. Summary judgment of MG Premium's other claims is denied. The Court also enters summary judgment against Kumar on both of his counterclaims and dismisses them accordingly. Nothing in this Order prevents MG Premium from voluntarily dismissing any remaining claims under Rule 41(a)(1).

**IT IS SO ORDERED.**

---

[9] Even if the Court did consider the bilateral agreement as evidence of a contract, Kumar fails to offer any argument demonstrating his standing to sue on behalf of the goodporn.to website, (Mot. 19; Opp'n 21–22), the only counter-party to MG Premium, (Opp'n Ex. A, at 30). No provision in the contract expressly contemplates Kumar as a third-party beneficiary that might have entitled him to bring suit on behalf of the goodporn.to website. Cal. Civ. Code § 1559. Nor is there any provision expressing a clear, although implied, grant of third-party beneficiary status to Kumar in the bilateral agreement. *Sessions Payroll Mgmt., Inc. v. Noble Constr. Co., Inc.*, 84 Cal. App. 4th 671, 680 (2000). Kumar fails to identify the provision affording him, rather than goodporn.to, the ability to sue under the purported contract, and the Court thus deems any argument to the contrary waived on summary judgment. *John-Charles*, 646 F.3d at 1247 n.4; *City of Arcadia*, 265 F. Supp. 2d at 1154 n.16.