UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MG PREMIUM LTD, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOES 1-20 D/B/A GOODPORN.TO, <br><br> Defendant(s). | Case No. CV 21-8533-MCS (KKx) <br><br> REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable Mark C. Scarsi, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I.

## **SUMMARY OF RECOMMENDATION**

On July 23, 2023, plaintiff MG Premium Ltd. ("Plaintiff") filed a Motion seeking terminating sanctions against defendant Amrit Kumar ("Kumar") based on defendant Kumar's failure to comply with the Court's June 8, 2023 Order requiring him to (a) meet and confer; (b) appear for his deposition no later than June 28, 2023; and (c) pay monetary sanctions to Plaintiff ("Motion"). ECF Docket No. ("Dkt.") 134. For the reasons discussed below, the Court recommends GRANTING

Plaintiff's Motion, striking defendant Kumar's Answer, and entering default against defendant Kumar.

## II.

## BACKGROUND

On October 28, 2021, Plaintiff filed a Complaint alleging defendants Does 1-20, d/b/a Goodporn.to, infringed its copyrights in various "adult-oriented audiovisual content." Dkt. 1.

On September 9, 2022, Plaintiff filed a First Amended Complaint ("FAC") against defendants Kumar, Lizette Lundberg, Emilie Brunn, and Does 4-20, d/b/a Goodporn.to. Dkt. 30.

On January 3, 2023, defendant Kumar, proceeding pro se, filed an Answer to the FAC. Dkt. 58. On January 26, 2023, defendant Kumar filed an Amended Answer to the FAC. Dkt. 63.

### A. Defendant Kumar's Failure to Appear for Noticed Depositions

On February 7, 2023, Plaintiff served a Notice of Deposition on defendant Kumar via email for defendant Kumar's deposition to occur via video on February 21, 2023 at 6:30 p.m. PDT. Dkt. 81-2, Declaration of A. Eric Bjorgum in support of Motion to Compel ("Bjorgum MTC Decl."), ¶ 8, Ex. C.

On February 16, 2023, Plaintiff's counsel emailed defendant Kumar requesting he confirm by February 17, 2023 whether he would appear for the February 21, 2023 deposition. Id., ¶ 11. Defendant Kumar did not respond. Id. Therefore, Plaintiff's counsel cancelled the February 21, 2023 deposition. Id.

On February 21, 2023, Plaintiff served a Notice of Deposition on defendant Kumar via email for defendant Kumar's deposition to occur via video on March 2, 2023 at 6:30 p.m. PDT. Id., ¶ 13, Ex. H.

On February 22, 2023, the Court issued a Jury Trial Scheduling Order setting a fact discovery cut-off of July 17, 2023 and a jury trial for December 5, 2023. Dkt. 71.

2

1  On March 2, 2023, Plaintiff's counsel appeared for defendant Kumar's noticed
2  deposition. Bjorgum MTC Decl., ¶ 16. Defendant Kumar failed to appear. Id.

3  **B. Defendant Kumar's Failure to Comply with the Court's June 8,**
4  **2023 Order**

5  On April 20, 2023, Plaintiff filed a Motion to Compel defendant Kumar to
6  appear for a deposition via videoconference, seeking evidentiary and monetary
7  sanctions. Dkt. 81.

8  On June 8, 2023, the Court issued an Order granting in part and denying in
9  part Plaintiff's Motion to Compel. Dkt. 106. Specifically, the Court ordered
10 defendant Kumar to meet and confer telephonically with Plaintiff regarding mutually
11 agreeable dates for defendant Kumar's deposition, to be held no later than June 28,
12 2023, and to appear for deposition on the agreed-upon date. Id. The Court also
13 ordered defendant Kumar to pay Plaintiff the sum of $4,287.25, as reasonable
14 expenses incurred in bringing the Motion to Compel, no later than July 8, 2023. Id.
15 Defendant Kumar was "expressly cautioned that failure to meet and confer
16 telephonically as required by Local Rule and/or failure to appear in person or via
17 video for his deposition as ordered herein will result in monetary, evidentiary, and/or
18 terminating sanctions." Id.

19 On June 12, 2023, defendant Kumar emailed Plaintiff's counsel offering to
20 appear for his deposition on June 27, 2023 at 4:00 p.m. India Standard Time ("IST"),
21 which is 3:30 a.m. PDT. Dkt. 134-1, Declaration of A. Eric Bjorgum in support of
22 Motion for Sanctions ("Bjorgum Sanctions Decl."), ¶ 4, Ex. A.

