UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | **2:21-cv-08533-MCS-SP** | Date | January 16, 2024 |
| --- | --- | --- | --- |
| Title | ***MG Premium Ltd. v. Does d/b/a GoodPorn.to*** | | |

| Present: The Honorable | Mark C. Scarsi, United States District Judge |
| --- | --- |

| Stephen Montes Kerr | Not Reported |
| --- | --- |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| --- | --- |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE: REQUEST FOR INSTRUCTION ON CREDIT CARD PAYMENT OF APPELLATE FILING FEE (ECF No. 264)**

Defendant Amrit Kumar filed a notice of appeal of the Court's order denying his motion for reconsideration. (Notice of Appeal, ECF No. 238.) Defendant requests instructions on how to pay the appellate filing fee via credit card from oversees or, alternatively, a waiver of the appellate filing fee. (Req., ECF No. 264.) The Court considers the request notwithstanding Defendant's failure to comply with the Court's rules governing motion and ex parte practice. *E.g.*, C.D. Cal. Rs. 6-1, 7-3, 7-4, 7-19.

The Court cannot give legal advice to any party, including unrepresented litigants like Defendant. Notwithstanding, the Court relays the following information obtained from the fiscal department of the Clerk's office: at this time, the Court lacks the capacity to accept Defendant's payment of the appeal fee by credit card. Any further inquiries should be directed to the fiscal department.

The Court denies Defendant's alternative request for a fee waiver. The Court liberally construes Defendant's alternative request as a motion to proceed in forma pauperis in the appeal. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Federal Rule of Appellate Procedure 24(a)(1) provides that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." The motion must be accompanied by an affidavit showing the party's inability to pay or to give security for fees and costs, claiming an entitlement to redress, and stating the issues that the party intends to present on appeal. Fed. R. App. P. 24(a)(1)(A)–(C). A court has no discretion to allow a litigant to appeal in forma pauperis if the litigant has not met the statutory criteria for such status. *See Stanley v. Swope*, 99 F.2d 308, 308–09 (9th Cir. 1938). These procedural requirements are unmet.

The request also may be denied on the merits. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is taken in good faith if it seeks review of any issue that is non-frivolous. *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). An issue is frivolous if it has "no arguable basis in fact or law." *O'Laughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (internal quotation marks omitted).

Defendant seeks to appeal an order denying his motion for reconsideration of its order granting in part and denying in part Plaintiff MG Premium Ltd.'s motion for summary judgment. (Notice of Appeal; *see* Order, ECF No. 222.) The proposed appeal is fundamentally flawed: Defendant appeals an unappealable interlocutory order. "Parties may only appeal 'final decisions of the district courts.'" *Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 884 (9th Cir. 2003) (quoting 28 U.S.C. § 1291). "Final decisions" are those that "end the litigation on the merits and leave nothing for the court to do but execute the judgment." *Id.* (cleaned up). Nor is the order appealable under 28 U.S.C. § 1292. The Court has not certified the order for interlocutory appeal and declines to do so at this time because, among other considerations, an immediate appeal would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The appeal is not taken in good faith because the appellate court lacks jurisdiction to consider it. *See* 28 U.S.C. §§ 1291, 1292(b); *Javor v. Brown*, 295 F.2d 60, 61 (9th Cir. 1961) ("If it appears from the record that the order sought to be reviewed is not appealable, the conclusion is warranted that the appeal is not taken in good faith.").

Because the Court has not found that "at least one issue or claim" Defendant presents for appeal is "non-frivolous," *Hooker*, 302 F.3d at 1092, the Court certifies that the proposed appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3). For similar reasons, the appeal also does not present a substantial question within the meaning of 28 U.S.C. § 753(f). Pursuant to Rule 24(a)(4), the Court directs the Clerk

to immediately notify Defendant and the Ninth Circuit Court of Appeals of this Order. The Court advises Defendant that she may seek leave to proceed in forma pauperis on appeal by filing such a motion in the Ninth Circuit Court of Appeals within 30 days of service of this Order. Fed. R. App. P. 24(a)(5). Any such motion "must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action." *Id.*

**IT IS SO ORDERED.**

cc: Ninth Circuit Court of Appeals

---