UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 21-cv-08533-MCS-SP | Date | January 16, 2024 |
| Title | MG Premium Ltd. v. Does d/b/a GoodPorn.to | | |

Present: The Honorable Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING EX PARTE APPLICATION (ECF No. 252)**

Defendant Amrit Kumar applies ex parte for the Court to vacate the default ordered at the November 27, 2023, final pretrial hearing and entered by the Clerk.[1] (Appl., ECF No. 252;[2] *see* Mins., ECF No. 233; Default, ECF No. 234.) Plaintiff MG Premium Ltd. timely opposed the application. (Opp'n, ECF No. 253.)

---

[1] Defendant styles his application as an application to set aside "default judgment." (Appl. 1) As the Court has not entered a default judgment, the Court construes the application as one seeking to set aside default under Federal Rule of Civil Procedure 55(c).

[2] The application was erroneously filed twice to the electronic case file. The Court directs the Clerk to terminate the application filed at ECF No. 254.

I.  ANALYSIS

  A.  The Court Retains Jurisdiction

Defendant has filed a notice of appeal. (Notice of Appeal, ECF No. 238.) "The general rule is that once a notice of appeal has been filed the district court is divested of jurisdiction over the matters being appealed," but "divestiture is not absolute; there are exceptions." *United States v. Phelps*, 283 F.3d 1176, 1181 n.5 (9th Cir. 2002). "Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Ruby v. Sec'y of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966).

The Court finds that the appeal is fundamentally flawed. Plaintiff appeals an unappealable interlocutory order. "Parties may only appeal 'final decisions of the district courts.'" *Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 884 (9th Cir. 2003) (quoting 28 U.S.C. § 1291)). "Final decisions" are those that "end the litigation on the merits and leave nothing for the court to do but execute the judgment." *Id.* (cleaned up). The appealed order on an ex parte application is not a final decision. (*See* Order Re: Ex Parte Appl. 1, 3, ECF No. 222 (denying application for reconsideration of summary judgment determination, which itself was not a final decision).) Nor is the order appealable under 28 U.S.C. § 1292. The Court has not certified the order for interlocutory appeal and declines to do so at this time because, among other considerations, an immediate appeal would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1291(b). The appeal is not taken in good faith because the appellate court lacks jurisdiction to consider it. *See* 28 U.S.C. §§ 1291, 1291(b); *Javor v. Brown*, 295 F.2d 60, 61 (9th Cir. 1961) ("If it appears from the record that the order sought to be reviewed is not appealable, the conclusion is warranted that the appeal is not taken in good faith."). As a result, the Court "disregard[s] the purported notice of appeal and proceed[s] with the case, knowing that it has not been deprived of jurisdiction. *Ruby*, 365 F.2d at 389.

  B.  Ex Parte Relief Is Not Warranted

The Court denies the application on two independent grounds. First, Defendant fails to present cause for ex parte relief. Ex parte applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A party filing an ex parte

application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492.

Defendant fails to show that he is without fault in creating whatever crisis exists. Clearly, Defendant requests relief from a situation he put himself in. *First*, Defendant argues that visa restrictions prevented him from being present for the final pretrial conference. (Appl. 6–7.) But Defendant has been aware of the date for the final pretrial conference since February 22, 2023, (Order Re: Jury Trial § I, ECF No. 71), and aware that he may need to travel to the United States for this proceeding since at latest October 21, 2022, (*see* MTD 20–21, ECF No. 37 (noting Defendant may be subject to "multiple instances requiring personal appearances"); MTD Order 9–10, ECF No. 46). Yet Plaintiff's application includes no detail about what Plaintiff has done to facilitate entry into the United States. (*See* Appl. 6–7.)

*Further*, Defendant argues that he lacks understanding of the American legal system as a pro se litigant thereby causing his default. (*Id.* at 7.) While courts have a duty to ensure that pro se litigants do not lose their rights to a merits-based decision due to "ignorance of technical procedural requirements," *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988), "pro se litigants are bound by the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). And, as detailed below, Plaintiff has been given multiple opportunities to follow the rules of procedure and the orders of this court.

*Finally*, Defendant's application does not address an independent reason supporting entry of default against him, his repeated failures to comply with the Court's order requiring meeting and conferring, appearing for his deposition, and paying monetary sanctions. (*See* R. & R., ECF No. 210; Amended Order Accepting Findings & Recommendation, ECF No. 269.)[3] On February 7, 2023, Plaintiff noticed Defendant's deposition to occur by video on February 21, 2023, at 6:30 p.m. Pacific time. (R. & R. 2.) Defendant failed to respond, and Plaintiff canceled the deposition.

---

[3] The Court adopted the recommendation of the Magistrate Judge after Defendant filed the instant application, so his failure to address the recommendation in his papers is understandable. Regardless, the conduct for which the Court adopted the Magistrate Judge's recommendation of a default sanction is probative of whether ex parte relief is appropriate and whether default should be set aside.

