UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:21-cv-08533-MCS-SP | Date February 9, 2024 |
| Title *MG Premium Ltd. v. Does d/b/a GoodPorn.to* | |

Present: The Honorable Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION FOR DEFAULT JUDGMENT (ECF NO. 248)

Plaintiff MG Premium Ltd. moves for default judgment against Defendants Amrit Kumar, Lizette Lundberg, and Emilie Brunn. (Mot., ECF No. 248.) Kumar filed an untimely brief opposing the motion. (Opp'n, ECF No. 258.) Plaintiff filed a reply four days later. (Reply, ECF No. 260.) The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

I. **BACKGROUND**

The Court incorporates by reference its summary of the facts from a prior order. (Order Re: Mot. for Summ. J. 1–2, ECF No. 195.) In short, Plaintiff holds copyrights to thousands of erotic audiovisual works available for viewing on websites Defendants own and operate, GoodPorn.to and GoodPorn.se.[1] Plaintiff asserts claims for copyright infringement based on the unauthorized streaming, uploading, and downloading of its copyrighted works on goodporn.to.

---

[1] The Court refers to Defendants' websites as goodporn.to.

The Court entered default against Defendants after they failed to appear for the final pretrial conference in this matter. (Default by Clerk, ECF No. 234; *see* Mins., ECF No. 233.) The Court also entered default against Kumar as a sanction for his discovery misconduct. (Default by Clerk, ECF No. 263; *see* R. & R., ECF No. 210; Order Accepting R. & R., ECF No. 261.) The Court denied Kumar's application to vacate the default. (Order Denying Ex Parte Appl., ECF No. 273.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter default judgment. On entry of default, well-pleaded allegations in the complaint concerning liability are taken as true, but damages must be proven. *Garamendi v. Henin*, 683 F.3d 1069, 1080 (9th Cir. 2012) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

Courts weigh the *Eitel* factors in determining whether to enter default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Local Rule 55-1 requires the party seeking default judgment to submit a declaration establishing 1) when and against which party the default was entered; 2) the identification of the pleading to which default was entered; 3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other representative; 4) that the Servicemembers Civil Relief Act does not apply; and 5) that the defaulting party was properly served with notice. C.D. Cal. R. 55-1.

## III. DISCUSSION

The Court strikes Kumar's untimely opposition brief and deems all Defendants' failure to file a timely opposition brief their consent to the granting of the motion. C.D. Cal. R. 7-12. Accordingly, the Court need not consider Plaintiff's reply brief. The Court grants the motion in substantial part both because Defendants have consented to entry of default judgment and because the *Eitel* factors favor entry of default judgment.

### A. Jurisdiction and Procedural Requirements

The Court first addresses whether it may exercise subject-matter jurisdiction over the action and personal jurisdiction over Defendants. *See In re Tuli*, 172 F.3d 707, 710–12 (9th Cir. 1999). The Court has original jurisdiction over Plaintiff's federal claims. (FAC ¶ 5, ECF No. 30); 28 U.S.C. §§ 1331, 1338(a). For the reasons stated in a prior order, the Court has personal jurisdiction over Kumar. (Order Re: Mot. to Dismiss 4–11, ECF No. 46.) Lundberg and Brunn have not contested personal jurisdiction, waiving the issue. Fed. R. Civ. P. 12(h)(1); (*see generally* Lundberg Answer, ECF No. 60; Brunn Answer, ECF No. 121.)

The motion meets the procedural requirements of Local Rule 55-1. The Clerk entered default against all Defendants. Defendants are not infants or incompetents, and the Servicemembers Civil Relief Act does not apply. (Bjorgum Decl. ¶ 2, ECF No. 248-1.)

### B. *Eitel* Factors

Next, the Court determines whether default judgment is appropriate in light of the *Eitel* factors. *Eitel*, 782 F.2d at 1471–72.

