**F I L E D**
CLERK, U.S. DISTRICT COURT

07/28/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ IGU _____ DEPUTY

Amrit Kumar

601 6th Floor, Rupa Solitare

Millennium Business Park, Plot No. A-1

Mahape, Mumbai

Maharashtra-400710, India

Email: amritkum@proton.me

Defendant pro se

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MG PREMIUM LTD, a limited liability, company organized under the laws of the Republic of Cyprus,<br><br>Plaintiff,<br>vs.<br><br>AMRIT KUMAR<br>, d/b/a GOODPORN.TO,<br><br>Defendant | Case No.: 2:21-cv-08533-MCS-SPx<br><br><br>**DEFENDANT AMRIT KUMAR'S MOTION TO STAY OR FOR TEMPORARY STAY OF AMENDED JUDGMENT PENDING APPEAL** |

1

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 26, 2024, at 9:00 AM, or as soon thereafter as the matter may be heard, in Courtroom 7C of the First Street Courthouse, located at 350 W. 1st Street, 7th Floor, Los Angeles, California 90012, Defendant Amrit Kumar will and hereby does move this Court for an order staying enforcement of the Amended Judgment entered on July 8, 2024 (Dkt. No. 299) pending appeal, or in the alternative, for a temporary 30-day stay to allow Kumar to seek a stay from the appellate court.

This motion is made pursuant to Federal Rule of Civil Procedure 62(b) and (d) and is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the attached declaration of Amrit Kumar, and all files and records in this action.

## TO THE HONORABLE COURT:

Defendant Amrit Kumar ("Kumar"), appearing pro se, hereby moves this Court for an order staying enforcement of the Amended Judgment entered on July 8, 2024 (Dkt. No. 299) pending appeal, or in the alternative, for a temporary 30-day stay to allow Kumar to seek a stay from the appellate court. This motion is made pursuant to Federal Rule of Civil Procedure 62(b) and (d) and is based on the following memorandum of points and authorities, the attached declaration of Amrit Kumar, and all files and records in this action.

## MEET AND CONFER STATEMENT

Defendant Amrit Kumar's Motion To Stay Or For Temporary Stay Of Amended Judgment Pending Appeal

In compliance with Local Rule 7-3, Defendant Amrit Kumar has made a good faith effort to meet and confer with the plaintiff's counsel, Mr. Eric Bjorgum, regarding the issues raised in this motion. On July 21, 2024, Kumar contacted Eric Bjorgum to schedule a meet and confer, sending the following message:

"I am planning to file a motion to stay and would like to schedule a meet and confer to discuss this matter. Please call me at 2250972547 on Monday, 7/22/2024 or Tuesday, 7/23/2024 between 8:00 AM and 6:00 PM IST.

Alternatively, kindly provide your contact number and a convenient time for me to reach you." [See Exhibit A].

As of the current date, July 28, 2024, the 7-day period required by the Court for the meet and confer process has been satisfied. Kumar believes that he has made a good faith effort to meet and confer with the plaintiff's counsel regarding the issues raised in this motion. As of July 28, 2024, Kumar has not received a response from Mr. Bjorgum.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Amended Judgment in this case imposes extraordinarily broad injunctive relief that has already caused the disabling of Goodporn.to, Kumar's primary website domain that attracts the majority of traffic. Every day that this domain remains disabled causes massive, irreparable harm to Kumar's website. While Kumar has voluntarily disabled goodporn.se and other mirror domains in compliance with the Court's order, as detailed in his Notice of Compliance filed on July 17, 2024, continued enforcement of the judgment's injunctive provisions is causing Kumar irreparable harm before he has an opportunity to pursue his

Defendant Amrit Kumar's Motion To Stay Or For Temporary Stay Of Amended Judgment Pending Appeal

appellate rights. A stay is necessary to allow Kumar to re-enable his domains for minimum website operation such as updating users with information and news about the current status of litigation, while the appeal is pending.

## II. LEGAL STANDARD

In deciding whether to issue a stay pending appeal, courts consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 434 (2009). The first two factors are the most critical. Id. The Court may also consider whether the case "raises serious legal questions." Leiva-Perez v. Holder, 640 F.3d 962, 966-67 (9th Cir. 2011).

