**KARISH & BJORUGM, PC**
A. ERIC BJORGUM (State Bar No. 198392)
Eric.bjorgum@kb-ip.com
MARC KARISH (State Bar No. 205440)
Marc.karish@kb-ip.com
119 E. Union Street, Suite B
Pasadena, CA 91103
Telephone:  (213) 785-8070
Facsimile:   (213) 995-5010

Attorneys for Plaintiff
MG PREMIUM LTD.

# UNITED STATES DISTRICT COURT
## IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MG PREMIUM LTD, a limited liability company organized under the laws of the Republic of Cyprus,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOES 1-20, d/b/a GOODPORN.TO<br><br>Defendants. | Case No.  2:21-cv-08533-MCS-KK<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S FRCP 62 MOTION TO STAY OR FOR TEMPORARY STAY OF JUDGMENT PENDING APPEAL** |

## I. INTRODUCTION

This current motion by Defendant Amrit Kumar is one more chapter in his campaign to keep his pirate websites operable as long as possible. Kumar has found multiple ways to lose this case, yet he still persists. The Court issued a default judgment against Kumar, prior to which Kumar had two defaults entered against him and he lost on summary judgment. In this Court's July 8, 2024 Order granting a permanent injunction (Dkt. No. 298), this noted that the defaults cut off Kumar's right to file substantive papers, so it struck his opposition to Plaintiff's Motion to Amend the Judgment. Nevertheless, Kumar files this Motion to stay the judgment pending appeal.

In its Amended Judgment (Dkt. No. 299), the Court granted a permanent injunction against Defendants and their agents from a range of infringing activities on the Internet and ordered third parties to block or use reasonable efforts to block access to the "Goodporn Websites" (Goodporn.to and Goodporn.se) within five days of service of the Order.

Within two days of this Order, the registrar of the Goodporn Websites had blocked access to the domains, but Kumar gave a "forwarding address" of GPStatus.org, which he used to direct viewers to a new webpage, Sincity.is. That website was an identical copy of Goodporn.to. Kumar has now (temporarily) stopped using that website, ostensibly so that he can argue that removal of Goodporn.to and Goodporn.se are causing him irreparable harm. The Court should not be persuaded by any of Kumar's tactics. His propensity for infringement shows the injunction should stay in place, and he comes nowhere near meeting the standard for a "strong showing" of the merits of his appeal.

Further, the monetary judgment should not be stayed without a bond. Plaintiff should be allowed to begin collection procedures immediately, given Kumar's failure to pay any of the sanctions or awards against him so far.

For these reasons, and those explained below, Kumar's motion should be denied.

## II.  FACTS

On February 12, 2024, this Court granted Plaintiff's Motion for Default Judgment and entered judgment in favor of Plaintiff MG Premium Ltd. and against Amrit Kumar, Lizette Lundberg, and Emilie Brunn on MG Premium's claims. (Dkt. No. 279.) The judgment provided, *inter alia*, that (i) MG Premium Ltd. shall recover from Amrit Kumar statutory damages in the sum of $2,157,000; (ii) Defendants had no rights to Plaintiff's copyrighted materials; and (iii) Defendants were to pay attorney's fees in the sum of $46,740.

Plaintiff subsequently sought to modify that judgment by seeking an injunction. The Court granted that motion. It also failed to consider Kumar's Opposition, noting in footnote 1:

> As a threshold matter, "[e]ntry of a defendant's default cuts off a defendant's right to appear in an action or to present evidence." *Thompson v. Civil,* No. CV 19-5690- RSWL-AS, 2020 WL 8610841 , at *7 n.8 (C.D. Cal. Aug. 10, 2020) (alteration in original) (internal quotation marks omitted). The Court entered default against Defendants after they failed to appear at the final pretrial conference in this matter. (Default by Clerk, ECF No. 234; *see* Mins., ECF No. 233.) The Court also further entered default against Defendant Kumar as a sanction for his discovery misconduct. (Default by Clerk, ECF No. 263; *see* R. & R., ECF No. 210; Order Accepting R. & R., ECF No. 261.) And the Court previously denied Defendant Kumar's application to vacate the default. (Order Denying Ex Parte Appl., ECF No. 273.) As such, the Court strikes Defendant Kumar's opposition to the instant motion. *See Thompson,* 2020 WL 8610841, at *7 n.8 ("Because Defendant's Motion was filed after the Clerk entered default against Defendant, it must

therefore be stricken." (quoting *Warner Bros. Home Ent. v. Meyers*, No. CV 13-00890-SJO (VBKx), 2013 WL 12142605, at *1 (C.D. Cal. Apr. 24, 2013)).