23 On June 15, 2023, defendant Kumar filed a Motion to Modify the Court's June
24 8, 2023 Order to (1) permit meet and confer communications to be conducted via
25 email; (2) permit defendant Kumar's deposition to proceed via email; and (3) "reduce
26 or remove" the award of monetary sanctions. Dkt. 110.

27 On June 20, 2023, the Court denied defendant Kumar's Motion to Modify the
28 Court's June 8, 2023 Order. Dkt. 112. On the same date, Plaintiff's counsel emailed

3

| | |
|---|---|
| 1 | defendant Kumar and requested to begin the deposition on June 27, 2023 at 5:00 a.m. |
| 2 | PDT (5:30 p.m. IST).  Bjorgum Sanctions Decl., ¶ 8, Ex. D. |
| 3 | On June 21, 2023, defendant Kumar filed a "Corrected" Motion to Modify the |
| 4 | Court's June 8, 2023 Order, seeking the same relief the Court had previously denied in |
| 5 | its June 20, 2023 Order.  Dkt. 113. |
| 6 | On June 22, 2023, the Court denied defendant Kumar's "Corrected" Motion to |
| 7 | Modify the June 8, 2023 Order.  Dkt. 115. |
| 8 | On June 23, 2023, defendant Kumar sent Plaintiff's counsel an email providing |
| 9 | a phone number where he could be reached.  Bjorgum Sanctions Decl., ¶ 9, Ex. E. |
| 10 | On the same date, Plaintiff served a Notice of Deposition on defendant Kumar via |
| 11 | email for defendant Kumar's deposition to occur via video on June 27, 2023 at 3:30 |
| 12 | a.m. PDT (4:00 p.m. IST), the time previously proposed by defendant Kumar.  Id., ¶ |
| 13 | 9, Ex. F. |
| 14 | On June 27, 2023 at 3:30 a.m. PDT (4:00 p.m. IST), Plaintiff's counsel in |
| 15 | Healdsburg, California, a court reporter in New York, a videographer in Salt Lake |
| 16 | City, a Hindi translator in Los Angeles, and Plaintiff's representatives appeared for |
| 17 | defendant Kumar's remote deposition.  Id., ¶¶ 11, 12.  Defendant Kumar failed to |
| 18 | appear.  Id., ¶¶ 12, 14, Ex. J. |
| 19 | Later that evening, at 8:00 p.m. PDT, Plaintiff's counsel, as well as the court |
| 20 | reporter, videographer, and Plaintiff's representatives, reconvened to call defendant |
| 21 | Kumar to resolve any technical issues.  Id., ¶ 15.  The translator was ready for a call at |
| 22 | 9:00 p.m. PDT (9:30 a.m. IST on June 28, 2023).  Id.  Plaintiff's counsel sent |
| 23 | defendant Kumar two emails scheduling the call and asking that he confirm his |
| 24 | availability.  Id., ¶ 15, Ex. K.  Defendant Kumar did not respond to Plaintiff's |
| 25 | counsel's emails.  Id. |
| 26 | On the same date, Plaintiff served a Notice of Deposition on defendant Kumar |
| 27 | via email for defendant Kumar's deposition to occur via video on June 28, 2023 at |
| 28 | 3:00 a.m. PDT (3:30 p.m. IST).  Id., ¶ 16, Ex. M. |

1  On June 28, 2023 at 3:00 a.m. PDT, Plaintiff's counsel, the court reporter,
2 videographer, translator, and Plaintiff's representatives appeared for defendant
3 Kumar's deposition. Id., ¶ 17. Defendant Kumar failed to appear. Id., ¶ 18, Ex. O.

4     **C.    Plaintiff Files the Instant Motion Seeking Terminating Sanctions**

5  On July 23, 2023, Plaintiff filed the instant Motion seeking terminating
6 sanctions or, in the alternative, evidentiary sanctions, as well as monetary sanctions,
7 based on defendant Kumar's failure to comply with the Court's June 8, 2023 Order
8 requiring defendant Kumar to (a) meet and confer via telephone; (b) appear for his
9 deposition via video no later than June 28, 2023; and (c) pay Plaintiff the sum of
10 $4,287.25 as reasonable expenses. Dkt. 134.