(*Id.*) Plaintiff again noticed Defendant's deposition, this time for March 2, 2023, at 6:30 p.m. Pacific time. (*Id.* at 2–3.) Defendant again failed to appear. (*Id.* at 3.) Thereafter, Plaintiff filed a motion to compel. The Court ordered Defendant to meet and confer with Plaintiff to settle on a date for a deposition to take place no later than June 28, 2023, and to appear on said date. (*Id.*) The Court also ordered Defendant to pay $4,287.25 in sanctions. (*Id.*) The parties agreed to hold the deposition on June 27, 2023, at 3:30 a.m. Pacific time. (*Id.*)

At that time, Plaintiff's counsel, a court reporter, a videographer, a Hindi translator, and Plaintiff's representatives appeared. (*Id.* at 4.) Defendant did not. (*Id.*) That evening, Plaintiff's counsel, the court reporter, videographer, and Plaintiff's representatives reconvened to call Defendant to resolve any of Defendant's technical issues. (*Id.*) Plaintiff's Hindi translator was ready for a call at 9:00 p.m. Pacific time—9:30 a.m. India time on June 28, 2023. (*Id.*) Plaintiff's counsel sent Defendants two emails scheduling the call and requesting confirmation, but Defendant did not respond. (*Id.*) That same day, Plaintiff noticed another deposition of Defendant to take place June 28, 2023, at 3:00 a.m. Pacific time. (*Id.*) Defendant again failed to appear. (*Id.* at 5.)

On September 20, 2023, the magistrate judge, "[i]n light of defendant Kumar's alleged technical difficulties and his representation that he is amenable to continu[ing] the deposition to a later date that would allow[] sufficient time for the technical issues to be fully addressed and resolved," issued an order requiring Defendant to appear for deposition by video no later than October 4, 2023. (*Id.* (alterations in original) (internal quotation marks omitted).) The magistrate judge also ordered Defendant "to resolve any technical issues in advance" of the deposition. (*Id.*) The magistrate judge "expressly warned [Defendant] that if he fails to appear for his deposition by October 4, 2023," the magistrate judge would recommend granting terminating sanctions. (*Id.* at 5–6 (internal quotation marks omitted).)

On September 24, 2023, Defendant offered to appear for his deposition on October 2, 2023, at 2:00 a.m. Pacific time, and Plaintiff agreed. (*Id.* at 6.) But five days later, Defendant stated that he continued to have technical issues. (*Id.*) Plaintiff offered a Hindi translator to assist with the troubleshooting efforts, but it is unclear whether Defendant ever participated in a troubleshooting call. (*Id.*)

On October 2, 2023, at 2:00 a.m. Pacific time, Plaintiff's counsel, the court reporter, videographer, translator, Plaintiff's representative, and an investigator

appeared for Defendant's deposition. (*Id.* at 6–7.) While the Veritext software showed that Defendant had logged into the conference, no audio or video was connected. (*Id.* at 7.) Plaintiff's counsel emailed Defendant call-in numbers, and Plaintiff's translator attempted to call Defendant, but Defendant did not dial in. (*Id.*) Ultimately, Defendant again did not appear. (*Id.*) Further, as of October 10, 2023, Defendant has not paid any monetary sanctions. (*Id.*)

This page-long recitation of months of Defendant's failure to abide by the Court's orders clearly shows that Defendant is at fault in creating any crisis he finds himself in as to the independent ground for entry of default against him. On these bases, the ex parte application is denied.

### C. Defendant's Argument Fails on the Merits

Even if the Court considered the application on its merits, Defendant has failed to carry his burden. A court may set aside entry of default for good cause. Fed. R. Civ. P. 55(c). Courts evaluate three factors: (1) whether the defaulting party engaged in culpable conduct that led to the default, (2) whether the defaulting party has a meritorious defense, and (3) whether setting aside default would prejudice the plaintiff. A court may decline to set aside default if any factor is present. *Brandt v. Am. Bankers Ins. Co. of Fl.*, 653 F.3d 1108, 1111 (9th Cir. 2011). These factors are disjunctive, so the court will not abuse its discretion if any factor is met. *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). The defaulted party carries the burden to show good cause. *See id.*

As detailed above, the record is replete with Defendant's culpable conduct resulting in his default. His default itself was entered as a sanction. (*See generally* Order Accepting Findings & Recommendation.) On this ground, the Court denies the application. *See, e.g.*, *S. Cal. Housing Rts. Ctr. v. Snow*, No. CV-05-4644-SGL(JTLX), 2006 WL 3903736, at *2 (C.D. Cal. Nov. 27, 2006) (denying motion to vacate default entered as a terminating sanction).

Further, Defendant has no meritorious defense. Throughout this litigation, he had relied only on a purported bilateral agreement, which the Court has already ruled does not bear "any indicia or reliability or authenticity sufficient to cast doubt on [Plaintiff's] ownership of the copyrights." (MSJ Order 7, ECF No. 195; *see also* Order Re: Ex Parte Appl. 3, ECF No. 222.)

Finally, vacating default would prejudice Plaintiff, forcing it to revisit discovery and litigation that Defendant has already frustrated. *Cf. Heeling Sports Ltd. v. U.S. Furong Int'l Inc.*, No. 06-cv-07624-FMC-PLAx, 2008 WL 11338022, at *3 (C.D. Cal. May 27, 2008) (declining to vacate default after preliminary injunction and damages discovery when defendants did nothing until learning plaintiff's desired damages).

## II. CONCLUSION

For the reasons stated above, the Court denies Defendant's ex parte application.

**IT IS SO ORDERED.**