#### 1. Possibility of Prejudice to Plaintiff

The first *Eitel* factor examines whether the plaintiff will be prejudiced if default judgment is not granted. *Eitel*, 782 F.2d at 1471. A plaintiff suffers prejudice if there is no recourse for recovery absent default judgment. *Philip Morris USA Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). Plaintiff has spent over two years diligently litigating against Defendants who consistently evaded their obligations in defense of this case, including by refusing to comply with court orders compelling them to participate in discovery and demanding their personal appearance at the final pretrial conference. (*E.g.*, R. & R. 2–7; Order Re: Jury Trial § I(E), ECF No. 71.) Plaintiff "will likely be without other recourse for recovery" absent a default judgment. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

#### 2. Merits of Plaintiff's Substantive Claims

The second and third *Eitel* factors require that the plaintiff "state a claim on which the [plaintiff] may recover." *Castworld*, 219 F.R.D. at 499 (alteration in

original) (quoting *PepsiCo*, 238 F. Supp. 2d at 1175). For these factors to weigh in a plaintiff's favor, the plaintiff must properly allege the elements of the asserted causes of action and adequately plead their claims. *See PepsiCo*, 238 F. Supp. 2d at 1175–76. For the reasons discussed below, the factors favor entry of default judgment.

The Court need not consider in detail the sufficiency of Plaintiff's pleading of its claims for inducement of infringement and contributory infringement, as the Court previously determined that judgment in Plaintiff's favor on these claims was warranted based on the undisputed facts in the summary judgment record. (Order Re: Mot. for Summ. J. 9–13.) Thus, the Court evaluates the sufficiency of the pleading of the other three claims.

To sustain a claim for direct infringement, a plaintiff must plead "(1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017) (quoting *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991)). Plaintiff pleads that it owns the copyrights in the works at issue, (*id.* ¶¶ 58–59), and that Defendants intentionally and affirmatively uploaded the infringed works to goodporn.to, (*id.* ¶¶ 60–72). This claim is adequately pleaded.

To sustain a claim for vicarious infringement, a plaintiff must plead "the defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 673 (9th Cir. 2017). Plaintiff pleads Defendants "are vicariously liable for the infringement . . . because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct." (FAC ¶ 92; *accord id.* ¶ 54.) This claim is adequately pleaded.

"[D]eclaratory relief is appropriate[:] '(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Bilbrey ex rel. Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir. 1984) (quoting *McGraw-Edison Co. v. Preformed Line Prods. Co.*, 362 F.2d 339, 342 (9th Cir. 1966)). Plaintiff seeks a judgment "declaring that Plaintiff is the owner of all of the MG Premium Works, and that Defendants have no rights by virtue of the purported contract, [and] that Plaintiff does not infringe Defendants' rights." (FAC, Prayer for Relief ¶ E.) This bears upon Defendants' assertion that they or goodporn.to own Plaintiff's copyrights vis-à-vis an assignment made in a bilateral agreement, (*see* FAC ¶¶ 99–102), a theory the Court roundly rejected at summary

judgment given Kumar's failure to establish the reliability or authenticity of the proffered contract, (Order Re: Mot. for Summ. J. 7–8, 12–13). Plaintiff has demonstrated that a judgment declaring the rights of the parties will serve a useful purpose and relieve the parties of the uncertainty, insecurity, and controversy created by the parties' dispute over the copyrights in issue. This claim is adequately pleaded.

3. Sum of Money at Stake

In the next *Eitel* factor, the Court balances "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014).

As set forth in more detail in the remedies section below, the value of the remedies at stake is high, but the magnitude of the remedy awarded is commensurate with Defendants' serious and pervasive infringement of Plaintiff's works. This factor weighs in favor of default judgment.

4. Possibility of Dispute

The fifth *Eitel* factor examines whether there is a likelihood of a dispute as to the material facts. *Eitel*, 782 F.2d at 1472. Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. *Henin*, 683 F.3d at 1080. As such, when a plaintiff pleads the facts necessary to prevail on its claims, there is little possibility of a dispute over material facts. *Philip Morris*, 219 F.R.D. at 499.

Although Kumar at least attempted to dispute the material facts in his summary judgment papers and in his now-stricken brief opposing the instant motion, the Court already rejected the thrust of his argument, which rests upon the alleged assignment of Plaintiff's rights to goodporn.to, by finding undisputed Plaintiff's ownership of the works at issue. (Order Re: Mot. for Summ. J. 6–8.) The possibility of further dispute is remote, so this factor favors default judgment.

5. Possibility of Excusable Neglect

The sixth *Eitel* factor considers whether a defendant's actions may be due to excusable neglect. *Eitel*, 782 F.2d at 1472. Given the litigation history, any neglect

on Defendants' part is inexcusable. The Court patiently shepherded this case for over two years, giving Defendants opportunity after opportunity to comply with their obligations and defend themselves. (*E.g.*, R. & R. 2–7 (memorializing numerous opportunities given to Kumar notwithstanding his repeated failure to appear for deposition); Order Re: Renewed Req. for Entry of Default 1–2, ECF No. 130 (memorializing efforts to obtain contact information for Lundberg); Order Re: Entry of Default 1–3, ECF No. 111 (setting aside default against Brunn notwithstanding her failure to participate in the proceedings for months).) They declined to participate in a manner that would ready this case for a trial on its merits, and they ultimately refused to appear for the pretrial conference. This factor favors default judgment.