## III. ARGUMENT

### A. Kumar Has Raised Serious Legal Questions for Appeal

Kumar has raised several serious legal questions that warrant careful consideration on appeal:

**1. Procedural Irregularities and Due Process Violations:** The Court and Plaintiff have committed numerous procedural errors throughout this litigation that have severely prejudiced Kumar's ability to defend himself. These include:

a. Failure to properly process and docket Kumar's filings, resulting in missed deadlines and lost documents. As Kumar has previously stated:

"Moreover, there are still instances of missing documents in the court file, such as the Schedule worksheet and joint Rule 26f Report. Despite these documents being submitted via EDSS (Tracking Numbers: EDS-230214-000-6865

and EDS-230708-000-8283), they have not appeared on the docket. The first tracking number relates to two files and the second tracking number pertains to another file - a reply to the court. The defendant pursued this issue with EDSS support, and their last message confirmed that the file had been received and forwarded. They sent a follow-up message but received no response as of the present date." (Case No. 23-3952, DktEntry: 5.1, p. 8, Jan. 31, 2024).

      b. Inconsistent application of procedural rules, holding Kumar to strict standards while overlooking significant violations by Plaintiff. As Kumar has noted:

"The plaintiff's adherence to the timing requirements for filing and serving motions has been called into question. According to Local Rule 6-1, a motion must be filed and served at least 28 days before the scheduled hearing date. The plaintiff filed their first motion on December 11, 2023, setting the 28-day count to January 8, 2024, as the earliest compliant hearing date. However, the plaintiff failed to serve the defendant on the filing date, opting instead to serve on December 12, 2023, as indicated in exhibit E. This action results in a 27-day notice period, one day short of the required 28 days, thus violating L.R. 6-1." (Dkt. 258, p. 13 Opp. to Pl.'s Mot. for Default J.).

      c. Plaintiff's failure to comply with meet-and-confer requirements before filing motions, in violation of Local Rule 7-3 and the Court's own orders. Kumar has previously argued:

"The plaintiff has proceeded with a motion for default judgment without adhering to the court's explicit instructions to meet and confer, a prerequisite outlined in the court's order dated October 03, 2022 (document 35). This requirement is a part of the local rules. Local rule 7-3." (Dkt. 258, p. 13 Opp. to Pl.'s Mot. for Default J.).

d. Improper service of key filings by Plaintiff, including untimely service of the motion for default judgment and failure to serve some of the filings, such as their exhibits.

e. The Court's failure to consider Kumar's timely-filed objections to the Magistrate Judge's Report and Recommendation. As Kumar has stated:

"In accordance with this notice, Defendant Amrit Kumar filed his objection timely, on November 20, 2023, under document number 232, along with eight exhibits. The submission was made through the Electronic Document Submission System (EDSS), with the Tracking Number: EDS-231120-000-9964, and was timestamped on November 20, 2023, at 6:12:08 PM." (Dkt. 265, Filed 12/27/23, p. 2, Def.'s Resp. to Ct.'s Order Dated Dec. 22, 2023).

Initially, the court erroneously concluded that Kumar had not filed his objections in a timely manner, stating: "Defendant Kumar has not filed any written Objections to the Report within the time permitted." (Dkt. 261).

Subsequently, Kumar filed "Dkt. 265, Response to the Court's Order Dated December 11," wherein he reiterated the EDSS instructions and confirmed that his submission was not late. Consequently, the court amended its order in Dkt. 269 while maintaining its original decision.

**2. Failure to Accommodate Pro Se Litigant:** As a pro se defendant located in India, Kumar faced unique challenges in participating in the proceedings. The Court failed to adequately accommodate these circumstances, particularly regarding the Final Pretrial Conference and depositions. Kumar has previously explained:

"Visa Restrictions and Physical Presence in the U.S.: Defendant, as an Indian national, is subject to the extensive and uncertain process faced by many Indian citizens in obtaining a U.S. Visa for physical presence in the United States.

Defendant Amrit Kumar's Motion To Stay Or For Temporary Stay Of Amended Judgment Pending Appeal

Acquiring such a permit involves a lengthy and complex process, laden with numerous requirements, and there's no assurance of eventual approval. Consequently, Amrit Kumar was unable to be physically present in the U.S." (Def.'s Ex Parte Appl. to Set Aside Default J., Dkt. 254, p. 6).