(Dkt. No. 298 at 1-2, fn.1.)

The injunction awarded by the Court prohibited Defendants and their agents from:

> Hosting, linking to, distributing, reproducing, copying, downloading, uploading, making available for download, indexing, displaying, exhibiting, communicating to the public, streaming, transmitting, or otherwise exploiting or making any use of any of MG Premium's copyrighted works, including the Subject Works, or any portion(s) thereof in any form;

It further prohibited any activity related to infringing Plaintiff's works, as well as aiding and abetting such activity, and included a provision requiring that any third party service providers block access to the Goodporn Websites in the United States. (Dkt. No. 299 at 3-4.) Kumar now seeks to have the judgment stayed under FRCP 62(b) or 62(d).

Kumar's Conduct Since the Injunction

Kumar has brazenly sought to under the Court's Injunction. By July 10, 2024, GoodPorn.se stated that "Goodporn.to domain is down" and directed viewers to "Check GPStatus.org for latest updates." (A printout is attached as Exhibit A to the Bjorgum Declaration.)

On July 10, 2024, the GPStatus.org webpage stated "We have been informed by the goodporn admin that their address has changed" and that "the new address is Sincity.is [sic] Videos will fix in next 24-48 hours." (Bjorgum Decl., Exh. B.) Also on July 10, the Sincity.is page at <https://sincity.is/channels/brazzers> displayed an exact copy of the Goodporn.to Brazzers page and videos and was laid out exactly like the

goodporn.to site, and that it featured Plaintiff's "Brazzers" videos.  (Bjorgum Decl., Exh. C.)

## III.  STANDARD

Kumar's "Notice of Motion" states:

> Defendant Amrit Kumar ("Kumar"), appearing pro se, hereby moves this Court for an order staying enforcement of the Amended Judgment entered on July 8, 2024 (Dkt. No. 299) pending appeal, or in the alternative, for a temporary 30-day stay to allow Kumar to seek a stay from the appellate court. This motion is made pursuant to Federal Rule of Civil Procedure 62(b) and (d) and is based on the following memorandum of points and authorities, the attached declaration of Amrit Kumar, and all files and records in this action.

Fed.R.Civ.P. 62 provides:

> **(b)   Stay by Bond or Other Security.** At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.
>
> **(d)   Injunction Pending an Appeal.** While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

The Court assesses the stay under four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably

injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 425-26, 129 S. Ct. 1749, 1756 (2009); *see also* 12 Moore's Federal Practice - Civil § 62.06.

### III. ARGUMENT

**A. Kumar Does Not Meet The Standard for the Stay of the Injunction**

For the reasons shown below, Kumar does not meet the standard for the discretionary stay of the Injunction..

**1. Kumar Has Not Made a Strong Showing that He Is Likely to Succeed on the Merits.**

In the July 8 Order, the Court succinctly worked through the preliminary injunction factors on the claims for copyright infringement based upon a default judgment. (Dkt. No. 298 at 3-6.) Kumar has not made a "strong showing" that he will prevail on the appeal of that Order. As the Court noted, entry of default cuts off the right to appear, and Kumar's opposition to amend the Judgment was stricken. (Dkt. No. 298 at fn. 1.) He makes no argument here to address that issue. He instead reargues various random points but does not overcome the basic truth that his websites display and distribute materials owned by Plaintiff. He also relies again on the "Bilateral Agreement," which this Court has found to be fake evidence on multiple occasions. (E.g., Dkt. No. 278 at 4 (the bilateral agreement is "a theory the Court roundly rejected at summary judgment given Kumar's failure to establish the reliability or authenticity of the proffered contract.")