11  On August 3, 2023, defendant Kumar filed an Opposition to the Motion,
12 claiming he "encountered substantial technical difficulties that impeded his ability to
13 participate effectively[]" in the deposition. Dkt. 156 at 5. Defendant Kumar further
14 claimed he "proposed to continue the deposition to a later date, allowing sufficient
15 time for the technical issues to be fully addressed and resolved." Id.

16  On August 10, 2023, Plaintiff filed a Reply in support of the Motion. Dkt. 158.

17     **D.    Defendant Kumar's Failure to Comply with the Court's September**
18            **20, 2023 Order**

19  On September 20, 2023, "[i]n light of defendant Kumar's alleged technical
20 difficulties and his representation that he is amenable to 'continu[ing] the deposition
21 to a later date' that would 'allow[] sufficient time for the technical issues to be fully
22 addressed and resolved,'" the Court issued an Order requiring defendant Kumar to
23 appear for deposition via video no later than October 4, 2023. Dkt. 180. The Court
24 further ordered defendant Kumar "to resolve any technical issues in advance of the
25 agreed-upon [deposition] date" and advised that failure to ensure his ability to connect
26 to Veritext "in a way that prevents the deposition from moving forward on the
27 agreed-upon date shall be considered a failure to appear at the deposition." Id. The
28 Court expressly warned defendant Kumar that "if he fails to appear for his deposition

1  by October 4, 2023, the Court will recommend the District Judge grant Plaintiff's
2  Motion for Sanctions, including the request for terminating sanctions." Id.
3        On September 21, 2023, the Court issued an order extending the fact discovery
4  cut-off to October 4, 2023 "for the sole and limited purpose of allowing" Plaintiff to
5  depose defendant Kumar.  Dkt. 181.
6        On September 23, 2023, defendant Kumar emailed Plaintiff's counsel offering
7  to appear for his deposition on October 2, 2023 at 2:00 a.m. PDT (2:30 p.m. IST).
8  Dkt. 200 at 3-6, Supplemental Declaration of A. Eric Bjorgum ("Suppl. Bjorgum
9  Decl."), ¶ 3, Ex. A.
10       On September 24, 2023, Plaintiff's counsel emailed defendant Kumar agreeing
11 to the proposed date and time.  Id.
12       On September 29, 2023, defendant Kumar emailed Plaintiff's counsel stating
13 he was experiencing "ongoing technical issues with the Veritext video conference
14 system[]" despite "multiple troubleshooting efforts" with Veritext's technical support
15 team.  Id., ¶ 5, Ex. B.  On the same date, a Veritext employee emailed Plaintiff's
16 counsel stating the Veritext technician communicating with defendant Kumar had
17 "attempted to get a phone number from [defendant Kumar] to call him" but
18 defendant Kumar "insist[ed]" on communicating via email "because of the language
19 barrier."  Id., ¶ 6, Ex. C.  Plaintiff's counsel instructed Veritext to use a Hindi
20 interpreter "at Plaintiff's expense."  Id., ¶ 6.  Veritext staff informed defendant Kumar
21 "a Hindi interpreter [was] on stand by who would be on the call as well."  Id., ¶ 6, Ex.
22 C.  Despite a Veritext technician and interpreter being available, it is unclear whether
23 defendant Kumar ever participated in a call or even provided the Veritext technician
24 with a phone number.  See id.
25       On October 1, 2023, defendant Kumar emailed Plaintiff's counsel claiming he
26 continued to experience technical issues connecting to Veritext.  Id., ¶ 7, Ex. D.
27       On October 2, 2023 at 2:00 a.m. PDT, Plaintiff's counsel, the court reporter,
28 videographer, translator, Plaintiff's representative, and an investigator appeared for

1  defendant Kumar's deposition.  Id., ¶ 8.  A panel on the Veritext videoconference
2  screen indicated defendant Kumar had logged into the conference, but his audio and
3  video were not connected.  Id., ¶ 9.  Plaintiff's counsel emailed defendant Kumar
4  phone numbers that defendant Kumar could use to dial into the videoconference.
5  Id., ¶ 11, Ex. F.  However, defendant Kumar did not dial in.  Id.  In addition, the
6  translator attempted to call defendant Kumar multiple times.  Id., ¶ 10.  At one point,
7  an unidentified individual answered the phone in English but ended the call when the
8  interpreter asked for defendant Kumar.  Id., ¶ 10, Ex. G.  At 2:51 a.m. PDT, the
9  parties went off the record and the court reporter certified defendant Kumar's non-
10 appearance.  Id., Ex. G.
11       As of October 10, 2023, defendant Kumar had not paid the monetary sanctions
12 as ordered by the Court on June 8, 2023.  Id., ¶ 15.
13       The matter thus stands submitted.