     6. <u>Policy Favoring Decisions on the Merits</u>

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere enactment of Rule 55(b) indicates, however, that "this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (internal quotation marks omitted). Defendants have not meaningfully engaged with Plaintiff in the litigation of this case and, by failing to appear at the final pretrial conference or participate in pretrial filings, have prevented a meaningful trial of Plaintiff's claims on their merits. This factor does not preclude entry of default judgment.

On balance, the *Eitel* factors counsel in favor of entering default judgment.

**C.** **Remedies**

As remedies, Plaintiff seeks statutory damages, declaratory relief, injunctive relief, attorney's fees, costs, prejudgment interest, and postjudgment interest. (Proposed J., ECF No. 248-2.)[2] Upon default judgment, entitlement to remedies must be proven—that is, supported by evidence. *See Garamendi*, 683 F.3d at 1080. Although Plaintiff references evidence probative of remedies in its brief, it did not

---

[2] As will be discussed with respect to its material terms *infra*, the proposed judgment departs from the pleadings and the record significantly and without justification. For example, it identifies MG Premium's successor, Aylo Premium Ltd., as a prevailing party to this action even though Aylo Premium was never substituted or joined as a party, and it provides an alias for Kumar, "Krish Kumar," that was never pleaded. The Court's judgment upon this motion will reflect only those parts of the proposed judgment that are supported by the pleadings and the record.

supply the underlying evidence with its motion papers. Thus, the Court must evaluate the remedies that appropriately may be awarded based on existing record without the benefit of additional evidence.[3]

        1.    <u>Statutory Damages</u>

In a copyright infringement action, a plaintiff may elect to receive actual damages and lost profits attributable to the infringement. 17 U.S.C. § 504(b). Alternatively, a plaintiff may elect "an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually . . . in a sum of not less than $750 or more than $30,000 as the court considers just." *Id.* § 504(c)(1). "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id.* § 504(c)(2).

Plaintiff asks for statutory damages of $21,570,000, or $15,000 per infringement of the 1,438 works at issue. (Proposed J. ¶ 1.) Although the willfulness of Defendants' infringement is deemed true upon entry of default, *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008); (*see* FAC ¶¶ 63–72, 84, 97), making available statutory damages of $750–150,000 per infringement, Plaintiff has not adduced any evidence justifying why an award of $15,000 per infringement is reasonable and appropriate in this case. Weighing the authorities and arguments presented in Plaintiff's brief, though unmoored by evidence substantiating Plaintiff's position, the Court exercises its discretion to award statutory damages of $1,500 per infringement, that is, twice the minimum statutory damages available for willful infringement. The total statutory damages award is $2,157,000.[4]

---

[3] The Court renders no opinion as to whether Plaintiff may obtain relief under Rule 59(e) or 60(b) after entry of default judgment in light of its apparently inadvertent failure to file supporting evidence.

[4] Although Plaintiff pleaded copyright claims against all three Defendants that would support an award of statutory damages against all of them, it only seeks a statutory damages award against Kumar in its proposed judgment. (Proposed J. ¶ 1.) The Court will enter judgment consistent with Plaintiff's proposal.

### b. Declaratory Relief

Plaintiff seeks a declaration "that Plaintiff MG Premium Ltd, is the owner of all of the Subject Works identified in Exhibits A, B, D, and E to the First Amended Complaint (Dkt. No. 30) in this action, in addition, any works created by Plaintiff and added to Defendants' websites during this proceeding." (Proposed J. ¶ 2 (errors preserved).) The scope of the declaration Plaintiff seeks exceeds the scope of the prayer for relief insofar as it contemplates "any works created by Plaintiff and added to Defendants' websites during this proceeding." (*See* FAC, Prayer for Relief ¶ E.) No evidence or argument pertaining to these unspecified works postdating the inception of this case is before the Court. This component of the default judgment sought is unavailable. Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

Similarly, Plaintiff's proposed declaration regarding the bilateral agreement Kumar proffered is different in kind from the declaration it sought in its pleading. (*Compare* Proposed J. ¶ 3 (seeking declaration "that the purported 'Bilateral Agreement' identified by Defendant Kumar in his answer to the First Amended Complaint does not reflect any agreement with Plaintiff regarding the Subject Works, and it is a void, inoperative, and fabricated document displaying a forged signature of an individual who had no signing authority for Plaintiff"), *with* FAC, Prayer for Relief ¶ E (seeking declaration "that Defendants have no rights by virtue of the purported contract").)[5] A declaration that the bilateral agreement is void, fabricated, or forged is not available, though a declaration that it did not assign rights to Defendants is. Fed. R. Civ. P. 54(c).