**3. Overbreadth of Injunction:** The injunction goes far beyond the specific works at issue in this case, potentially covering any claimed copyrights or trademarks of Plaintiff. This raises serious questions about the proper scope of relief in copyright cases, especially given Kumar's status as a service provider potentially eligible for DMCA safe harbor protection.

**4. Failure to Properly Consider the Bilateral Agreement:** The Court's dismissal of Kumar's evidence of a bilateral agreement granting him rights to the content at issue is perhaps the most critical error warranting appeal. This agreement, if valid, would fundamentally alter the entire basis of this case.

Kumar has consistently maintained the existence and validity of this agreement throughout the proceedings:

"The bilateral agreement between the defendant and the plaintiff is genuine, as demonstrated in the court papers. Amrit Kumar has submitted this agreement multiple times and asserts that there have been no alterations or manipulations made to the content of this document. Any discrepancies, including changes in the text on pages, are attributed to errors made by court staff or glitches in the court's software." (Def.'s Ex Parte Mot. for Recons. of Summ. J. Order, Dkt. 208, p. 9).

The Court's failure to properly consider this evidence raises serious due process concerns and presents a significant issue for appeal:

a) If the bilateral agreement is found to be valid on appeal, it would not only undermine the basis for the current judgment but could potentially make Plaintiff the infringing party rather than Kumar. Moreover, a finding of validity by the

appellate court would likely render all awards and injunctions granted to the Plaintiff moot. This is because the entire premise of the judgment - that Kumar infringed Plaintiff's copyrights - would be invalidated if Kumar had been granted rights to use the content through the bilateral agreement.

b) The Court's dismissal of this critical evidence without proper analysis violates Kumar's right to due process.

c) The apparent inconsistencies in how the agreement was displayed in court documents suggest potential errors in the Court's document processing system rather than any manipulation by Kumar. As Kumar has previously explained:

"The original files submitted to the court by Electronic Document Submission System (EDSS) correctly list the name of MG Premium Ltd. The defendant suggests a bug or glitch in the court system may have resulted in the omission of certain characters in the PDF document. For instance, in Document 25 Filed 08/19/22 Page 50 of 51 Page ID #:391, the name MG Premium Ltd is correctly listed as: 'Legal Entity Name: MG PREMIUM LTD'. However, in Document 157-1 Filed 08/09/23 Page 39 of 39 Page ID#:4810, the name appears distorted: 'Legal Entity ...m...M...R..UM LTD'. This discrepancy appears to be the result of a printing error or a system glitch within the court's document processing system." (Dkt. 208, p. 9-10).

d) The Court's handling of the bilateral agreement evidence, including potential errors in document processing and display, raises questions about the overall fairness of the proceedings.

e) Kumar has provided additional evidence supporting the legitimacy of the bilateral agreement, including recovered chat logs with Mr. Feras Antoon, which were not available earlier in the proceedings. Despite the significance of this new evidence, the Court failed to adequately consider it. (Dkt. 208, p. 11-13).

Defendant Amrit Kumar's Motion To Stay Or For Temporary Stay Of Amended Judgment Pending Appeal

The potential validity of the bilateral agreement casts significant doubt on the entire basis of the judgment against Kumar. This issue alone presents a strong likelihood of success on appeal and warrants a stay of the judgment to prevent irreparable harm while the appellate court reviews this critical evidence. Given the far-reaching implications of the bilateral agreement, including the potential mootness of all relief granted to Plaintiff, it is in the interest of justice to allow for minimal website operations while the case is pending appellate review.

Importantly, Kumar has already demonstrated good faith compliance with the Court's order by removing all content claimed by Plaintiff from his website. This removal significantly mitigates any potential harm to Plaintiff during the appeal process. Given this compliance, allowing limited operation would preserve Kumar's business interests without causing undue harm to Plaintiff, especially considering that if the bilateral agreement is found valid, Kumar may have had the right to use the content all along.