**2. Kumar Has Not Shown That He Will Be Irreparably Harmed By The Injunction**

Kumar's argument on irreparable harm is ridiculous and circular.  He essentially claims that his ability to break the law on his webpages is curtailed by taking down the webpages.  (Dkt. No. 304 at 10.)  Obviously, he has no right to break the law in the first place. On the other hand, the Court found that **Plaintiff** had shown irreparable injury because of the unauthorized reproduction and performance of copyrighted works when the unauthorized display undermines the business model plaintiff.  (See Order, Dkt. No. 298, at 3-4 , citing *Disney Ent., Inc. v. Vid Angel*, 869 F.3d 8, (9th Cir. 2017).  Kumar does not even claim that any of the materials on his website are legitimate.

Further, in the July 8 Order, the Court noted that Plaintiff has no adequate remedy of law because none of the Defendants in this matter has paid any of the sanctions or fees ordered against them. (Dkt. No. 298 at 4.)  This is still true to this day -- none of the Defendants have paid any of the sanctions or fees ordered against them.  (Bjorgum Decl., ¶ 5.)

### 3. Kumar Does Not Show The Relative Hardships Are In His Favor.

Addressing the relative hardships, the Court's July 8 Order plainly states that the fact that recordings could be replicated into Infinity for free establishes the distinct hardship. (Dkt. No. 298 at 4 (*citing MGM Studios, Inc. v. Grokster, Ltd.*, 518 F.Supp.2d 1197, 1220 (C.D. Cal. 2007)).  There is no greater hardship to Kumar.

### 4. Kumar Does Not Prevail on the Public Interest Factor

Finally Kumar does not adequately address the public interest factor but the public has an interest in maintaining a system of intellectual property.

Kumar claims that the "First Amendment" requires that he be allowed to infringe.  Again, he has not identified one non-infringing video on the Goodporn pages.  This does not overcome the showing of Plaintiff that the intellectual property system of registration and enforcement is strongly in the public interest; the Court reiterated this point.  (Dkt. No. 298 at 4-7.)

7
OPPOSITION TO MOTION TO STAY

Kumar's argument on irreparable harm is ridiculous and circular.  He essentially claims that his ability to break the law on his webpages is curtailed by taking down the webpages.  (Dkt. No. 304 at 10.)  Obviously, he has no right to break the law in the first place. On the other hand, the Court found that **Plaintiff** had shown irreparable injury because of the unauthorized reproduction and performance of copyrighted works when the unauthorized display undermines the business model plaintiff.  (See Order, Dkt. No. 298, at 3-4 , citing *Disney Ent., Inc. v. Vid Angel*, 869 F.3d 8, (9th Cir. 2017).  Kumar does not even claim that any of the materials on his website are legitimate.

Further, in the July 8 Order, the Court noted that Plaintiff has no adequate remedy of law because none of the Defendants in this matter has paid any of the sanctions or fees ordered against them. (Dkt. No. 298 at 4.)  This is still true to this day -- none of the Defendants have paid any of the sanctions or fees ordered against them.  (Bjorgum Decl., ¶ 5.)

### 3. Kumar Does Not Show The Relative Hardships Are In His Favor.

Addressing the relative hardships, the Court's July 8 Order plainly states that the fact that recordings could be replicated into Infinity for free establishes the distinct hardship. (Dkt. No. 298 at 4 (*citing MGM Studios, Inc. v. Grokster, Ltd.*, 518 F.Supp.2d 1197, 1220 (C.D. Cal. 2007)).  There is no greater hardship to Kumar.

### 4. Kumar Does Not Prevail on the Public Interest Factor

Finally Kumar does not adequately address the public interest factor but the public has an interest in maintaining a system of intellectual property.

Kumar claims that the "First Amendment" requires that he be allowed to infringe.  Again, he has not identified one non-infringing video on the Goodporn pages.  This does not overcome the showing of Plaintiff that the intellectual property system of registration and enforcement is strongly in the public interest; the Court reiterated this point.  (Dkt. No. 298 at 4-7.)