## III.
## DISCUSSION

**A.   APPLICABLE LAW**

Federal Rule of Civil Procedure 37 authorizes the sanction of default against a party who disobeys a court's discovery orders.  FED. R. CIV. P. 37(b)(2)(A)(vi).  To justify the imposition of case-dispositive sanctions, a court must find that the discovery violations were due to "willfulness, bad faith, or fault of the party."  Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc., 67 F.3d 766, 770-71 (9th Cir. 1995), cert. denied, 519 U.S. 815 (1996).  Disobedient conduct "not shown to be outside the control of the litigant" is all that is required to establish willfulness, bad faith, or fault.  Henry v. Gill Indus., Inc., 983 F.2d 943, 948-49 (9th Cir. 1993) (quoting Fjelstad v. Am. Honda Motor Co., 762 F.2d 1334, 1341 (9th Cir. 1985)); see also Fair Hous. of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002), cert. denied, 537 U.S. 1018 (2002).  In evaluating the propriety of sanctions, the Court considers

7

1  "all incidents of a party's misconduct." Adriana Int'l Corp. v. Thoeren, 913 F.2d
2  1406, 1411 (9th Cir. 1990), cert. denied, 498 U.S. 1109 (1991).
3      In deciding whether to enter default for failure to comply with discovery
4  orders, a district court must consider five factors: "(1) the public's interest in
5  expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the
6  risk of prejudice to the party seeking sanctions; (4) the public policy favoring
7  disposition of cases on their merits; and (5) the availability of less drastic sanctions."
8  Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th
9  Cir. 2007). "The first two of these factors favor the imposition of sanctions in most
10 cases, while the fourth cuts against a default or dismissal sanction. Thus the key
11 factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910
12 F.2d 652, 656 (9th Cir. 1990).

**B.  ANALYSIS**

    Here, the factors weigh strongly in favor of granting Plaintiff's Motion.

    The first two factors – public interest in expeditious resolution of litigation and the Court's need to manage its docket – weigh in favor of striking defendant Kumar's Answer and entering default against him. Defendant Kumar has failed to comply with *two* Court orders directing him to appear for deposition. See dkts. 106, 180. Over four months have passed since the Court first ordered defendant Kumar to appear for his deposition via video. See dkt. 106. Despite his repeated failures to appear for scheduled depositions, see Bjorgum MTC Decl., ¶ 16; Bjorgum Sanctions Decl. ¶¶ 12, 14, 15, 18, Exs. J, K, O, the Court provided defendant Kumar a final opportunity to resolve any technical issues with the Veritext videoconference system and appear for deposition, see dkt. 180. Defendant Kumar, however, failed to connect to Veritext for his deposition on the agreed-upon date. See Suppl. Bjorgum Decl. ¶¶ 9-11, Exs. F, G. In addition, defendant Kumar has not paid monetary sanctions to Plaintiff as ordered by the Court. See dkt. 106; Suppl. Bjorgum Decl. ¶ 15. This repeated failure to participate and failure to abide by Court orders prevents

the expeditious resolution of litigation and impedes the Court's need to manage its docket.

The third factor – prejudice to Plaintiff – also weighs in favor of striking defendant Kumar's Answer and entering default against him. Plaintiff first noticed defendant Kumar's deposition for February 21, 2023 – nearly eight months ago. Bjorgum MTC Decl., ¶ 8, Ex. C. The fact discovery cut-off was July 17, 2023, and trial in this matter is set for December 5, 2023. Dkt. 71. In light of defendant Kumar's repeated failures to appear for deposition, the Court continued the discovery cut-off to October 4, 2023 "for the sole and limited purpose of allowing" Plaintiff to depose defendant Kumar. Dkt. 181. Nevertheless, defendant Kumar again failed to appear for deposition despite being provided additional time to do so. Hence, defendant Kumar's repeated failures to appear for his deposition have deprived Plaintiff "of any meaningful opportunity to follow up on [] time-sensitive information or to incorporate it into litigation strategy." Fair Hous. of Marin, 285 F.3d at 906. Under these circumstances, defendant Kumar's refusal to comply with his discovery obligations and appear for deposition prejudices Plaintiff's ability to adequately prepare for trial and prosecute its case. See Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang, 105 F.3d 521, 524-25 (9th Cir. 1997) (concluding defendant's repeated failure to appear for deposition prejudiced plaintiff because plaintiff was deprived of "the benefit of [defendant's] deposition testimony"); FTC v. U.S. Homeowners Relief, Inc., No. SACV 10-1452-JST (PJWx), 2011 WL 6139676, at *4 (C.D. Cal. Oct. 21, 2011) (finding default warranted because defendant's failure to appear for his deposition "impaired [plaintiff's] ability to prosecute this case"), report and recommendation adopted, 2011 WL 6148659 (C.D. Cal. Dec. 3, 2011).