With these caveats, for the reasons discussed *supra* in Section III(B)(2), Plaintiff is entitled to the declaratory relief it prayed for in its pleading. *Cf. Mesa Underwriters Specialty Ins. Co. v. Hulett*, No. 2:21-cv-08284-MCS-KS, 2022 U.S. Dist. LEXIS 207563, at *18 (C.D. Cal. Oct. 26, 2022) (finding plaintiff entitled to declaration sought in well-pleaded claim for declaratory relief). The Court will enter declarations consistent with the prayer.

---

[5] Plaintiff prayed for a declaration of noninfringement in its pleading that it does not seek in its proposed judgment, so the Court does not award such a declaration.

      c.      <u>Injunctive Relief</u>

Plaintiff requests several forms of injunctive relief. (Proposed J. ¶¶ 4–7.) Without any evidence to support the remedy, particularly evidence toward irreparable harm and the inadequacy of monetary remedies, the Court declines to find Plaintiff is entitled to the injunctions it seeks. *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). In any event, Plaintiff did not plead entitlement to injunctive relief directed to nonparties to this case, (Proposed J. ¶ 7; *see generally* FAC, Prayer for Relief ¶¶ A–C), so that injunctive relief cannot be awarded, Fed. R. Civ. P. 54(c).

      d.      <u>Attorneys' Fees and Costs</u>

Plaintiff seeks recovery of its attorney's fees of $157,283 and costs of $18,892. (Proposed J. ¶ 9.) Such fees and costs are unsubstantiated. (*See* Mot. 24 (citing the third paragraph of a declaration with two paragraphs).)

That said, a court may award reasonable attorneys' fees to a prevailing plaintiff in a copyright infringement action. 17 U.S.C. § 505. When awarding fees, a court may consider "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994). An award of fees is justified based on Defendants' conduct in the defense of this case and will promote deterrence of further copying of Plaintiff's works. Evidence need not be presented to award fees according to the schedule of fees set forth in Local Rule 55-3. Pursuant to that rule, the Court awards fees in the amount of $46,740, which is $5,600 plus 2% of the value of the statutory damages award over $100,000.

Prevailing plaintiffs may recover full costs under the Copyright Act. 17 U.S.C. § 505. Although the Court cannot award costs upon this motion, Plaintiff as the prevailing party may avail itself of the cost-taxing application procedures provided in Local Rule 54-2.

      e.      <u>Interest</u>

Plaintiff seeks an award of "all applicable prejudgment and post-judgment interest." (Proposed J. ¶ 10.)

Plaintiff offers no briefing justifying its request for prejudgment interest. Prejudgment interest is an available remedy under the Copyright Act. *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 718 (9th Cir. 2004). Whether an award of prejudgment interest is appropriate "hinges on whether such an award would further the [Copyright Act's] purpose." *Id.* The Ninth Circuit has recognized that "prejudgment interest may be necessary at times to effectuate the legislative purpose of making copyright holders whole and removing incentives for copyright infringement." *Id.* "District courts have been reluctant to award prejudgment interest in cases where a plaintiff is awarded statutory rather than actual damages." *Stockfood Am., Inc. v. Sequoia Wholesale Florist, Inc.*, No. 20-cv-03507-DMR, 2021 WL 4597080, at *7 (N.D. Cal. June 22, 2021), *R. & R. adopted*, 2021 WL 4595128 (N.D. Cal. Oct. 6, 2021). Consequently, the Court declines to award prejudgment interest.

Postjudgment interest, on the other hand, is mandatory and will be awarded here. 28 U.S.C. § 1961(a); *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 290 (9th Cir. 1995).

## IV.  CONCLUSION

The Court grants the motion in part. The Court directs the Clerk to enter judgment consistent with this Order and close the case.

**IT IS SO ORDERED.**