This limited operation, coupled with Kumar's proactive removal of disputed content, strikes a fair balance between respecting the current judgment and preserving Kumar's rights pending appeal. It ensures that if the bilateral agreement is indeed found valid, there will still be a functioning business to which Kumar can restore his rightful operations

**5. DMCA Safe Harbor:** A significant issue for appeal is Kumar's potential eligibility for DMCA safe harbor protection as a service provider. Kumar has a registered DMCA agent with the Copyright Office, maintains a repeat infringer policy, and provides a clear takedown procedure on his website similar to other major service providers like Google, Twitter, and YouTube. Content on the website is user-generated [see exhibit B].

**6. Improper Expansion to Trademark Issues:** Plaintiff appears to be using this copyright case to pursue de facto trademark relief that was not part of the original complaint.

**7. Striking of Well-Reasoned Filings:** Many of Kumar's well-reasoned filings were stricken for procedural reasons rather than on their merits. As a pro se litigant, Kumar should have been afforded more leniency in procedural matters, especially given the complexity of this case.

These issues present substantial questions that could result in reversal or modification of the judgment on appeal.

**B. Kumar Will Suffer Irreparable Harm Absent a Stay**

The irreparable harm to Kumar absent a stay is clear, severe, and ongoing. Goodporn.to, Kumar's primary domain that attracts the majority of traffic, has already been disabled. Every day that this domain remains disabled causes massive, irreparable harm to Kumar's website and business. While Kumar has voluntarily disabled Goodporn.se and other mirror domains in compliance with the Court's order, the continued enforcement of the injunction threatens to permanently destroy Kumar's online presence before he has any opportunity to pursue an appeal.

Moreover, once domain names are transferred or remain disabled for an extended period, it becomes extremely difficult, if not impossible, to recover them and restore lost traffic and search engine rankings, even if Kumar prevails on appeal. The loss of these valuable digital assets and the associated traffic is a quintessential form of irreparable harm. See, e.g., Kremen v. Cohen, 337 F.3d 1024, 1030 (9th Cir. 2003) (recognizing domain names as valuable, protected property).

### C. The Balance of Hardships Favors Kumar

While Kumar faces devastating and irreversible harm from continued enforcement of the injunction, Plaintiff would not be significantly harmed by a stay pending appeal. Kumar has already demonstrated good faith by disabling access to goodporn.to, goodporn.se, and other associated domains in compliance with the Court's order. Plaintiff's copyrighted works are no longer accessible on these sites. A stay would simply allow Kumar to re-enable his domains for minimum website operation such as updating users with information and news about the current status of litigation, while the appeal is pending.

Kumar seeks to limit the website to show updates about its current status during the appeal process, not to resume full operations. This limited use would not harm Plaintiff's interests but would prevent the complete destruction of Kumar's online presence. Besides that, all the contents that Plaintiff claimed to be theirs in the First Amended Complaint, court filings, and DMCA notices have been removed.

### D. A Stay is in the Public Interest

The public interest favors allowing legitimate websites to continue operating while copyright disputes are fully adjudicated, rather than censoring entire domains based on allegations of infringement. The injunction in this case threatens to take down substantial amounts of non-infringing content along with any potentially infringing material. This raises serious First Amendment concerns that warrant careful consideration on appeal before irreversible action is taken.

Furthermore, the unprecedented scope of the injunction in this case could set a dangerous precedent for future copyright litigation against online platforms. Allowing careful appellate review before enforcing such a sweeping remedy serves

the public interest in maintaining a balanced approach to online copyright enforcement.

### E. Plaintiff's Misconduct Weighs in Favor of a Stay

The record reveals a pattern of misconduct by Plaintiff that weighs heavily in favor of granting a stay:

**1.** Plaintiff has engaged in abusive litigation tactics, including attempts to intimidate Kumar's counsel and prevent him from obtaining proper legal representation. As Kumar has previously stated:

"Throughout the course of this litigation, the Plaintiff has repeatedly resorted to scare tactics aimed at discouraging the Defendant's counsel from representing the Defendant. Such maneuvers have been documented in numerous motions by the Defendant to the court, contributing to an environment of fear and intimidation." "Furthermore, Jason Tucker [plaintiff's agent] has made threats against the defendant's attorney in an attempt to terminate their representation. As evidenced in Exhibit F, these actions led to one of the defendant's former lawyers, Casey McKay, terminating their contract with the defendant. These actions appear intended to prevent the defendant from obtaining proper legal representation and effectively defending themselves." (Dkt. 208, p. 15).