### B. Kumar Should Be Required to Post a Bond

Under FRCP 62(b), Kumar argues that he should be relieved of the requirement to post a bond. The purpose of a supersedeas bond is to protect prevailing parties from the risk of a later uncollectible judgment and compensate them for delay in the entry of final judgment. *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir.1988). It is within the Court's discretion to issue a stay only partially secured or unsecured by bond, though this is reserved for "unusual circumstances." *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 761, 205 U.S. App. D.C. 47 (D.C. Cir. 1980). Issuance of an unsecured stay may be appropriate where (1) the losing party's ability to pay the judgment is so plain that the cost of the bond would be a waste of money and (2) the requirement would put the losing parties other creditors in undue jeopardy. *Pierce v. Santa Maria Joint Union High Sch. Dist.*, No. 211CV09463SVWFMOX, 2013 U.S. Dist. LEXIS 197366, 2013 WL 12174697, at *2 (C.D. Cal. Mar. 27, 2013) (citing *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986)). Relevant factors in determining whether to issue an unsecured stay include:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial position that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Pierce*, 2013 U.S. Dist. LEXIS 197366, 2013 WL 12174697 at *2 (quoting *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988)). The burden lies with the appellant to convince the Court that posting a bond is impracticable and to

propose an alternative plan that would sufficiently protect the appellee's interests. *Abbywho, Inc. v. Interscope Records*, 2008 U.S. Dist. LEXIS 129650, 2008 WL 11406049, at *3 (C.D. Cal. Aug. 25, 2008).

Kumar addresses none of these factors. Instead, he creates his own. But going through the factors here is simple. First, the complexity of collection is unknown since Kumar has never appeared in Court or at all. The amount of time required to obtain judgment after appeal is unknown, but is not unique in this case. The Court should have no confidence that Kumar can pay the judgment -- none of the Defendants has paid anything in this case. (Bjorgum Decl., ¶ 5.) Kumar's ability to pay is certainly not "plain" -- it is unlikely. Kumar states nothing about other creditors.

In short, Kumar should not obtain a stay without a bond. Plaintiff should be able to start collection immediately on Kumar and use all of the tools at its disposal.

## IV. CONCLUSION

For all of the foregoing reasons, Defendant's Motion to Stay Should Be Denied.

Dated: August 7, 2024          KARISH & BJORGUM, PC

By:

_____

A. Eric Bjorgum
Attorneys for Plaintiff
MG PREMIUM LTD.

**PROOF OF SERVICE**

1. At the time of service I was over 18 years of age and **not a party to this action**.
2. My business address is: 119 E. Union Street, Suite B, Pasadena, CA 91103
3. On **August 7, 2024** I served the following document(s):

   1. **PLAINTIFF'S OPPOSITION TO DEFENDANT'S FRCP 62 MOTION TO STAY OR FOR TEMPORARY STAY OF JUDGMENT PENDING APPEAL**

   2. **DECLARATION OF ERIC BJORGUM IOS OPP. TO MOTION TO STAY**

4. These documents were served by email, per agreement of the parties (and a prior Court order allowing email service in this matter (DKT. NO. 22).

> **Amrit Kumar**
> Email: amritkum@proton.me
>
> **Lizette Lundberg**
> Email: liz.lundberg@protonmail.ch
>
> **Emilie Brunn**
> Email: emilie.brunn@protonmail.com
>
> **Yosef Mahmood**
> Email: yosefmahmood@upwork.com

5. The documents were served by the following means (specify):

   a. **By personal service.** I personally delivered the documents to the persons at the addresses listed in Item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

   b. **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in Item 4 and (specify one):

   (1) **deposited** the sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2)     **placed** the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

c.  <u>X</u>     **By Email (by agreement and per Court Minute Order ECF No. 22).**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I further declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

Executed on August 7, 2024 at Pasadena, CA.

<u>/s *A. Eric Bjorgum*</u>
A. Eric Bjorgum