The fourth factor – resolution of cases on their merits – always weighs against case-dispositive sanctions. See Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011). Under the circumstances of this case, however, the policy favoring resolution

9

1 on the merits does not outweigh defendant Kumar's repeated failure to comply with
2 his discovery obligations and Court orders.  Id.

3       The fifth factor – availability of less drastic sanctions – also weighs in favor of
4 striking defendant Kumar's Answer and entering default against him.  The record
5 demonstrates defendant Kumar has been given numerous opportunities to comply
6 with his discovery obligations and Court orders.  Additionally, defendant Kumar
7 continues to disregard his discovery obligations and Court orders despite lesser
8 monetary sanctions having previously been imposed by this Court on June 8, 2023.
9 See dkt. 106.  To date, defendant has not paid the monetary sanctions as ordered.[1]
10 See Suppl. Bjorgum Decl. ¶ 15.  Furthermore, defendant Kumar was expressly
11 advised that failure to ensure his ability to connect to Veritext and appear for
12 deposition by October 4, 2023 would result in the Court recommending the District
13 Judge grant Plaintiff's Motion for Sanctions, including the request for terminating
14 sanctions.  See dkt. 180.

15       Finally, defendant Kumar has failed to demonstrate his refusal to comply with
16 his discovery obligations or Court orders is outside his control.  Defendant Kumar
17 failed to resolve his alleged "technical issues" despite being provided with ample time
18 and multiple opportunities to do so.  Moreover, Plaintiff has repeatedly
19 accommodated defendant Kumar's requests, including rescheduling the deposition
20 multiple times, setting depositions to occur in the middle of the night, and providing a
21 Hindi interpreter to permit defendant Kumar to speak with a Veritext technician
22 regarding any technical difficulties over the phone.  See Suppl. Bjorgum Decl. ¶ 6, Ex.
23 C.  Defendant Kumar nonetheless failed to avail himself of any of the assistance
24 provided and his actions alone have prevented his deposition from going forward.  Id.
25 The Court even provided Kumar with a final opportunity to appear for his deposition,

---

[1] Defendant Kumar's claim that he "require[s] additional documentation" that Plaintiff's counsel is authorized to accept the payment in order to comply with this Court's Order is meritless.  See Suppl. Bjorgum Decl., ¶ 15.

10

yet he has once again failed to do so.  Furthermore, defendant Kumar has not paid monetary sanctions to Plaintiff as ordered by the Court over four months ago.  See id., ¶ 15.  Under these circumstances, defendant Kumar's repeated failure to comply with Court orders demonstrates a willful disregard for discovery rules and court orders.  See Sanchez v. Rodriguez, 298 F.R.D. 460, 470 (C.D. Cal. 2014) ("A party's lack of counsel may be considered in evaluating the willfulness of discovery violations and the failure to obey court orders and in weighing the other factors regarding dismissal, but pro se status does not excuse intentional noncompliance with discovery rules and court orders.").

Accordingly, after weighing the relevant factors, the Court finds defendant Kumar's failure to comply with the Court's orders requiring him to appear for deposition and pay monetary sanctions to Plaintiff demonstrates willful misconduct sufficient to justify the imposition of case-dispositive sanctions.  See Fair Hous. of Marin, 285 F.3d at 905; see also FTC v. U.S. Homeowners Relief, Inc., 2011 WL 6139676, at *4 (finding pro se defendant's failure to appear for his deposition sufficient to justify striking defendant's answer and entering default).  Hence, the Court finds defendant Kumar's Answer should be stricken and default entered against him pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v).

## IV.
## RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the District Court issue an order: (1) accepting the findings and recommendations in this Report and Recommendation; (2) GRANTING Plaintiff's Motion; (3) STRIKING defendant Kumar's Answer; and (4) ENTERING DEFAULT against defendant Kumar.

Dated: October 19, 2023

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge

11