**2.** The plaintiff has a history of dishonesty to the court.

"Jason Tucker has a history of presenting false documents to the court, particularly against defendant Amrit Kumar. This misconduct includes tricking Lizette Lundberg and Emilie Brunn into believing that Goodporn.to is a website of the plaintiff and sending DMCA counter notices to Google. This fraudulent action and deception, as detailed in Lizette Lundberg and Emilie Brunn's amended answers, should thoroughly discredit any further declarations made by Jason

Tucker and, by extension, the plaintiff who supervises him." (Def.'s Ex Parte Mot. for Recons. of Summ. J. Order, Dkt. 208, p. 15).

**3.** Plaintiff has repeatedly violated court orders and local rules regarding meet-and-confer requirements and filing deadlines. Despite Kumar having his filings restricted for lack of meet-and-confer and the court issuing an order that all motions must include a meet-and-confer, Plaintiff failed to comply with these requirements without facing similar restrictions on their filings.

**4.** Plaintiff has obstructed Kumar's attempts to pay court-ordered sanctions by refusing to provide proper payment information for MG Premium Ltd. Instead, Plaintiff's counsel, Eric Bjorgum, sent his bank account information. This refusal to provide proper payment information has placed Kumar in an impossible position. The Court ordered Kumar to pay the sanctions amount to the Plaintiff, MG Premium Ltd. However, without proper payment information for MG Premium Ltd, Kumar cannot comply with the Court's order. Sending payment to a third party, such as Plaintiff's counsel's account, could violate the Court's order and potentially subject Kumar to double payment. Kumar requires clear instruction from the Court on how to proceed in light of Plaintiff's refusal to provide the correct payment information.

**5.** Plaintiff insisted on using an incompetent deposition service provider (Veritext) despite known technical issues, then sought sanctions against Kumar for deposition failures that were not his fault. Kumar has previously detailed:

"Amrit Kumar has made every effort to attend each deposition in accordance with court orders, demonstrating a consistent commitment to the legal process. This dedication is meticulously chronicled in the objection report submitted on November 20, 2023 (Document No. 232). Despite these efforts, Kumar faced significant obstacles due to the Plaintiff's insistence on employing Veritext, a

Defendant Amrit Kumar's Motion To Stay Or For Temporary Stay Of Amended Judgment Pending Appeal

company with a notably poor reputation, as evidenced by a 1-star rating on Yelp [refer to Exhibit K]. The failure of Veritext to offer adequate technical support—relying solely on Zoom software without owning or understanding the underlying technology—has severely hindered the deposition process." (Dkt. 258, p. 3 Opp. to Pl.'s Mot. for Default J.).

**6.** Plaintiff's DMCA Notices Were Improperly Served and Formatted: Plaintiff failed to follow Kumar's clearly established DMCA takedown procedure, which is similar to those used by major service providers like Google, Twitter, and YouTube. Instead, Plaintiff sent improperly formatted notices to the wrong person. These notices failed to properly identify the allegedly infringing content as required by 17 U.S.C. § 512(c)(3)(A). **Kumar sent these notices to be processed anyway; however, due to their massive numbers and improper format, the time required for processing them was longer than properly serving a DMCA notice on the designated takedown form. As of now, all of these notices have been processed and the contents removed.** Plaintiff's failure to follow proper DMCA procedures undermines its claims of ongoing infringement.

### F. Bond Should Not Be Required for a Stay

While the Court has discretion to require a bond under Federal Rule of Civil Procedure 62(b), such a requirement is not mandatory and should not be imposed in this case. Several factors weigh against requiring a bond:

**1. Kumar's Status as a Pro Se Litigant:** As a pro se defendant, Kumar lacks the resources typically available to corporate entities or represented parties. Courts have recognized that bond requirements can effectively deny access to justice for pro se litigants. While Rule 62(d) allows an appellant to obtain a stay as a matter of right by posting a supersedeas bond, it does not prohibit the district

court from authorizing unsecured stays in cases it considers appropriate. Courts have recognized that district courts have discretion to grant a stay without requiring a full supersedeas bond in certain circumstances, such as when a full bond would impose an undue financial burden on the appellant. Given Kumar's pro se status and limited financial resources, requiring a full bond would impose an undue burden and potentially deny him access to justice. The Court should exercise its discretion to grant a stay without requiring a bond, as this would not unduly endanger the Plaintiff's interest in ultimate recovery, especially given Kumar's demonstrated good faith compliance with the Court's orders.

**2. Demonstrated Good Faith Compliance:** Kumar has shown good faith by immediately complying with the Court's order to disable his websites. This compliance demonstrates Kumar's respect for the Court's authority and willingness to abide by its rulings, even while pursuing his right to appeal. See Hilton v. Braunskill, 481 U.S. 770, 776 (1987) (noting that courts should consider "whether the applicant has made a strong showing that he is likely to succeed on the merits" and "where the public interest lies" when deciding on stays).

**3. Public Interest Considerations:** This case involves important questions of copyright law and its application to online service providers. Requiring a substantial bond could chill legitimate challenges to potentially overbroad injunctions, contrary to the public interest. As the Supreme Court noted in Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008), courts must consider the public interest when deciding whether to grant injunctive relief. While Winter emphasized national security interests, the principle applies broadly to all cases involving injunctions. Here, the public interest lies in ensuring that copyright enforcement does not unduly restrict legitimate online services or chill free speech. A bond requirement that prevents Kumar from challenging a potentially overbroad

injunction would disserve this public interest by allowing an untested and possibly excessive restriction on online content to remain in place without appellate review.

**4. Severe and Irreparable Harm to Kumar:** Imposing a bond requirement would impose a severe hardship on Kumar, potentially preventing him from obtaining a stay of the judgment pending appeal. While this wouldn't affect Kumar's right to appeal itself, it would cause devastating and irreparable harm to his business interests during the appeal process. The harm is so great that nothing of Kumar's website will remain until the appeal court issues its judgment. This level of harm goes beyond mere financial loss and threatens the very existence of Kumar's online presence and business. Courts have recognized the need to balance the interests of both parties when considering bond requirements for stays pending appeal, particularly when the potential harm to the moving party is severe and irreparable. See, e.g., Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950, 961 (9th Cir. 2007) (discussing the need to balance security interests against the appellant's interests in the context of appeal bonds); see also Homans v. City of Albuquerque, 264 F.3d 1240, 1243 (10th Cir. 2001) (considering the irreparable nature of harm in the context of stays pending appeal).

**5. Limited Risk to Plaintiff with Significant Benefit to Kumar:** While there is a monetary judgment in this case, Kumar's compliance with the injunctive aspects of the judgment significantly reduces any risk to Plaintiff during the appeal process. Moreover, allowing Kumar to minimally operate his website for purposes such as updating users with information and news about the current status of litigation serves to maintain essential online presence without causing harm to Plaintiff, while preventing catastrophic and irreparable damage to Kumar's business interests. Specifically:

Defendant Amrit Kumar's Motion To Stay Or For Temporary Stay Of Amended Judgment Pending Appeal

a. Search Engine Penalties: Keeping the domain completely inactive results in severe penalties from search engines, potentially leading to the permanent removal of the website from their databases. This would cause irreparable harm to Kumar's business, even if he ultimately prevails on appeal.

b. Loss of Backlinks: Many websites will remove their backlinks to Goodporn if the domain remains inactive. These backlinks, earned over several years, are a valuable asset to the website's visibility and ranking. Once lost, they would be extremely difficult, if not impossible, to recover.

c. User Information: By maintaining minimal operation, Kumar can provide current status updates and information about the ongoing litigation to users. This transparency serves the public interest and maintains user trust.

d. DMCA Compliance: Kumar has processed ALL of Plaintiff's DMCA takedown notices, and there is currently no content owned by Plaintiff on Goodporn. This demonstrates Kumar's good faith compliance and significantly mitigates any potential harm to Plaintiff.

e. To ensure that **no new plaintiff content** appears on the website, Kumar will **disable** normal user uploads while the appeal is pending.

f. Preserving Appeal Rights: Keeping the website minimally active ensures that there will be something left of Kumar's business to salvage if he prevails on appeal. Complete shutdown would effectively moot the appeal process by destroying the business before the appeal can be heard.

g. Service Provider Restrictions: The current injunction prevents many companies from providing links or services to Kumar's website. This broad restriction, if left in place during the appeal, would effectively destroy Kumar's online presence and business infrastructure. A stay would allow for the

Defendant Amrit Kumar's Motion To Stay Or For Temporary Stay Of Amended Judgment Pending Appeal

preservation of these essential business relationships and services, ensuring that if Kumar prevails on appeal, there will still be a functional business to resurrect.

h. Balancing Compliance and Preservation: By allowing minimal operation of the website, the Court can balance Kumar's demonstrated willingness to comply with court orders against the need to preserve the subject matter of the appeal. This approach ensures that the appeal process remains meaningful and that Kumar's rights are protected while still respecting the Court's judgment.

Given these factors, maintaining minimal website operation presents no real risk to Plaintiff while preventing devastating and irreparable harm to Kumar. Minimal website operation such as updating users with information and news about the current status of litigation can be maintained without a bond. Kumar seeks only to minimally operate his website to maintain its status, comply with search engine requirements, preserve valuable backlinks and essential services, and prevent the complete destruction of his business interests. This approach balances the interests of both parties and preserves the effectiveness of the appeal process.

## IV. CONCLUSION

For the foregoing reasons, Kumar respectfully requests that the Court stay enforcement of the Amended Judgment pending appeal. At a minimum, the Court should grant a temporary 30-day stay to allow Kumar to seek a stay from the appellate court. A stay would allow Kumar to re-enable his domains for minimum operation, such as updating the current status of the website, and prevent the complete destruction of his online presence while he pursues his appellate rights.

## REQUEST FOR REMOTE HEARING

Defendant Amrit Kumar's Motion To Stay Or For Temporary Stay Of Amended Judgment Pending Appeal

If the Court decides to hold a hearing on this Motion, Kumar respectfully requests that the hearing be conducted remotely via videoconference or telephonic means pursuant to Federal Rule of Civil Procedure 43(a). As an Indian national residing in India, Kumar faces significant challenges in obtaining a visa to travel to the United States, making it extremely difficult for him to attend an in-person hearing. Remote proceedings would ensure Kumar's full and fair participation without prejudicing any party. Moreover, Kumar believes that written submissions are the most reliable and effective way for him to present his arguments and evidence to the Court, given the potential for technical difficulties or language barriers during a live hearing. Kumar respectfully requests that any hearing be conducted through remote means.

Respectfully submitted,

Dated: July 28, 2024

/s/ Amrit Kumar

AMRIT KUMAR

Defendant Pro Se

## DECLARATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing responses are true and correct to the best of my knowledge and belief.

Dated: July 28, 2024

/s/ Amrit Kumar

AMRIT KUMAR

## CERTIFICATE OF SERVICE

I hereby certify that on 07/28/2024, copies of the foregoing document have been sent to all the parties at the following addresses:

KARISH & BJORUGM, PC
A. ERIC BJORGUM
Eric.bjorgum@kb-ip.com
MARC KARISH
Marc.karish@kb-ip.com
119 E. Union Street, Suite B
Pasadena, CA 91103

Emilie Brunn
Emilie.brunn@protonmail.com

Lizette Lundberg
Liz.lundberg@protonmail.ch

Dated: July 28, 2024

/s/ Amrit Kumar

AMRIT KUMAR

601 6th Floor, Rupa Solitare

Millennium Business Park, Plot No. A-1

Mahape, Mumbai

Maharashtra-400710, India

Email: amritkum@proton.me

Defendant Amrit Kumar's Motion To Stay Or For Temporary Stay Of Amended Judgment Pending Appeal

# Exhibit A

## Request for Meet and Confer Session

From    amritkum@proton.me <amritkum@proton.me>

To      Eric Bjorgum<eric.bjorgum@kb-ip.com>

Date    Sunday, July 21st, 2024 at 9:52 PM

Dear Eric,

I am planning to file a motion to stay and would like to schedule a meet and confer to discuss this matter. Please call me at 2250972547 on Monday, 7/22/2024 or Tuesday, 7/23/2024 between 8:00 AM and 6:00 PM IST.

Alternatively, kindly provide your contact number and a convenient time for me to reach you.

Sincerely,

Amrit Kumar

# Exhibit B

**Goodporn.to**

Search

☰

Copyright Infringement Notice

Failure to complete your copyright infringement takedown request correctly or completely may delay its processing or prevent us from processing it.

**Contact information**

First name:*

Last name:*

Company name:

Address:*

Postal code:*

City:*

Phone number:*

+10000000000

Copyright holder you represent:*

select...

Email address:*

Country/Region:*

select...

In order to permit us to verify that your work actually appears at the URLs targeted by your notice, please provide us with information that identifies in sufficient detail the copyrighted work that you believe has been infringed upon.

**Identify and describe the copyrighted work**

(Sample copyright report: "The website showcases unauthorized photographs of a black widow spider with red spots and a black labrador retriever." or "My book "Touch Not This Cat" has been infringed by the site, which includes a text excerpt beginning with 'I came home to find my cat sitting on the kitchen counter.'")

If this notice involves multiple copyright violations, please only include the first one in this box. To report additional infringed works, click the 'Add new URL' link below the text boxes.

Add description here.*

**Where can we see an authorized example of the work?**

(Please supply the URL where a sample of the copyrighted material can be viewed. This will assist our team in confirming that the material is present on the pages you are requesting to have removed.)

Add URL here.*

**Location of infringing material**

Please specify the URL(s) of the claimed infringing content that you request us to remove.

If this notice concerns more than one copyrighted work, please input the URLs for the first work below. Then, click the 'Add a new URL' link below to input infringing URLs related to another infringed work.

Add URL here.*

ADD NEW URL

☐ I have a good faith belief that use of the copyrighted materials described above as allegedly infringing is not authorized by the copyright owner, its agent, or the law. Please check to confirm

☐ The information in this notification is accurate and I swear, under penalty of perjury, that I am the copyright owner or authorized to act on behalf of the owner of an exclusive right that is allegedly infringed. Please check to confirm

**Signature**

Signed on this date of:*

mm / dd / yyyy

Signature:*

You acknowledge that your digital signature is as legally binding as a physical signature.
By clicking on the "Send" button, you agree that:
I have a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.
I declare that the information in this notification is accurate, and under penalty of perjury, I am authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

Please confirm that you are a Human by entering security code from the image below.

☐ I'm not a robot
reCAPTCHA
Privacy - Terms

SEND

Goodporn.to is one of the best places for watching free porn videos and free porn galleries. You can watch or download porns in full HD quality for Free. No registration or membership required.

2020-2024 Goodporn.to All rights reserved.

Located at https://goodporn.to/legal_removal_request.php

13. Digital Millennium Copyright Act ("DMCA") Notice

If you believe that any content on our website infringes upon your copyright, please file a notice of claimed infringement using our designated form.

To file a DMCA notice, please use the following form: Legal Removal Request Form

Designated DMCA Agent Contact Information:

Designated Agent:
Rakesh Acharya
601, 6TH FLOOR, RUPA SOLITAIRE, MILLENNIUM BUSINESS PARK
MUMBAI, 400710
India
Phone: +91 40 7127 9306
Email: goodporn.dmca@proton.me

14. Counter-Notification:

If you believe that your material that was removed or to which access was disabled is not infringing, or that you have the authorization from the copyright owner, the copyright owner's agent, or pursuant to the law, to post and use the material in your content, you may send a counter-notification containing the following information to the Designated Agent:

- Your physical or electronic signature.

- Identification of the material that has been removed or to which access has been disabled and the location at which the material appeared before it was removed or disabled.

- A statement under penalty of perjury that you have a good faith belief that the material was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled.

- Your name, address, telephone number, and email address, a statement that you consent to the jurisdiction of the federal court in your district, or if your address is outside of the United States, for any judicial district in which the service provider may be found, and that you will accept service of process from the person who provided notification of the alleged infringement.

Upon receipt of a counter-notification, we may, at our discretion, restore the material in question.

15. Repeat Infringer Policy:

In accordance with the DMCA and other applicable laws, we have adopted a policy of terminating, in appropriate circumstances and at our sole discretion, users who are deemed to be repeat infringers. We may also, at our sole discretion, limit access to the website and/or terminate the memberships of any users who infringe any intellectual property rights of others, whether or not there is any repeat infringement.

Located at https://goodporn.to/terms/